| | |
|---|---|
| 1 | SARAH CARLSON (SBN 344266) |
| | sarah.carlson@dentons.com |
| 2 | DENTONS US LLP |
| | 4655 Executive Drive, Suite 700 |
| 3 | San Diego, CA 92121 |
| | Telephone: 619 236 1414 |
| 4 | Facsimile: 619 232 8311 |
| 5 | SAMUEL D. JUBELIRER (SBN 287649) |
| | samuel.jubelirer@dentons.com |
| 6 | DENTONS US LLP |
| | 1999 Harrison Street, Suite 1300 |
| 7 | Oakland, CA 94612 |
| | Telephone: 415 882 5000 |
| 8 | Facsimile: 415 882 0300 |
| 10 | DEBORAH H. RENNER (*pro hac vice*) |
| | deborah.renner@dentons.com |
| 11 | DENTONS US LLP |
| | 1221 Avenue of the Americas |
| | New York, NY 10020 |
| 12 | Telephone: 212 768 6700 |
| | Facsimile: 212 768 6800 |

Attorneys for Defendant
VESYNC CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICK CHEN, individually and on behalf of all others similarly situated, | Case No. 3:23-cv-04458-TLT |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT VESYNC CORPORATION'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |
| v. | |
| VESYNC CORPORATION, | **[FED. R. CIV. P. 12(B)(1) AND (6)]** |
| Defendant. | |
| | Date: March 19, 2024 |
| | Time: 2:00 PM |
| | Dept: Courtroom 9 - 19th Floor |
| | Judge: Trina L. Thompson |
| | Date Action Filed: August 29, 2023 |

Case No. 3:23-cv-04458-TLT                    REPLY IN SUPPORT OF MOTION TO
                                              DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

|  | Page |
|---|---:|
| INTRODUCTION | 1 |
| ARGUMENT | 2 |
| I. Plaintiff Lacks Article Iii Standing And His Claims Must Be Dismissed Under Rule 12(B)(1). | 2 |
|    A. Plaintiff's Central Allegation Is Contradicted By Documents Properly Before The Court. | 2 |
|    B. Plaintiff Has Not, And Cannot, Allege A Concrete Injury. | 3 |
|    C. Plaintiff Has Not, And Cannot, Allege A Particularized Injury. | 4 |
| II. Plaintiff's Claims Must Be Dismissed Under Rule 12(B)(6) For Failure To State A Claim. | 6 |
|    A. Plaintiff's Allegations About What A Reasonable Consumer Would Have Believed Do Not Pass Muster. | 6 |
|    B. The Fac Fails To Meet The Heightened Pleading Standard Of Rule 9(B). | 8 |
|    C. Plaintiff Fails To Plead The Requisite Intent For His Fraud Claim Or Facts Sufficient To State A Claim For Punitive Damages. | 9 |
|       1. Plaintiff Fails To STATE A Viable Fraud Claim. | 9 |
|       2. Plaintiff's Request For Punitive Damages Must Be Dismissed. | 10 |
| III. The Court Should Reject Plaintiff's "Kick The Can Down The Road" Approach. | 11 |
|    A. Plaintiff Lacks Standing To Sue For Products He Did Not Purchase On Behalf Of Absent Putative Class Members. | 11 |
|    B. Plaintiff Lacks Standing To Sue On Behalf Of A Nationwide Class. | 13 |
| CONCLUSION | 14 |

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*APL Co. Pte. Ltd. V. UK Aerosols Ltd., Inc.*,
  452 F. Supp. 2d 939 (N.D. Cal. 2006) .................................................................................. 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 5, 10

*Ashton v. J.M. Smucker Co.*,
  No. EDCV 20-992-JGB, 2020 WL 8575140 (C.D. Cal. Dec. 16, 2020) ............................... 14

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
  Nos. C-11-2910-EMC, C-11-3164-EMC, 2012 WL 2990766 (N.D. Cal. July
  20, 2012) ............................................................................................................................... 13

*Backus v. General Mills, Inc.*,
  122 F. Supp. 3d 909 (N.D. Cal. 2015) .................................................................................. 12

*Banh v. Am. Honda Motor Co., Inc.*,
  No. 2:19-cv-05984-RGK, 2019 WL 8683361 (C.D. Cal. Dec. 17., 2019) ............................ 14

*Barton v. Pret A Manger (USA) Limited*,
  535 F. Supp. 3d 225 (S.D.N.Y. 2021) ..................................................................................... 6

*Brown v. Food for Life Baking Co., Inc.*,
  658 F. Supp. 3d 732 (N.D. Cal. 2023) .................................................................................. 12

*Brown v. Hain Celestial Grp., Inc.*,
  913 F. Supp. 2d 881 (N.D. Cal. 2012) .................................................................................. 13

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ................................................................................................... 2

*Dyson, Inc. v. Bissell Homecare, Inc.*,
  951 F. Supp. 2d 1009 (N.D. Ill. 2013) .................................................................................... 8

*Fine v. ConAgra Foods, Inc.*,
  No. CV-10-01848-SJO, 2010 WL 11595914 (C.D. Cal. June 29, 2010) ................................ 6

*Gitson v. Trader Joe's Co.*,
  No. 13-cv-01333-WHO, 2014 WL 1048640 (N.D. Cal. Mar. 14, 2014) ............................... 13

*Gutierrez v. Johnson & Johnson Consumer Inc.*,
  No. 19-CV-1345, 2021 WL 822721 (S.D. Cal. Jan. 22, 2021) ............................................... 9

*Hough v. Big Heart Pet Brands, Inc.*,
  No. 19-cv-03613-WHO, 2020 WL 7227198 (N.D. Cal. Dec. 8, 2020) ................................... 6

*Hrapoff v. Hisamitsu Am., Inc.*,
  No. 21-cv-01943-JST, 2022 WL 2168076 (N.D. Cal. June 16, 2022) ................................. 14

*Kasky v. Nike, Inc.*,
  27 Cal. 4th 939 (2002) ............................................................................................................ 7

*Kutza v. Williams-Sonoma, Inc.*,
  No. 18-cv-03534-RS, 2018 WL 5886611 (N.D. Cal. Nov. 9, 2018) ........................................ 8

*Lavie v. Proctor & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) .................................................................................................. 8

*Mancuso v. RFA Brands, LLC*,
  454 F. Supp. 3d 197 (W.D.N.Y. 2020) .................................................................................... 6

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ............................................................................................ 13, 14

*Melendres v. Arpaio*,
  784 F.3d 1254 (9th Cir. 2015) .......................................................................................... 12, 14

*Moore v. Trader Joe's Co.*,
  4 F. 4th 874 (9th Cir. 2021) ..................................................................................................... 7

*Nguyen v. Barnes & Noble Inc.*,
  No. SACV 12-812-JLS, 2015 WL 12766050 (C.D. Cal. Nov. 23, 2015) .............................. 14

*Nunez v. Saks Inc.*,
  771 F. App'x 401 (9th Cir. 2019) .......................................................................................... 14

*Onaka v. Shiseido Americas Corp.*,
  No. 21-cv-10665-PAC, 2023 WL 2663877 (S.D.N.Y. Mar. 28, 2023) ............................... 5, 6

*Rice-Sherman v. Big Heart Pet Brands, Inc.*,
  No. 19-cv-03613-WHO, 2020 WL 1245130 (N.D. Cal. Mar. 16, 2020) ................................. 6

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ................................................................................................. 10

*Sinatro v. Mrs. Gooch's Natural Food Mkts., Inc.*,
  No. 22-cv-03603-TNT, 2023 WL 2324291 (N.D. Cal. Feb. 16, 2023) ............................... 2, 3

*Solis v. Coty, Inc.*,
  No. 22-cv-0400-BAS-NLS, 2023 WL 2394640 (S.D. Cal. Mar. 7, 2023) .............................. 5

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ................................................................................................... 8

*Wilson v. ColourPop Cosmetics, LLC*,
  No. 22-cv-05198-TLT, 2023 WL 6787986 (N.D. Cal. Sept. 7, 2023) ...................................... 4

**<u>Statutes</u>**

Cal. Civ. Code § 3294(a)............................................................................................................. 11

**<u>Other Authorities</u>**

Rule 9 ........................................................................................................................................ 11

Rule 9(b)................................................................................................................................. 1, 9

Rule 12(b)(1) .............................................................................................................................. 2

Rule 12(b)(6) .......................................................................................................................... 6, 8

# INTRODUCTION

Plaintiff's Opposition to Defendant Vesync Corporation's ("Vesync" or "Defendant") Motion to Dismiss the First Amended Complaint ("Opposition" or "Opp.") (Dkt. No. 43) wholly ignores the simple and inconvenient truth that his entire case is based on a mandatory HEPA testing standard that did not exist in 2020 when he allegedly purchased certain air purifiers and filters from Defendant (the "Products"). No amount of future discovery could possibly change this fatal, undisputed fact. Because the existence of such a binding standard is the lynchpin of his claim for injury, the First Amended Complaint ("FAC") (Dkt. No. 15) must be dismissed for lack of Article III standing and for failure to state a claim upon which relief can be granted.

Plaintiff does not attack the relevant testing protocols which Defendant submitted to the Court on its Motion to Dismiss. *See* Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's FAC for Damages and the Exhibits attached thereto ("Motion to Dismiss" or "MTD") (Dkt. No. 25). Those protocols show that there was indisputably no single, mandatory standard for how a personal-use air purifier product labeled "HEPA" had to be tested in order to be referred to as such in 2020. Rather, Plaintiff's apparent tact is to ask the Court to take his allegations as true, even though they are flatly contradicted by Defendant's submission, and to assume such a required testing standard existed solely because one of Defendant's competitors, Dyson, challenged Defendant's HEPA advertising claims before the National Advertising Division ("NAD"). Notably, that challenge went nowhere, so the FAC is not based on a finding of a failure to meet any particular standard, let alone a mandatory one.

Making matters worse, Plaintiff admits that he never saw any testing-related documents or results from Dyson. Nor did Plaintiff even have his own Products tested to try to make some sort of allegation of their purported inadequacy. As to his general allegations that his counsel tested the same model filters that Plaintiff purchased, tellingly, the FAC fails to state the type of testing allegedly performed or the exact results of that testing. Even if the Court were to take Plaintiff's allegations as true, they are woefully lacking, and fail to meet the stringent Rule 9(b) standard that Plaintiff acknowledges applies to all of his claims in this action.

At bottom, Plaintiff asks the Court to turn a blind eye to the deficiencies of his allegations and to allow him to attempt to obtain some unspecified discovery in order to try to frame some sort of viable complaint. That approach is entirely contrary to the Federal Rules of Civil Procedure and must not be permitted. The FAC lacks an actionable claim and must be dismissed with prejudice.

## **ARGUMENT**

### I. PLAINTIFF LACKS ARTICLE III STANDING AND HIS CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(1).

Plaintiff acknowledges that he is attempting to show Article III standing from a purely economic, not physical, alleged injury, namely, that Plaintiff "purchase[d] the Products that [he] otherwise would not have, or would have paid substantially less for, had [he] known [the Products'] true capabilities." FAC ¶¶ 62, 67. The problem with this argument is that it is tied to Plaintiff's conclusory allegations that there was only one HEPA testing standard or protocol in 2020 — which Defendant has shown is false — and that Defendant's Products failed under that standard or protocol. Article III standing must be built on sturdier stuff.

#### A. Plaintiff's Central Allegation Is Contradicted by Documents Properly Before the Court.

Defendant properly requested judicial notice of documents showing that multiple HEPA performance testing standards and protocols existed in 2020 when Plaintiff allegedly purchased the Products. *See* Request for Judicial Notice and the Exhibits attached thereto ("RJN") (Dkt. No. 25-1). Nowhere in his Opposition does Plaintiff deny that multiple testing standards and protocols existed in 2020. Nor does Plaintiff dispute that the documents Defendant submitted evidencing multiple HEPA performance testing standards and protocols are properly considered by the Court in connection with this Motion to Dismiss. While Plaintiff urges the Court to accept his allegations as true, it is well-settled that the Court is "not required to accept as true allegations that contradict . . . matters properly subject to judicial notice." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Plaintiff does not, and cannot, dispute this either.

Rather, relying solely on *Sinatro v. Mrs. Gooch's Natural Food Mkts., Inc.*, No. 22-cv-03603-TNT, 2023 WL 2324291 (N.D. Cal. Feb. 16, 2023), Plaintiff contends that whether there

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

were multiple testing standards is a factual issue that should be resolved after discovery. *See* Opp. at 12.

But *Sinatro*, a slack fill case, was dependent on a factual issue — whether or not dry pasta in a box settles. 2023 WL 2324291, at *13. Here, there is no factual issue to be resolved: multiple testing standards existed in 2020 (as did multiple ways to perform the testing for the relevant standards) and Plaintiff's allegations, all of which rely on the undisputedly false premise that only one (mandatory) standard existed, must fail. *See* RJN, Exs. C and D.

### B. Plaintiff Has Not, and Cannot, Allege a Concrete Injury.

The fact that there were multiple testing standards (and even variances as to how to properly perform the tests within the standards) is key. Because there was no one, mandatory HEPA testing standard or protocol for what a "HEPA"-grade air purifier or filter was when Plaintiff purchased the Products in 2020, or indication that Plaintiff even understood what that term meant, Plaintiff cannot allege that there was any misrepresentation as to whether the Products were HEPA-compliant or not. To make that allegation, he would have to allege that the Products failed every available testing standard at the time, and he has not, and cannot, do so. Thus, Plaintiff lacks standing to bring this action because he has not alleged a concrete injury. *See* MTD at 17-19[1] and the cases cited therein.

The cases upon which Plaintiff relies in support of his contention that he has adequately alleged an economic injury are inapposite or actually support Defendant's position because they either did not involve a demonstrably false foundational fact, as in the instant action, or the court found that the plaintiff failed to sufficiently allege a concrete and particularized injury, as here. *See* Opp. at 10-12 (citing *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837 (N.D. Cal. 2018) (alleging the presence of certain chemicals in the dog food products at issue); *McGee v. S-L Snacks Nat'l*, 982 F.3d 700 (9th Cir. 2020) (affirming trial court's dismissal where plaintiff failed to adequately allege a viable economic injury in connection with the purchase of popcorn products allegedly containing certain ingredients); *Henning v. Luxury Brand Partners, LLC*, No. 22-cv-07011-TNT, 2023 WL 3555998 (N.D. Cal. May 11, 2023) (alleging the presence of a certain chemical in the subject dry

---

[1] Page references to the MTD are to the docketed page numbers at the top right of Document 25.

shampoo products); *In re Plum Baby Litig.*, No. 4:21-CV-913-YGR, 2022 WL 16640802 (N.D. Cal. Jan. 12, 2022) (alleging the inclusion of certain chemicals in the relevant baby foods); *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-cv-00413-TSH, 2021 WL 1788397 (N.D. Cal. May 5, 2021) (alleging that the cleaning products at issue contained particular ingredients that did not come from plants or minerals and had been subject to chemical processing)).

Plaintiff attempts to distinguish *Wilson v. ColourPop Cosmetics, LLC*, No. 22-cv-05198-TLT, 2023 WL 6787986 (N.D. Cal. Sept. 7, 2023) (granting motion to dismiss without leave to amend), arguing that *Wilson* involved speculative allegations and that Plaintiff's allegations here are not speculative because Plaintiff's counsel allegedly tested the Products, as did Dyson. This argument misses the mark. Plaintiff's allegations in the FAC are worse than speculative — they are undeniably wrong as they ignore the fundamental testing standards and well-recognized and permissible derivations thereof. Thus, Plaintiff's counsel's alleged testing under some unspecified standard is neither here nor there, and does nothing to support his position. And Plaintiff's reliance on Dyson's unspecified testing, which Plaintiff does not allege he has ever even seen, is equally unavailing for the same reason. As in *Wilson*, Plaintiff does nothing more than allege in a conclusory manner that his "personal expectations of the [product] [he] purchased are unmet" because he says so. FAC ¶ 9. There was no single, binding HEPA testing standard when Plaintiff allegedly made his purchases in 2020, and he does not allege that he expected the Products to meet all of the applicable HEPA testing standards at the time. Therefore, Plaintiff lacks Article III standing.

**C.    Plaintiff Has Not, and Cannot, Allege a Particularized Injury.**

Plaintiff acknowledges that Article III standing also requires that a plaintiff allege an injury that is not only concrete, but also particularized — that is, traceable to a defendant's conduct and that can be redressed through the courts. Plaintiff misunderstands the well-settled applicable law on this issue. Courts have generally found that, with respect to a purportedly defective product, "'it is not enough for a plaintiff to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather the plaintiff[] must allege that *their* product *actually exhibited* the alleged defect.'" *Solis v. Coty, Inc.*, No. 22-cv-0400-BAS-NLS, 2023 WL 2394640, at *10 (S.D.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1 Cal. Mar. 7, 2023) (internal citation and quotations omitted) (emphasis in the original). The FAC
2 contains no such allegation and, in his Opposition, Plaintiff confirms that no testing was conducted
3 on his specific Products. Opp. at 12. Conceding that his own Products were not tested, Plaintiff
4 attempts to argue that he nonetheless has standing because the FAC alleges that some type of testing
5 was performed on the same type of products as Plaintiff's Products. Opp. at 12-13. However, this
6 argument fails because the purported testing must be described with sufficient detail so as to make
7 it "more than a 'sheer possibility,' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that Plaintiff['s]
8 purchases" were deceptively labeled. *See Onaka v. Shiseido Americas Corp.*, No. 21-cv-10665-
9 PAC, 2023 WL 2663877, at *4 (S.D.N.Y. Mar. 28, 2023). Here, the missing details of the alleged
10 testing that doomed the complaint in *Onaka* are likewise glaringly absent. Merely alleging that his
11 counsel tested "the Core 300 filter" (*see* FAC ¶ 41), Plaintiff does not identify — much less plead
12 with the required specificity — where that filter allegedly came from, the testing methodology
13 utilized, the specific results shown, or how the results of that testing could be applicable to the
14 Products that Plaintiff allegedly purchased. *See* MTD at 19-20 and the case law cited therein.

15 Ignoring the court's express holding in *Onaka* and its clear applicability here, Plaintiff cites
16 to *dicta* from the *Onaka* court in which it cited to another case that observed that "'[a] product
17 defect may be plausibly inferred from the fact that a third-party investigation has revealed defects
18 in the same line of products.'" 2023 WL 2663877, at *5 (citation omitted). Once again, however,
19 Plaintiff flatly tries to mischaracterize what happened in the NAD matter in an apparent attempt to
20 somehow bolster his standing argument. As set forth in detail in the Motion to Dismiss, in that
21 matter, Defendant decided to voluntarily discontinue the challenged advertising claims relating to
22 certain of its products. MTD at 12-13. Defendant did not submit any claims substantiation or
23 opposition to Dyson's NAD challenge. *Id.* at 13. NAD did not conduct any investigation
24 whatsoever into the challenged claims, and did not render any decision on the merits regarding the
25 accuracy or truthfulness of the challenged advertising claims. *Id.*

26 The cases on which Plaintiff purports to rely in support of his contention that he has
27 adequately alleged a particularized injury here do nothing to strengthen his position because, in
28 those cases, the testing method was not at issue, the complaints contained more details regarding

the purported tests than the flimsy FAC does here, or the respective courts did not even address any arguments regarding testing or standing. *See Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613-WHO, 2020 WL 1245130, at *8 (N.D. Cal. Mar. 16, 2020) ("parameters of the independent testing" were not necessary to plead because the allegedly false representation was the absence of certain ingredients in dog food and the testing method was irrelevant); *Hough v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613-WHO, 2020 WL 7227198, at *2-3 (N.D. Cal. Dec. 8, 2020) (same case as above, but with a new putative named plaintiff after the initial plaintiffs dismissed their claims) (adopting and incorporating the order described above, the court also noted that a copy of the actual alleged testing report had now been attached to the complaint); *Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 201 (W.D.N.Y. 2020) (the method of the alleged testing was not relevant); *Fine v. ConAgra Foods, Inc.*, No. CV-10-01848-SJO, 2010 WL 11595914, at *1 (C.D. Cal. June 29, 2010) (no testing issues addressed in case alleging misrepresentations about defendant's purported "reformulated" popcorn product); *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225 (S.D.N.Y. 2021) (no standing issues addressed).

Plaintiff has not, and cannot, identify a particularized injury and, thus, lacks Article III standing.

## II. PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM.

As explained above and set forth in the Motion to Dismiss, at the time that Plaintiff allegedly made his purchases in 2020, there was no mandatory standard or precise protocol for how a personal-use air purifier product labelled "HEPA" had to be tested in order to be described as such. MTD at 11-12 and the Exhibits cited therein. Thus, Plaintiff has failed to allege that Defendant made any false statement or representation about the Products — which is the foundation for each of his claims in this action.

### A. Plaintiff's Allegations About What a Reasonable Consumer Would Have Believed Do Not Pass Muster.

Here, as described above, Plaintiff has utterly failed to allege that Defendant has made any false statement or representation about the Products. While courts have recognized that truthful statements about a product may be actionable under the FAL, UCL, and CLRA, it is well-settled

that, in order to bring a viable claim, a plaintiff must allege that "'members of the public are likely to be deceived,'" as viewed through the lens of the "reasonable consumer," by the allegedly misleading advertisement material. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002) (internal citations omitted). MTD at 23-24.

Plaintiff's contentions about what a "reasonable consumer" would have believed with respect to the alleged representation made about the Products — that they are "HEPA" and have "HEPA-grade filters" — are not shown to be misleading in the slightest. Plaintiff cites to sweeping and wholly conclusory allegations in the FAC that "[t]he HEPA standard claim is a signal to consumers that the product they are purchasing has been construed to exacting standards and is able to provide superlative levels of filtration" and that "the HEPA label provides an 'assurance' to consumers that the [Product] will 'offer[] near certain protection against the transmission of airborne pathogens in the home . . . and [] also filter out pollution caused from events like wildfires, which are growing ever more frequent." *See* FAC ¶¶ 22, 24; Opp. at 19. As an initial matter, the term "HEPA" is defined by the EPA, so Plaintiff's blanket allegations and contentions as to what a consumer would or would not believe are hyperbolic and irrelevant. MTD at 10-11. But critically, here, Plaintiff fails to allege — as he must do to avoid dismissal — that "'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled'" with respect to the above-referenced statements. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (internal citations omitted).

Where a substantial majority of consumers are not likely to be deceived, there is no cognizable cause of action. The few cases that Plaintiff seeks to rely on for support of his "reasonable person" position do not save his claims. Unlike in *Kutza v. Williams-Sonoma, Inc.*, No. 18-cv-03534-RS, 2018 WL 5886611, at *1 (N.D. Cal. Nov. 9, 2018), where the issue was whether it was misleading to say that certain products were "*derived* from natural sources," though the statement may have been true, the FAC contains no such deceptive allegations. Meanwhile, *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 508, 513 (2003) supports Defendant's position as the court there affirmed judgment in favor of the advertiser and rejected arguments that the UCL protects unreasonable expectations. The other case Plaintiff purports to rely on is equally unavailing

because it concerned the use of the word "fruit" — a commonly understood term — in children's snack products. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

Plaintiff's reliance on *Dyson, Inc. v. Bissell Homecare, Inc.*, 951 F. Supp. 2d 1009, 1029–30 (N.D. Ill. 2013) is similarly misplaced. Plaintiff argues that that case, concerning HEPA-labeled vacuum cleaners, involved the same argument as here that there was no one standard for HEPA. Not so. In *Dyson*, which was decided on summary judgment and involved entirely different products and ads than here, Bissell admitted that it did not test the products at issue at all. *Id.* at 1031 ("Bissell admits that it did not base the 2010 Statements on any tests that were performed on the OS Vacuum Cleaners themselves."). The various testing protocols and standards were thus not relevant. Plaintiff also argues that because the *Dyson* court held that the HEPA-related statements were material, they must be so in this case, too. But the issue here on a motion to dismiss, as opposed to the *Dyson* case decided on summary judgment, is whether Plaintiff's claims meet the Rule 12(b)(6) standard, which, as set forth in Defendant's opening papers and herein, they do not, among other reasons, because they fail to plead that a significant portion of reasonable consumers would be misled. MTD at 24.

### B. The FAC Fails to Meet the Heightened Pleading Standard of Rule 9(b).

Plaintiff concedes, as he must, that all of his claims fall under Rule 9(b)'s heightened pleading standard. Opp. at 21. Plaintiff also does not dispute that Rule 9(b) requires that he sufficiently plead "'what' [he] actually viewed or read" and "actual reliance" by the plaintiff on the specifically identified advertisements and/or promotional materials." *Gutierrez v. Johnson & Johnson Consumer Inc.*, No. 19-CV-1345, 2021 WL 822721, at *4-5 (S.D. Cal. Jan. 22, 2021). Indeed, Plaintiff expressly acknowledges in his Opposition — notably, buried in a footnote — that he has not "specifically described" all representations that he allegedly "explicitly reviewed on the date of purchase." Opp. at 21, n.4. This dooms the FAC.

The FAC alleges only that Plaintiff "reviewed and relied on Defendant's warranties and representations about the Products' HEPA-grade filtration capabilities prior to purchasing the Products." FAC ¶ 9. Although Plaintiff lists several allegedly false or misleading statements that the Defendant made about the Products, he does not plead (much less with specificity) which

alleged "warranties and representations" regarding the Products he reviewed or when he allegedly reviewed them. Plaintiff points only to the names of the Products as the one purported misrepresentation upon which he relied and asserts that "[l]ogic dictates that [Plaintiff] read the [statement] on the date he purchased [the Products]." Opp. at 21-22. These bald contentions — that meet none of the express requirements of Rule 9(b) — do not dictate anything and the FAC should be dismissed. MTD at 25-26.

### C. Plaintiff Fails to Plead the Requisite Intent for His Fraud Claim or Facts Sufficient to State a Claim for Punitive Damages.

#### 1. Plaintiff Fails to State a Viable Fraud Claim.

Plaintiff has failed to plead any of the requisite elements of fraud under California law, and nothing in his Opposition changes that fact. *See* Opp. at 23-24. Plaintiff has not alleged that Defendant made any statement or representation that is false with respect to the Products because there was no mandatory testing standard at the time that Plaintiff made his purchases for personal-use air purifiers labeled "HEPA," nor was there one mandatory protocol by which the voluntary standards had to be executed. MTD at 17-18; RJN, Exs. C and D. Plaintiff further fails to allege that Defendant intended to defraud consumers, and makes no allegation that Defendant did not test the Products. MTD at 27-28. Plaintiff's fraud claim is inadequately pled and must be dismissed.

Further, despite the inclusion of several conclusory allegations about the purported concerns of individuals living "across both coasts of the United States" with respect to air quality and pollution (*see* FAC ¶¶ 6, 14, 15; Opp. at 24), the FAC does not contain any allegations sufficient to demonstrate that Plaintiff "justifiably relied" on the term "HEPA" in connection with the Products to mean that the Products have met any specific testing standard or protocol, let alone a non-existent mandatory one. Moreover, Plaintiff has failed to allege that he has been injured by Defendant's conduct such that he is entitled to any damages. As described above and in the Motion to Dismiss, Plaintiff alleges that he has suffered a purely economic injury, but fails to make any allegations that the Products he actually purchased exhibited an alleged defect. *See* FAC ¶¶ 3, 9, 37-44; MTD at 19. Indeed, Plaintiff does not allege dissatisfaction with the performance of his purchased Products or that they failed to perform as advertised.

In his Opposition, Plaintiff spends two pages contending that purported "circumstantial evidence" somehow "lends credence" to the allegations in the FAC, transforming them into viable allegations that might possibly support the requisite elements of fraud under California law. Opp. at 23-24. But Plaintiff misstates the applicable law, which requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *see also APL Co. Pte. Ltd. v. UK Aerosols Ltd., Inc.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006) ("[P]laintiff is required to state a viable claim at the outset, not allege deficient claims and then seek discovery to cure the deficiencies."). Plaintiff's wholly impermissible attempt to use the bare-bones FAC as some type of fishing expedition in an ill-fated effort to find some claim that might possibly stick must be denied. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. … '[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility.'" (internal citations omitted)).

### 2. Plaintiff's Request for Punitive Damages Must Be Dismissed.

Plaintiff does nothing more than include two throw-away sentences at the end of his Opposition in an effort to try to save his claim for punitive damages. However, Plaintiff fails to reference the applicable California Code section providing that punitive damages are only available under California law when a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice[.]" Cal. Civ. Code § 3294(a). Here, Plaintiff does not even attempt to allege oppression or malice, nor could he. *See generally* FAC. And, as described above and in the Motion to Dismiss, Plaintiff has not adequately pled fraud under Rule 9. MTD at 27-28. Accordingly, Plaintiff's claim for punitive damages is wholly unsupported by the allegations in the FAC and must be dismissed.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

## III. THE COURT SHOULD REJECT PLAINTIFF'S "KICK THE CAN DOWN THE ROAD" APPROACH.

Plaintiff contends that the Court should not consider the fact that he makes allegations relating to products he did not purchase and for a putative class outside of California. Opp. at. 14-18. But there is no reason to wait to dismiss these deficient allegations because, as previously indicated, Plaintiff's deficiencies are uncurable. MTD at 20-23.

### A. Plaintiff Lacks Standing to Sue for Products He Did Not Purchase on Behalf of Absent Putative Class Members.

Even if the Court were to find that Plaintiff had standing to bring claims regarding the Products that he allegedly purchased, Plaintiff does not have Article III standing to sue for products that he does not allege he purchased.

In his Opposition, Plaintiff contends that he does have such standing because the FAC purportedly "adequately alleges the [non-purchased products and the purchased Products] are substantially similar because Defendant uses the same substandard filter material in all of the [p]roducts" and because all such products are "advertised as 'HEPA.'" Opp. at 8, 14-16. However, once again, there was no one, mandatory HEPA testing standard for what a "HEPA"-grade air purifier or filter was when Plaintiff purchased the Products, nor was there one particular protocol even within the standards. *See* MTD at 17-18; RJN, Exs. C and D. Plaintiff cannot rely on a non-existent standard to support his position that the purchased Products and non-purchased products are "substantially similar." Indeed, the FAC expressly alleges a multitude of different alleged (mis)representations pertaining to the various products included in the FAC. *See* FAC ¶¶ 30, 31 (listing 17 total alleged representations). Thus, even under Plaintiff's flawed argument, the FAC makes clear that the allegedly purchased products and the unpurchased products are not "substantially similar."

Plaintiff fails to address, much less distinguish, any of the cases cited by Defendant with respect to this critical issue. *See* MTD at 21. And the cases Plaintiff cites in his Opposition are unavailing because they concern situations where a common policy was applied across situations, where a common ingredient was used across products, or where there was a common omission. *See*

Opp. at 14-16. *See Melendres v. Arpaio*, 784 F.3d 1254, 1263 (9th Cir. 2015) (In putative civil rights class action, the court found that the named plaintiff's claims did not "'implicate a significantly different set of concerns' than the unnamed plaintiffs' claims" because the case challenged the same unconstitutional types of traffic stops made during two different kinds of "patrols," but the defendant's policies had "been applied to both situations."); *Backus v. Gen. Mills, Inc.*, 122 F. Supp. 3d 909, 924 (N.D. Cal. 2015) (In putative class action addressing the presence of any amount of trans fats in multiple baking mix products, the court found that the allegedly purchased and non-purchased products were "sufficiently similar" because, by definition, all of them contained trans fats," which was the singular issue in the action); *Brown v. Food for Life Baking Co., Inc.*, 658 F. Supp. 3d 732, 741 (N.D. Cal. 2023) (plaintiffs challenged the "nutrition facts panel" contained on the boxes of defendants' products that "uniformly and consistently" failed to provide any statement of the correct amount of protein per serving as required by the FDA); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, Nos. C-11-2910-EMC, C-11-3164-EMC, 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012) (involved the same alleged misrepresentation ("All Natural") with respect to one type of product (ice cream)); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 892 (N.D. Cal. 2012) (plaintiff challenged "identical" mislabeling of defendant's cosmetic products as "organic" despite not satisfying the definition under federal law); *Gitson v. Trader Joe's Co.*, No. 13-cv-01333-WHO, 2014 WL 1048640, at *9 (N.D. Cal. Mar. 14, 2014) (allegations that food products were "illegally mislabeled as a matter of law because the labels fail[ed] to disclose something required by a statute or regulation").

Here, there is nothing allegedly common between the Products and other unpurchased products. The only tie that Plaintiff alleges is that these products did not meet an unspecified HEPA testing protocol at some undefined point in time. Moreover, the FAC alleges in conclusory fashion only that Plaintiff's counsel tested the unpurchased 300S Product (*see* ¶ 43) while Dyson purportedly tested the unpurchased EverestAir® Product (*see* ¶ 44). And even the unspecified HEPA testing protocol utilized in connection with these two different types of products could very well have been different. Accordingly, the Court must dismiss all of Plaintiff's purported claims based on products that Plaintiff does not allege he actually purchased.

### B. Plaintiff Lacks Standing to Sue on Behalf of a Nationwide Class.

Plaintiff does not have standing to sue on behalf of a nationwide class, and the Court can and should make that determination now. MTD at 22-23. This case contains allegations brought solely under California law by a California plaintiff. Under these circumstances, it is well-settled that allegations regarding a putative nationwide class have no basis. *Id*.

Plaintiff does not dispute that the FAC contains no allegation that he was injured by Defendant's purported conduct outside of the state of California. *See* Opp. at 16. Nor does Plaintiff even attempt to assert that California has any interest in adjudicating the claims of non-California resident putative class members, stating only in a wholly conclusory manner that "California has an interest in regulating conduct that occurred and emanated from this state." *Id*. Regardless, Ninth Circuit precedent squarely forecloses any such justification. In *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 593–94 (9th Cir. 2012), *overruled in part on other grounds by Olean Wholesale Grocery Coop. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022), the Ninth Circuit held as a matter of law that, among other things, "if California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce," and that "foreign states [where purchasers saw the offending advertisements] have a strong interest in the application of their laws." *See also* MTD at 22.

In an effort to try to draw the Court's attention away from the Ninth Circuit's express holding in *Mazza*, Plaintiff simply ignores the multiple California federal cases cited by Defendant in which the respective courts all dismissed putative nationwide class actions at the pleading stage, rather than waiting for class certification. *See* MTD at 23. And the cases cited by Plaintiff do nothing to bolster the argument that the Court should wait to address this critical standing issue. *See Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-cv-05984-RGK, 2019 WL 8683361, at *1 (C.D. Cal. Dec. 17., 2019) (involving 15 out of state putative named plaintiffs in addition to a California plaintiff); *Nguyen v. Barnes & Noble Inc.*, No. SACV 12-812-JLS, 2015 WL 12766050, at *4 (C.D. Cal. Nov. 23, 2015) (defendant's opposition to plaintiff's class certification was already pending at the same time as defendant's motion to dismiss, so there was no need for the court to address the same issue contained in both briefs twice): *Melendres*, 784 F.3d at 1258-59 (no nationwide class

1 allegations); *Hrapoff v. Hisamitsu Am., Inc.*, No. 21-cv-01943-JST, 2022 WL 2168076, at *1 (N.D. Cal. June 16, 2022) (involving out of state putative named plaintiffs in addition to a California plaintiff); *Ashton v. J.M. Smucker Co.*, No. EDCV 20-992-JGB, 2020 WL 8575140, at *15-16 (C.D. Cal. Dec. 16, 2020) (involving out of state putative named plaintiff in addition to a California plaintiff and implicating a "fact intensive" choice-of-law inquiry); *Nunez v. Saks Inc.*, 771 F. App'x 401 (9th Cir. 2019) (no nationwide class allegations). Simply put, the Court should do what numerous federal courts in this state have done and dismiss the putative nationwide class action claims contained in the FAC now, without further delay.

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendant's Motion to Dismiss and accompanying briefing, the FAC should be dismissed in its entirety and with prejudice.

Dated: February 20, 2024

DENTONS US LLP

By: */s/ Sarah Carlson*
Sarah Carlson

Sarah Carlson (SBN 344266)
Deborah Renner (*pro hac vice*)
Samuel D. Jubelirer (SBN 287649)

DENTONS US LLP
sarah.carlson@dentons.com
deborah.renner@dentons.com
samuel.jubelirer@dentons.com

Attorneys for Defendant
VESYNC CORPORATION