UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VESYNC CORPORATION,<br><br>　　　　　Defendant. | Case No. 23-cv-04458-TLT (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 49 |

　　　　　This order resolves the parties' discovery dispute at dkt. 49, in which Vesync seeks a court order to quash Plaintiff's subpoena to non-party Dyson, Inc., and issue a protective order. The subpoena seeks documents related to third-party product testing submitted by Dyson to the National Advertising Division (NAD) of the Better Business Bureau, as part of a challenge filed against Vesync in 2023.[1] Vesync contends that the test results are confidential, covered by the mediation privilege, and not relevant to Plaintiff's claims. The Court denies Vesync's request to quash the subpoena for the following reasons.

　　　　　Relevance and Burden

　　　　　Plaintiff's original subpoena was included as an attachment to the parties' joint letter. *See* Dkt. 49-1 (Attachment A), Ex. 2 at 42–46. Plaintiff "agreed to narrow the scope of the request to just the applicable test reports." Dkt. 49 at 5. Accordingly, the Court will consider only the issue of the test results. Vesync also contends these records lack relevance because Plaintiff's claims are directed to products purchased "years before the NAD proceeding."

---

[1] Dkt. 49 at 1; *see Vesync Co., Ltd. (HEPA Air Purifiers)*, Report #7222, NAD/CARU Case Reports (August 2023). Vesync "voluntarily discontinued the challenged claims" and thus the "test results were never reviewed, analyzed, or scrutinized by the NAD." Dkt. 49 at 1.

*Id.* At 3 (emphasis omitted).

The party seeking discovery must establish relevance. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015).  Plaintiff's claims invoke California consumer protection laws for "false and misleading statements" and "omissions" regarding certain of Vesync's products.  Dkt. 15 ¶¶ 75, 84, 94.  Plaintiff purchased a Levoit Core 300 True HEPA Filter Air Purifier on September 27, 2020, and a replacement filter on December 31, 2020.  *Id.* ¶ 9.  Plaintiff also alleges that these same products failed to meet the HEPA standard until "at least August 4, 2023."  *Id.* ¶ 25.  Plaintiff argues that the test results are relevant because they are directed to "the very same air purifier models that are the subject of this case."  Dkt. 49 at 5.  Vesync represents that it "voluntarily discontinued the challenged advertising statements" in 2023, and Plaintiff represents that it is "likely that Defendant changed over to HEPA-grade filters after the NAD decision was published" on August 4, 2023.  *Id.* at 3, 5; Dkt. 15 (Ex. A) at 22.  Relatedly, Plaintiff argues that "there are few air purifiers manufactured before the NAD decision [that are] available for sale" and thus that may be tested.  Dkt. 49 at 5.  The test results are probative of Vesync's products' performance and changes in performance thereof, by date of manufacture, in view of the products' representations, which Plaintiff is challenging.  The class size and "applicable statutory period" (dkt. 15 ¶¶ 45, 46) may reasonably depend on a purchase date or date of manufacture as well as filtration performance of a product relative to the representations made for that product.  The test results at issue are, therefore, relevant to these aforementioned issues and Plaintiff's claims.

Turning next to burden, to the extent Vesync is challenging proportionality, the Court finds that the benefits of the test result's probative value outweigh any prejudice or expense to Vesync.  The Court finds the testing relevant and proportional to the needs of the case.

2

*See* Fed. R. Civ. P. 26(b)(1).

Mediation Privilege

Vesync asserts privilege and thus bears the burden in establishing that it applies. *See Wimsatt v. Superior Ct.*, 152 Cal. App. 4th 137, 160 (2007). Because Plaintiff alleges state law claims, privilege is governed by California law. *See* Fed. R. Evid. 501. Section 1119(a) of the California Evidence Code prohibits admission or discovery of "evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation." Cal. Evid. Code § 1119(a); *see also* § 1119(b) (for "writings"). The privilege applies "where the writing, or statement would not have existed but for a mediation communication, negotiation, or settlement discussion." *Wimsatt*, 152 Cal. App. 4th at 160; *see Rojas v. Superior Ct.*, 33 Cal. 4th 407, 418 n.5 (2004).

First, Vesync contends that the test results were submitted in connection with the NAD proceedings, which are "plainly a 'mediation.'" Dkt. 49 at 2. There is no indication or representation that the actual documents (i.e., the test results) or the submission to the NAD memorialized that the test results were subject to a mediation privilege. Therefore, there is no evidence of intent that, at the time of the NAD proceeding, the mediation privilege was invoked. Instead, the mediation privilege is only now being invoked a year later in support of the present motion to quash discovery.

Second, the parties dispute whether the NAD proceeding is a mediation. Section 1115(a) of the California Evidence Code states that "'[m]ediation' means a process in which a neutral person or persons facilitate communication between the disputants to assist them in reaching a mutually acceptable agreement." Cal. Evid. Code § 1115. The Declaration of Laura Brett states that the NAD proceeding is "similar to forms of dispute resolution including arbitration and mediation" in terms of confidentiality but differs because "NAD

3

decisions are made public with a press release." Dkt. 49-1, Brett Decl. ¶ 12. While NAD is a neutral third party, NAD issues a final decision rather than assisting the participants in "reaching a mutually acceptable agreement." Cal. Evid. Code § 1115.[2] The Court is not persuaded here that the NAD proceeding was a mediation.

Third, even if the NAD proceeding could properly be considered a mediation, the testing was not conducted for the purpose of the NAD proceeding, as confirmed by Dyson's counsel. Dkt. 49 at 5. The testing occurred prior to the NAD proceedings, and Plaintiff represents that only after Dyson obtained the results and weighed other options did it decide to initiate the NAD challenge. *Id*. This suggests the opposite of the *but for* requirement—the NAD proceeding would not have occurred *but for* the test results. The requirements of Section 1119 are not satisfied here. Cal. Evid. Code § 1119

Based on the foregoing, the Court finds that the mediation privilege does not apply.

Confidentiality

Finding that the testing is relevant, and the mediation privilege does not apply to bar discovery, the Court now considers the confidentiality of the test results. A party seeking to protect documents from disclosure must assert "good cause," and has the burden to show "that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Here, Plaintiff's subpoena seeks documents submitted to the NAD proceeding, which are confidential under NAD rules. *See* NAD Procedures § 2.1(H). Good cause exists in this instance, and a protective

---

[2] *See* Dkt. 49-3 (NAD Procedures) § 3.6 ("NAD will formulate its decision on the truth and accuracy of the claims at issue; prepare the final case decision . . .").

order would address Vesync's legitimate confidentiality interests.[3]

Conclusion

The parties have represented they are already discussing a protective order.  *See* dkt. 52.  Therefore, by **April 16, 2024**, the parties are directed to meet and confer and jointly submit a protective order in compliance with the undersigned's Civil Standing Order.

Once a protective order is approved by the Court, third-party Dyson shall respond to the subpoena as modified by Plaintiff to include only the test results produced in connection with the 2023 NAD proceeding and consistent with the provisions of the to-be-approved protective order.

**IT IS SO ORDERED.**

Dated: April 9, 2024

_____
Alex G. Tse
United States Magistrate Judge

---

[3] *See Prescott v. Reckitt Benckiser LLC*, 2021 WL 3373194, at *2 (N.D. Cal. Aug. 3, 2021) (recognizing that a producing party's "confidentiality interests can be protected by invoking the provisions of the protective order [], so that individual plaintiffs, the public, and [] competitors do not have access to the communications").