1  SARAH CARLSON (SBN 344266)
   sarah.carlson@dentons.com
2  DENTONS US LLP
   4655 Executive Drive, Suite 700
3  San Diego, CA 92121
   Telephone:    619 236 1414
4  Facsimile:    619 232 8311

5  DEBORAH H. RENNER (*pro hac vice*)
   deborah.renner@dentons.com
6  DENTONS US LLP
   1221 Avenue of the Americas
7  New York, NY 10020
   Telephone:    212 768 6700
8  Facsimile:    212 768 6800

9  GRANT J. ANKROM (*pro hac vice*)
   MICHAEL E. HARRISS (*pro hac vice*)
10 grant.ankrom@dentons.com
   michael.harriss@dentons.com
11 DENTONS US LLP
   101 S. Hanley Rd., Suite 600
12 St. Louis, MO 63105
   Telephone:    314 241 1800
13 Facsimile:    314 259 5959

   SAMUEL D. JUBELIRER (SBN 287649)
   samuel.jubelirer@dentons.com
   DENTONS US LLP
   1999 Harrison Street, Suite 1300
   Oakland, CA 94612
   Telephone:    415 882 5000
   Facsimile:    415 882 0300

   ABIGAIL M. DOCKUM (*pro hac vice*)
   abby.dockum@dentons.com
   DENTONS US LLP
   2398 E. Camelback Road, Suite 850
   Phoenix, AZ 85016
   Telephone:    602 508 3900
   Facsimile:    602 508 3914

14 Attorneys for Defendant
   VESYNC CORPORATION

15

16            **UNITED STATES DISTRICT COURT**

17            **NORTHERN DISTRICT OF CALIFORNIA**

18            **SAN FRANCISCO DIVISION**

19

| | |
|---|---|
| 20 RICK CHEN and MINDY AIELLO, individually and on behalf of all others similarly situated, | Case No. 3:23-cv-04458-TLT |
| 21          Plaintiffs, | **DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED** |
| 22   v. | **CLASS ACTION COMPLAINT FOR DAMAGES AND MEMORANDUM IN** |
| 23 VESYNC CORPORATION, | **SUPPORT** |
| 24          Defendant. | [Fed. R. Civ. P. 12(b)(6)] |
| 25 | Date:    December 10, 2024<br>Time:    2:00 p.m. |
| 26 | Dept:    Courtroom 9 - 19th Floor<br>Judge:   Trina L. Thompson |
| 27 | Date Action Filed: August 29, 2023 |

28

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>NOTICE OF MOTION AND MOTION</u>

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2024, or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 9, 19th Floor, San Francisco, California 94102, the Honorable Trina L. Thompson presiding, Defendant Vesync Corporation d/b/a Levoit ("Levoit") will and hereby does move the Court to dismiss Plaintiffs Rick Chen and Mindy Aiello's ("Plaintiffs") Second Amended Class Action Complaint (the "Motion").

The Motion is brought under Federal Rule of Civil Procedure 12(b)(6), in that the Second Amended Complaint fails to state a claim upon which relief can be granted, as more fully set forth in the accompanying Memorandum of Points and Authorities.

The Motion is based on this Notice, the accompanying Memorandum of Points and Authorities and such other and further evidence and argument that may be presented at the hearing on this Motion.

Dated: September 17, 2024

DENTONS US LLP

By: ___*/s/ Sarah Carlson*___
       Sarah Carlson
Attorneys for Defendant
VESYNC CORPORATION

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................1

FACTUAL BACKGROUND ................................................................................................2

LEGAL STANDARD ...........................................................................................................4

ARGUMENT ........................................................................................................................4

I.       PLAINTIFFS DO NOT ALLEGE A MISREPRESENTATION. ...........................4

II.      NO REASONABLE CONSUMER WOULD INTERPRET LEVOIT'S HEPA
         CLAIM TO MEAN ANYTHING OTHER THAN 99.97% EFFICIENCY AT 0.3
         MICRONS. .............................................................................................................8

III.     THERE IS NO PRIVATE RIGHT OF ACTION FOR SUBSTANTIATION. .......11

IV.      BECAUSE PLAINTIFFS HAVE ALREADY FILED THREE COMPLAINTS,
         THE SAC SHOULD BE DISMISSED WITH PREJUDICE. ..............................12

CONCLUSION ...................................................................................................................12

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1

2

**Cases**

3

4    *Ashcroft v. Iqbal*,
          556 U.S. 662 (2009) .................................................................................................... 4

5

6    *Austin v. One Legal LLC*,
          No. 3:22-cv-360-TLT, 2023 WL 8121410
          (N.D. Cal. Jan. 24, 2023) ......................................................................................... 12

7

8    *Becerra v. Dr Pepper/Seven Up, Inc.*,
          945 F.3d 1225 (9th Cir. 2019) ................................................................................... 8

9    *Bell Atl. Corp. v. Twombly*,
          550 U.S. 544 (2007) .................................................................................................... 4

10

11   *Bobo v. Optimum Nutrition, Inc.*,
          No. 3:14-cv-2408, 2015 WL 13102417
          (S.D. Cal. Sept. 11, 2015) ....................................................................................... 8, 9

12

13   *Brady v. Bayer Corp.*,
          26 Cal. App. 5th 1156 (2018) .................................................................................... 8

14

15   *Carrea v. Dreyer's Grand Ice Cream, Inc.*,
          475 F. App'x 113 (9th Cir. 2012) ........................................................................... 8, 9

16

17   *Castagnola v. Hewlett-Packard Co.*,
          No. 3:11-cv-5772-JSW, 2012 WL 2159385
          (N.D. Cal. June 13, 2012) .......................................................................................... 9

18

19   *City of Los Angeles v. San Pedro Boat Works*,
          635 F.3d 440 (9th Cir. 2011) .................................................................................... 12

20

21   *Destfino v. Reiswig*,
          630 F.3d 952 (9th Cir. 2011) .................................................................................... 12

22   *Dinan v. Sandisk LLC*,
          No. 5:18-cv-5420-BLF, 2019 WL 2327923
          (N.D. Cal. May 31, 2019) .......................................................................................... 9

23

24   *Ebner v. Fresh, Inc.*,
          838 F.3d 958 (9th Cir. 2016) ..................................................................................... 8

25

26   *Felice v. Guardian Techs. LLC*,
          No. 23-CV-04685-MMC, 2024 WL 3642187
          (N.D. Cal. July 30, 2024) .............................................................................. 2, 3, 7, 8

27

28

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

*Fraker v. Bayer Corp.*,
    No. 1:08-cv-1564, 2009 WL 5865687
    (E.D. Cal. Oct. 6, 2009) ................................................................................................ 11, 12

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) ...................................................................................................... 8, 9

*Hawkins v. Shimano N. Am. Bicycle Inc.*,
    --- F. Supp. 3d ---, 2024 WL 2105596
    (C.D. Cal. Apr. 12, 2024) .......................................................................................................... 5

*McGinity v. Procter & Gamble Co.*,
    69 F.4th 1093 (9th Cir. 2023) ................................................................................................. 10

*Moore v. Trader Joe's Company*,
    4 F.4th 874 (9th Cir. 2021) ................................................................................................ 10, 11

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*,
    107 Cal. App. 4th 1336 (2003) .............................................................................................. 11

*Prescott v. Rite Aid Corp.*,
    667 F. Supp. 3d 1011 (N.D. Cal. 2023) ................................................................................... 8

*Swafford v. Int'l Bus. Machines Corp.*,
    408 F. Supp. 3d 1131 (N.D. Cal. 2019) ................................................................................... 5

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
    83 F. Supp. 3d 855 (N.D. Cal. 2015) ...................................................................................... 5

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) .................................................................................................. 4

*Yamasaki v. Zicam LLC*,
    4:21-cv-2596-HSG, 2021 WL 4951435
    (N.D. Cal. Oct. 25, 2021) ....................................................................................................... 11

**Rules**

Fed. R. Civ. Pro. 12(b)(6) ................................................................................................................ 4

**Statutes**

Cal. Bus. & Prof. Code
    § 17200 ............................................................................................................................... 4, 5, 8
    § 17500, *et seq.* ................................................................................................................. 4, 5, 8

Cal. Civ. Code
    § 1750, *et seq.* ....................................................................................................................... 4, 8
    § 1770 ....................................................................................................................................... 5

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In their Second Amended Complaint (ECF No. 81 ("SAC")), Plaintiffs for the first time allege details relating to their purported testing that serves as the basis for their contention that Levoit's "HEPA" advertising claims were false. Specifically, Plaintiffs allege that their testing shows that Levoit's air filters allegedly captured less than 99.97% of 0.0340-micron particles and 0.1-micron particles.[1] But there is a glaring problem: Plaintiffs do not (and cannot) allege that Levoit ever made any representations concerning its filters' ability to capture particles at 0.0340-micron and 0.1-micron particles. Indeed, Plaintiffs themselves allege that "to be called a HEPA filter, the filter must capture at least 99.97% of dust, pollen, mold, bacteria, and other airborne particles with a size of *0.3-microns*" and admit that they relied on Levoit's representations that its filters met that precise standard. In other words, Plaintiffs do not plead any facts that plausibly show that Levoit's *actual* HEPA representations were false[2] or that any reasonable consumer could have been misled.

As Plaintiffs acknowledge in the SAC, the term "HEPA" lacks a definitive definition, and is often defined in different ways. In its advertising, however, Levoit was clear in what its "HEPA" representations meant because its advertising repeatedly, consistently, and precisely stated that its air filters captured at least 99.97% of 0.3-micron airborne particles, as noted in the SAC more than a dozen times. *See* SAC ¶¶ 11(e), 11(f), 11(g), 11(i), 13(c), 13(d), 37(b), 37(c), 37(d), 37(g), 37(h), 38(e), 38(f), 38(g), 38(i), Figure 6, Figure 7. In fact, now that Plaintiffs have alleged, as they must, the specific representations on which they relied, it is clear that both Plaintiffs Chen and Aiello saw and relied upon these specific and precise representations. Nevertheless, Plaintiffs entirely fail to plead that those statements were false because Plaintiffs do not allege any facts at all regarding the efficiency of Levoit's filters at 0.3 microns. In this regard, Plaintiffs' allegations are just like those asserted in another case filed in this District by the same

---

[1] Levoit disputes the veracity of even these allegations, but for purposes of this Motion takes Plaintiffs' allegations as true, as it must.

[2] To the contrary, Levoit's claims were substantiated.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1  counsel that recently was dismissed with prejudice because the plaintiffs failed to allege that any

2  representation *actually made* by the air-purifier manufacturer was false or misleading. *See Felice*

3  *v. Guardian Techs. LLC*, No. 23-CV-04685-MMC, 2024 WL 3642187 (N.D. Cal. July 30, 2024)

4  (Chesney, J.). For the same reasons, this case must also be dismissed for failure to plead a

5  misrepresentation.

6          The SAC also fails to satisfy the "reasonable consumer" standard applicable to Plaintiffs'

7  statutory claims for similar reasons. Given that Levoit specifically and conspicuously advertised

8  what it meant by its HEPA representations, *i.e.* capturing 99.97% of 0.3-micron airborne

9  particles, no reasonable consumer could have interpreted the "HEPA" claims to mean anything

10 different—and certainly not to mean 99.97% efficiency at 0.0340 or 0.1 microns, which are

11 particle sizes never referred to in any of Levoit's advertising. Given Levoit's regular, consistent,

12 and precise representations in its advertising, any such interpretation would be unreasonable and

13 fanciful, and cannot give rise to a false advertising claim.

14         Finally, to the extent Plaintiffs allege that Levoit lacked substantiation for its HEPA

15 claims, they not only cannot state a claim on that basis, but they know that allegation is false.

16 There is no cause of action for private litigants for lack of substantiation for an advertising claim;

17 rather, private plaintiffs must affirmatively plead that the advertising claim is false.

18         At this juncture, Plaintiffs have been given wide latitude, having had three tries to plead

19 viable false advertising claims, but still have not done so. Accordingly, Levoit respectfully

20 requests that the SAC be dismissed this time with prejudice.

21                                   **FACTUAL BACKGROUND**

22         Through its Levoit brand, Vesync manufactures and sells air purifiers and filters,

23 including the EverestAir, Core 300, Core 300-RAC, Core P350, and Core 300S air purifiers and

24 replacement filters (the "Products"). *See* SAC, ¶ 1. The Products are air purifiers and filters

25 designed, manufactured, and sold for residential use. *See generally id.* Levoit advertised the

26 Products as "HEPA" filters that "trap at least 99.97% of 0.3-micron airborne particles." *See id.*

27 ¶¶ 37–38.

28

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### a. "HEPA" Designation

As alleged in the SAC, there is no uniform standard for what constitutes a "HEPA" air filter. *Compare id.* ¶¶ 25, 56, 57. Generally, however, a high-efficiency particulate air, or "HEPA," filter is "a type of pleated mechanical filter that typically consists of sheets of randomly arranged fiberglass or plastic fibers held in an accordion shape by aluminum separators." *Id.* ¶ 25. And as Plaintiffs allege, it is commonly accepted that "[t]o be called a HEPA filter, a filter must capture at least 99.97% of dust, pollen, mold, bacteria, and any airborne particles with a size of 0.3 microns." *Id.*

### b. Procedural History

On August 29, 2023, Chen filed his complaint on behalf of himself and a putative nationwide class, including a California sub-class. ECF No. 1. On October 16, 2023, Chen filed his First Amended Complaint ("FAC"). ECF No. 15. On November 22, 2023, Levoit moved to dismiss the FAC. ECF No. 25. At oral argument on August 13, 2024, Plaintiff's Counsel conceded that they had long intended to amend their complaint a second time, but proceeded through oral argument anyway. *See* Tr. of Aug. 13, 2024 Hearing, at 22. On August 13, 2024, the Court granted in part and denied in part Levoit's Motion to Dismiss, and granted Plaintiff leave to amend. *See id.* at 26. On September 3, 2024, Plaintiffs filed the SAC.

In the SAC, Plaintiff Chen alleges that he purchased two Levoit Core 300 True HEPA Filter Air Purifiers from Levoit's Amazon store webpage on September 27, 2020 and December 31, 2020, as well as an H13 True HEPA replacement filter on December 31, 2020. SAC ¶ 11. Chen further alleges that he "reviewed and relied on Defendant's warranties and representations about the Product's HEPA filter and filtration capabilities prior to purchasing the Product," including the specific representation that the filters "capture 99.97% of airborne particles 0.3 microns in size." *Id.*

Plaintiff Aiello alleges that she purchased the Levoit Everest Air True HEPA Filter Air Purifier from Target.com on December 13, 2023. *Id.* ¶ 13. Like Chen, Aiello alleges that she "reviewed and relied on Defendant's warranties and representations about the Products HEPA

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1   filter and filtration capabilities prior to purchasing the Products," including that the Products

2   "[f]ilter at least 99.97% of 0.3-micron airborne particles." *Id.*

3       Plaintiffs do not, however, allege the efficiency of the Products at 0.3 microns—the only

4   particle size about which Plaintiffs allege Levoit made an efficiency representation. Rather, the

5   only alleged facts that Plaintiffs plead to purportedly show that the 0.3 microns representations

6   were false are allegations that testing of the Products showed 98.701% efficiency *at 0.0340*

7   *microns* and 99.589% efficiency *at 0.1 microns*. *Id.* ¶¶ 58–59.

8       On this basis, the SAC alleges: (i) violation of California's Unfair Competition Law

9   ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (ii) violation of California's False

10  Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (iii) violation of California's

11  Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.*; (iv) fraud;

12  (v) unjust enrichment; and (vi) breach of express warranty. *Id.* at ¶ 10.

## LEGAL STANDARD

14      Under Rule 12(b)(6), a case should be dismissed if it fails to allege "enough facts to state

15  a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

16  (2007). "A claim has facial plausibility when plaintiff pleads factual content that allows the court

17  to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v.*

18  *Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). This requires "more than a sheer

19  possibility that a defendant acted unlawfully," such that a complaint that pleads facts that are

20  "merely consistent with a defendant's liability [] stops short of the line between possibility and

21  plausibility of entitlement to relief." *Id.* (cleaned up). A court may disregard conclusory

22  allegations or legal characterizations cast in the form of factual allegations. *Warren v. Fox Family*

23  *Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "Threadbare recitals of the elements of a

24  cause of action, supported by mere conclusory statements," do not suffice. *Iqbal,* 556 U.S. at 678.

## ARGUMENT

26  **I.   PLAINTIFFS DO NOT ALLEGE A MISREPRESENTATION.**

27      Each of Plaintiffs' claims must be dismissed because Plaintiffs fail to allege that Levoit's

28  HEPA claims were false or misleading, as required to plead each cause of action. *See, e.g.*, SAC

1 | ¶¶ 82, 85, 96, 108, 116, 122, 130; Cal. Bus. & Prof. Code § 17200 (UCL); *id.* § 17500 (FAL);

2 | Cal. Civ. Code § 1770 (CLRA); *Swafford v. Int'l Bus. Machines Corp.*, 408 F. Supp. 3d 1131,

3 | 1142 (N.D. Cal. 2019) (fraud); *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F.

4 | Supp. 3d 855, 875–76 (N.D. Cal. 2015) (breach of express warranty); *Hawkins v. Shimano N. Am.*

5 | *Bicycle Inc.*, --- F. Supp. 3d ---, 2024 WL 2105596, at \*24–25 (C.D. Cal. Apr. 12, 2024) (unjust

6 | enrichment). Because there is no uniform HEPA standard, Levoit specifically defined HEPA

7 | throughout its advertising as 99.97% efficiency at 0.3 microns. Plaintiffs have not alleged any

8 | facts to plausibly show that the Products fell short of that representation, as the testing alleged in

9 | the SAC was performed at 0.0340 and 0.1 microns. Levoit never made any representations about

10 | the Products' efficiency at those particle sizes, and Plaintiffs do not allege otherwise.

11 | Accordingly, Plaintiffs have not pled a misrepresentation.

12 | As alleged in the SAC, the term "HEPA," without more, could mean a variety of things.

13 | *See* SAC ¶¶ 52, 55–57. For example, under the European EN1822 standard, Plaintiffs allege that

14 | a filter must have an efficiency of at least 99.95%. *See id.* ¶ 56. Meanwhile, under the American

15 | IEST standard, Plaintiffs allege that a filter must have an efficiency of at least 99.97%. *See id.*

16 | ¶ 57. And, according to Plaintiffs' own proffered definition, "[t]o be called a HEPA filter, the

17 | filter must capture at least 99.97% of pollen, mold, bacteria, and any airborne particles with a size

18 | of 0.3 microns." *See id.* ¶ 25.

19 | For this reason, Levoit's advertising, as alleged throughout the SAC, defined exactly what

20 | it meant by the term "HEPA" in a manner consistent with the HEPA definition alleged in

21 | Paragraph 25 of the SAC:

22 | • "To be considered True HEPA by US standards, the HEPA filter must trap at

23 | least **99.97% of 0.3-micron airborne particles**." *Id.* ¶ 37(b) (emphasis

24 | added).

25 | • "H13 True HEPA Filtration Traps at least **99.97% of 0.3-micron airborne**

26 | **particles**." *Id.* ¶ 37(c) (emphasis added).

27 | • "H13 True HEPA Filter with HEPASmart™ Technology Enhanced with

28 | statically charged fibers to trap at least **99.97% of 0.3-micron airborne**

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1    **particles**, such as fine dust, smoke particles, pollen, and pet dander." *Id.*

2    ¶ 37(d) (emphasis added).

3    - "Trap at least **99.97% of 0.3-micron airborne particles**, as well as odors,

4    VOCs, fumes, and smoke." *Id.* ¶ 37(g) (emphasis added).

5    - "The EverestAir provides premium filtration, trapping at least **99.97% of 0.3-**

6    **micron airborne particles**." *Id.* ¶ 37(h) (emphasis added).

7    - "Filters at least **99.97% of airborne particles 0.3 microns in size**, including

8    fine dust, pet dander, smoke, and pollen." *Id.* ¶ 38(e) (emphasis added).

9    - "The H13 True HEPA Filter works alongside the Pre-Filter and High-

10   Efficiency Activated Carbon Filter to capture **99.97% of airborne particles**

11   **0.3 microns in size**, such as dust, smoke, pollen, odor." *Id.* ¶ 38(f) (emphasis

12   added).

13   - "Filters at least **99.97% of 0.3-micron airborne particles**." *Id.* ¶ 38(g)

14   (emphasis added).

15   - "An effective 3-stage filtration system captures at least **99.97% of airborne**

16   **particles 0.3 microns in size**, so your surrounding air is free of harmful

17   contaminants." *Id.* ¶ 38(i) (emphasis added).

18   - "Trap **99.97% of airborne particles 0.3 microns in size** and keep only fresh

19   air in your space." *Id.* at Figure 6 (emphasis added).

20   - "The EverestAir provides premium filtration, trapping at least **99.97% of 0.3-**

21   **micron airborne particles**." *Id.* at Figure 7 (emphasis added).

22   Indeed, both Plaintiffs Chen and Aiello claim to have relied on *several* of these specific

23   representations, which expressly qualify that the Products captured at least 99.97% of 0.3-micron

24   airborne particles. *See id.* ¶¶ 11(e), 11(f), 11(g), 11(i), 13(c), 13(d).

25       Despite defining a HEPA filter as one with 99.97% efficiency at 0.3 microns, and despite

26   alleging many times over that Levoit represented that its filters were 99.97% efficient at capturing

27   0.3-micron particles, Plaintiffs allege *no* facts showing that those representations are false.

28   Plaintiffs allege the filter's purported efficiency at 0.0340 microns and at 0.1 microns, but Levoit

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1   never made any representations about its Products' efficiency at those particle sizes. *See id.*

2   ¶¶ 58–59. Plaintiffs do not allege a single fact about the Products' efficiency at 0.3 microns,

3   which is the only particle size that matters because it is the only particle size at which Levoit

4   made any representation about the Products' efficiency. Absent any facts showing that Levoit's

5   Products were less than 99.97% efficient *at 0.3 microns*, Plaintiffs have failed to plead that

6   Levoit's representations were false or misleading.

7       Notably, Judge Chesney recently granted dismissal without leave to amend in a strikingly

8   similar case, also brought by Plaintiffs' counsel, that likewise challenged representations that

9   were never made. *See Felice v. Guardian Techs. LLC*, No. 23-CV-04685-MMC, 2024 WL

10  3642187 (N.D. Cal. July 30, 2024). In *Felice*, Plaintiffs' counsel brought false advertising claims

11  against the defendants based on the defendants' representations that their air purifiers with a

12  UV-C bulb have greater antimicrobial capabilities than standard air purifiers. *Id.* at \*1. The

13  plaintiffs alleged that those representations were false based on a study "designed to determine

14  the UV-C dose *in a single pass through*." *Id.* at \*3 (emphasis added). The court found, however,

15  that nothing in the defendants' advertising "even suggest[ed] that the germ-killing benefits of

16  UV-C light accrue entirely during the initial pass through the unit." *Id.* The court also found that

17  plaintiffs had failed to allege that the UV-C light lacked an impact over repeated pass throughs.

18  *Id.* Accordingly, the court dismissed all of the false advertising claims for failure to plead a false

19  statement. *Id.*

20      Likewise, here, Plaintiffs bring false advertising claims based on Levoit's representations

21  that its Products contained HEPA filters that captured 99.97% of 0.3-micron airborne particles.

22  But Plaintiffs allege that these representations are false based on purported testing using 0.0340-

23  micron particles and 0.1-micron particles. Akin to *Felice*, Plaintiffs do not allege that Levoit

24  made any representations about its Products' efficiency at those particle sizes, and testing at those

25  particle sizes does not suffice to allege that the Products fell short of the HEPA definition of

26  99.97% efficiency at 0.3 microns. In other words, Plaintiffs make the same type of strawman

27  argument made in *Felice*, alleging that statements never made by Defendant are false. The

28  allegations purporting to show falsity do not align with the representations actually made by

1   Defendant, thus providing no basis for a false advertising claim. Plaintiffs' misaligned allegations

2   are insufficient, and like in *Felice*, the SAC should be dismissed without leave to amend.

3   **II.     NO REASONABLE CONSUMER WOULD INTERPRET LEVOIT'S HEPA**
        **CLAIM TO MEAN ANYTHING OTHER THAN 99.97% EFFICIENCY AT 0.3**
4       **MICRONS.**

5           It is well-settled that courts may dispose of UCL, FAL, and CLRA claims on a motion to

6   dismiss where, as here, common sense dictates that reasonable consumers would not be misled.

7   *See Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228–29 (9th Cir. 2019); *Ebner v.*

8   *Fresh, Inc.,* 838 F.3d 958, 963, 965 (9th Cir. 2016); *accord Brady v. Bayer Corp.*, 26 Cal. App.

9   5th 1156, 1165 (2018) ("If a claim of misleading labeling runs counter to ordinary common sense

10  or the obvious nature of the product, the claim is fit for disposition at the demurrer stage of the

11  litigation."). Under these statutes, a plaintiff must show "more than a mere possibility that [the]

12  label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable

13  manner.'" *Becerra*, 945 F.3d at 1228 (quoting *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d

14  486, 495 (2003)). Instead, "the reasonable consumer standard requires a probability that a

15  significant portion of the general consuming public or of targeted consumers, acting reasonably in

16  the circumstances, could be misled." *Id.*; *see also Prescott v. Rite Aid Corp.*, 667 F. Supp. 3d

17  1011, 1014 (N.D. Cal. 2023).

18          Under the "reasonable consumer" standard, the Court must consider the representations at

19  issue in the context of the entire advertisement, not in isolation. *See Freeman v. Time, Inc.*, 68

20  F.3d 285, 289–90 (9th Cir. 1995) (rejecting argument that a reasonable consumer would be

21  deceived by a sweepstakes promotion where "[t]he promotions expressly and repeatedly state the

22  conditions that must be met in order to win"); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F.

23  App'x 113, 115 (9th Cir. 2012) (affirming dismissal with prejudice of CLRA, FAL, and UCL

24  claims and rejecting the plaintiff's attempt to interpret words on a product's label out of context);

25  *Bobo v. Optimum Nutrition, Inc.*, No. 3:14-cv-2408, 2015 WL 13102417, at *4 (S.D. Cal. Sept.

26  11, 2015) ("A plaintiff cannot pursue a claim based on a statement that can only be misleading

27  when the information surrounding it is ignored."). Thus, Levoit's "HEPA" representations cannot

28  be divorced from its representations that the Products filter 99.97% of 0.3-micron airborne

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

particles, which are replete on the Products' webpages and packaging. *See* SAC ¶¶ 11(e), 11(f),

11(g), 11(i), 13(c), 13(d), 37(b), 37(c), 37(d), 37(g), 37(h), 38(e), 38(f), 38(g), 38(i), Figure 6,

Figure 7.

Courts have repeatedly found that a reasonable consumer interprets one representation in a

product's advertising (like Levoit's "HEPA" claim) in a manner consistent with other statements

in that advertising (like Levoit's "99.97% at 0.3-micron airborne particles" claim). For example,

in *Bobo*, the plaintiff claimed that a "100% WHEY" statement on the packaging of a protein

supplement was false because the product did not consist entirely of whey protein and instead

contained additional ingredients. *Bobo*, 2015 WL 13102417, at \*1–2. The court dismissed the

plaintiff's claims, though, because the "100% WHEY" statement could be given that meaning

only if the other statements on the packaging were ignored. *Id.* at \*4. For instance, the package

also stated that the product was "Naturally & Artificially Flavored" and "100% OF THE

PROTEIN FROM WHEY," indicating to a reasonable consumer that the "100% WHEY"

representation meant "that the protein is from a single source, whey, rather than the contents,

artificial and natural flavors and all, are entirely protein." *Id.* The court therefore concluded that

"a reasonable consumer … cannot look at only one statement to the exclusion of everything else

and claim he has been misled." *Id.* at \*5; *see also Freeman*, 68 F.3d at 289–90; *Carrea*, 475 F.

App'x at 115 ("[N]o reasonable consumer is likely to think that 'Original Vanilla' refers to a

natural ingredient when that term is adjacent to the phrase 'Artificially Flavored.'"); *Dinan v.

Sandisk LLC*, No. 5:18-cv-5420-BLF, 2019 WL 2327923, at \*7 (N.D. Cal. May 31, 2019)

(finding that regardless of a consumer's technical understanding of a "64 GB" claim on a flash

drive, a reasonable consumer could not be deceived as to the storage capacity given that other

statements on the packaging "tell[ ] her exactly how many bytes she will be getting"); *Castagnola

v. Hewlett-Packard Co.*, No. 3:11-cv-5772-JSW, 2012 WL 2159385, at \*9–10 (N.D. Cal. June 13,

2012) (finding no reasonable consumer could believe that a service was free when the webpage

repeatedly referenced "Offer Details," which disclosed the fees for the service).

Given that Levoit's advertising of the Products repeatedly and conspicuously stated that

the Products filter 99.97% of particles at 0.3 microns, it would be entirely unreasonable for a

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1   consumer to interpret Levoit's "HEPA" representations to mean that the Products filter 99.97% of

2   particles at 0.034 microns, 0.1 microns, or any other particle size. Plaintiffs cannot simply ignore

3   the very representations they saw and relied upon that specify the efficiency consumers could

4   expect from the Products and instead proclaim that a reasonable consumer would expect a

5   different efficiency measure. *See* SAC ¶¶ 11(e), 11(f), 11(g), 11(i), 13(c), 13(d). The only

6   meaning that a consumer could reasonably attribute to Levoit's HEPA representations is exactly

7   what was represented throughout Levoit's advertising: that the Products filtered 99.97% of

8   particles at 0.3 microns. As discussed above, however, Plaintiffs fail to allege any facts showing

9   that representation was false or misleading, and they therefore have failed to state a claim.

10         Even if the term "HEPA" is ambiguous to the reasonable consumer, courts recognize that

11  a reasonable consumer would look for other available information—such as other claims on the

12  packaging or webpage—to resolve the ambiguity. For example, in *Moore v. Trader Joe's*

13  *Company*, the Ninth Circuit affirmed the district court's dismissal of false advertising claims

14  based on the defendant's "100% New Zealand Manuka Honey" representation. 4 F.4th 874, 882

15  (9th Cir. 2021). Because the representation was ambiguous as to whether the product was 100%

16  Manuka honey, 100% derived from Manuka flower, or 100% sourced from New Zealand, the

17  Ninth Circuit found it proper for the district court to "consider[ ] other information readily

18  available to the consumer that could easily resolve the alleged ambiguity," including other

19  information on the product's label. *Id.*; *see also McGinity v. Procter & Gamble Co.*, 69 F.4th

20  1093, 1098–99 (9th Cir. 2023) (concluding that the ambiguity of the phrase "Nature Fusion" on a

21  product's front label could be resolved by statements on the back label such that a reasonable

22  consumer would not be deceived). Likewise, here, any reasonable consumer who was unsure of

23  what "HEPA" meant would refer to the rest of the product packaging or webpage to learn that the

24  Products filtered 99.97% of 0.3-micron airborne particles—a representation that both Plaintiff

25  Chen and Aiello admit to having seen and relied on in connection with their purchases, and a

26  representation that Plaintiffs have not pled is false or misleading because they have not alleged

27  any facts regarding the Products' efficiency at that particle size.

28

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1    Because Levoit's advertising repeatedly and conspicuously specified that the Products

2    captured 99.97% of 0.3-micron airborne particles, which is notably consistent with one of

3    Plaintiffs' alleged meanings of the "HEPA" term, a reasonable consumer could not have

4    interpreted Levoit's HEPA claim to be referring to the Products' efficiency at a different particle

5    size. Plaintiffs' allegations therefore rest on an unreasonable and fanciful interpretation of

6    Levoit's actual representations, and the claims must be dismissed. *See Moore*, 4 F.4th at 882–83.

7    **III.    THERE IS NO PRIVATE RIGHT OF ACTION FOR SUBSTANTIATION.**

8        To the extent Plaintiffs allege that Levoit lacks substantiation for its HEPA advertising,

9    they cannot state a claim on that basis. Indeed, "[i]t is well settled that private litigants may not

10   bring false advertising claims based on an alleged lack of substantiation." *Yamasaki v. Zicam*

11   *LLC*, 4:21-cv-2596-HSG, 2021 WL 4951435, at \*4 (N.D. Cal. Oct. 25, 2021). This is because the

12   California Legislature "has expressly permitted prosecuting authorities, but not private plaintiffs,

13   to require substantiation of advertising claims." *Nat'l Council Against Health Fraud, Inc. v. King*

14   *Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003). Thus, to plead a false advertising claim,

15   Plaintiffs must "plead[ ] facts to support an allegation the Defendant's advertising claims are *false*

16   *or misleading*" rather than merely alleging that an advertising claim lacks substantiation. *Fraker*

17   *v. Bayer Corp.*, No. 1:08-cv-1564, 2009 WL 5865687, at \*8 (E.D. Cal. Oct. 6, 2009) (emphasis in

18   original).

19       Plaintiffs cannot state a claim by alleging that Levoit lacks evidence for its HEPA

20   representations, but instead must plead facts to support an allegation that the representations made

21   by Levoit are in fact false or misleading. They have not done so. Instead, they allege only that the

22   Products are less than 99.97% efficient at 0.034 and 0.1 microns, but Plaintiffs themselves define

23   "HEPA" as 99.97% efficient at 0.3 microns, precisely the efficiency that Levoit advertises.

24   Plaintiffs have not pled a single false or misleading statement.

25       The fact that Levoit chose to discontinue its HEPA claims for reasons unrelated to the

26   National Advertising Division ("NAD") challenge also does not show that the claims are false.

27   *See* SAC ¶ 50. Courts have found that even the entry of a consent decree with the Federal Trade

28   Commission requiring discontinuance of advertising claims supports *at most* a lack of

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

1    substantiation—but does *not* support a false advertising claim. *See, e.g.*, *Fraker*, 2009 WL

2    5865687, at \*8. Voluntary discontinuance of a claim during the pendency of a non-binding

3    alternative dispute resolution process like Dyson's NAD challenge does even less, and certainly

4    does not plausibly show that Levoit's claims were false or misleading. Plaintiffs have failed to

5    state a claim.

6    **IV.    BECAUSE PLAINTIFFS HAVE ALREADY FILED THREE COMPLAINTS, THE SAC SHOULD BE DISMISSED WITH PREJUDICE.**

7
     "The district court's discretion to deny leave to amend is particularly broad where plaintiff

8    has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d

9    440, 454 (9th Cir. 2011) (citation and quotation marks omitted). Here, Plaintiffs have already had

10   three chances to state a claim and have had more than a year since filing this action to develop

11   allegations sufficient to support a claim, but they have not done so. Plaintiffs' counsel even

12   admitted at Oral Argument on Levoit's previous Motion to Dismiss that they had long intended to

13   file a second amended complaint—treating the Oral Argument as what the Court termed a "dress

14   rehearsal"—and yet they still plead fatally deficient claims. *See* Tr. of Aug. 13, 2024 Hearing, at

15   22-23. Under these circumstances, leave to file a fourth complaint should be denied. *See Destfino*

16   *v. Reiswig*, 630 F.3d 952, 958–59 (9th Cir. 2011) ("Plaintiffs had three bites at the apple, and the

17   court acted well within its discretion in disallowing [leave to file] a fourth [complaint]."); *Austin*

18   *v. One Legal LLC*, No. 3:22-cv-360-TLT, 2023 WL 8121410, at \*4 (N.D. Cal. Jan. 24, 2023)

19   (Thompson, J.) (denying leave to amend where the plaintiff had "ample time" to develop viable

20   allegations).

21                              **CONCLUSION**

22        For the foregoing reasons, the Court should dismiss the SAC in its entirety and with

23   prejudice.

24   Dated:  September 17, 2024                  DENTONS US LLP

25

26                                               By: :    */s/ Sarah Carlson*
                                                         Sarah Carlson
27                                               Attorneys for Defendant
                                                 VESYNC CORPORATION
28