| | |
|---|---|
| SARAH CARLSON (SBN 344266) | |
| sarah.carlson@dentons.com | |
| DENTONS US LLP | |
| 4655 Executive Drive, Suite 700 | |
| San Diego, CA 92121 | |
| Telephone: 619 236 1414 | |
| Facsimile: 619 232 8311 | |
| DEBORAH H. RENNER (*pro hac vice*) | SAMUEL D. JUBELIRER (SBN 287649) |
| deborah.renner@dentons.com | samuel.jubelirer@dentons.com |
| DENTONS US LLP | DENTONS US LLP |
| 1221 Avenue of the Americas | 1999 Harrison Street, Suite 1300 |
| New York, NY 10020 | Oakland, CA 94612 |
| Telephone: 212 768 6700 | Telephone: 415 882 5000 |
| Facsimile: 212 768 6800 | Facsimile: 415 882 0300 |
| GRANT J. ANKROM (*pro hac vice*) | ABIGAIL M. DOCKUM (*pro hac vice*) |
| MICHAEL E. HARRISS (*pro hac vice*) | abby.dockum@dentons.com |
| grant.ankrom@dentons.com | DENTONS US LLP |
| michael.harriss@dentons.com | 2398 E. Camelback Road, Suite 850 |
| DENTONS US LLP | Phoenix, AZ 85016 |
| 101 S. Hanley Rd., Suite 600 | Telephone: 602 508 3900 |
| St. Louis, MO 63105 | Facsimile: 602 508 3914 |
| Telephone: 314 241 1800 | |
| Facsimile: 314 259 5959 | |

Attorneys for Defendant
VESYNC CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICK CHEN and MINDY AIELLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VESYNC CORPORATION,<br><br>Defendant. | Case No. 3:23-cv-04458-TLT<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date: December 10, 2024<br>Time: 2:00 p.m.<br>Dept: Courtroom 9 - 19th Floor<br>Judge: Trina L. Thompson<br><br>Date Action Filed: August 29, 2023 |

## I. Introduction

Recognizing that they have failed to plead a cause of action within the four corners of the Second Amended Complaint (ECF No. 81 ("SAC")), Plaintiffs' Opposition (ECF No. 83 ("Opp.")) attempts to muddy the waters by raising new facts not alleged in the SAC and presenting them as factual issues which require discovery.[1] The Court should ignore those extrinsic matters and decide the Motion based on the actual factual allegations in the SAC alone. At bottom, and as set forth in Defendant's Motion to Dismiss (ECF No. 82 (the "MTD"), the SAC fails to state a claim because it does not plausibly allege a misrepresentation made by Defendant.

This case is on all fours with *Felice v. Guardian Technologies*, where the plaintiffs' false advertising claims were dismissed without leave to amend. No. 23-CV-04685-MMC, 2024 WL 3642187 (N.D. Cal. July 30, 2024) (Chesney, J.). Just as in *Felice*, the facts alleged by Plaintiffs here do not support their contention that Levoit's representations were false or misleading. In *Felice*, the plaintiffs alleged that an air purifier did not perform in a certain way, but, in dismissing the claims, the Court found that the defendants never claimed that the purifier performed in that manner; in other words, the purported false claim was not a claim actually made by the defendant, but rather a fanciful claim of plaintiffs' own construct. Thus, there was no misrepresentation. Similarly, here, the only facts alleged by Plaintiffs in the SAC relating to the Products' efficiency are that Levoit's Products were less than 99.97% efficient at 0.0340 and 0.1 microns. But Levoit never claimed that the Products were 99.97% efficient against those particle sizes, nor does the SAC allege that Levoit ever made that representation. To the contrary, as reflected by Plaintiffs' own allegations, Levoit clearly and consistently represented that the Products were 99.97% efficient at 0.3 microns—a precise definition of "HEPA" alleged in the SAC. *See* SAC ¶¶ 11, 13, 25, 37, 38. Plaintiffs do not allege facts to suggest that this

---

[1] As set forth in detail in Levoit's concurrently filed Opposition to Plaintiffs' Request for Judicial Notice, which is fully incorporated herein by reference, it would be improper for the Court to take judicial notice of Plaintiffs' test report. It would also be improper for the Court to consider other facts Plaintiffs rely on that are not alleged in the SAC, such as facts from other filings in this case and facts that the Court has already declined to judicially notice. *See* Tr. of Aug. 13, 2024 Hearing, at 26:8–10.

representation is false and, for that reason alone, the SAC must be dismissed. Plaintiffs' strawman allegations must fail for the same reasons as in *Felice*.

Accordingly, the SAC should be dismissed with prejudice.

## II. The Allegations in the SAC Do Not Allege a Misrepresentation.

One of the chief failings of the First Amended Complaint ("FAC") was its lack of detailed allegations. *See* ECF No. 25; Tr. of Aug. 13, 2024 Hearing at 17:10–14, 26:13–22. Forced to detail their allegations in the SAC, the fallacy of Plaintiffs' theory becomes apparent. For the first time in the SAC, Plaintiffs allege facts about their testing of the Products. Specifically, Plaintiffs allege that their testing purportedly shows that the Products did not perform at 99.97% efficiency when measured at particles sized at 0.0340 microns and 0.1 microns. *See id.* ¶¶ 58–59. From these allegations, Plaintiffs' theory of liability against Levoit is clear: The Products at issue are not HEPA filters because, according to Plaintiffs, they do not perform at 99.97% efficiency when measured at "the most penetrating particle size." Indeed, Footnote 3 of Plaintiffs' Opposition confirms their theory by explaining that, "[t]he reason those two data points [at 0.0340 and 0.1 microns] are specifically called out in the SAC is because they were the lowest filtration efficiencies measured for each test (the 'most penetrating particle size')." *See* Opp. at 6 n.3. The problem: Plaintiffs' theory of liability does not track to any representations actually made by Levoit.

Plaintiffs do not allege that Levoit ever advertised that "HEPA" means 99.97% efficient when measured at the "most penetrating particle size" because, in fact, Levoit never made such a representation. Rather, as is evident from Plaintiffs' own allegations in the SAC, Levoit took special care to ensure that consumers knew exactly what it meant when it said "HEPA": 99.97% efficient at 0.3 microns. *See* SAC ¶¶ 11, 13, 37–38. This was not some imaginary definition either. Indeed, this definition is wholly consistent with one definition of "HEPA" that Plaintiffs themselves put forward in the SAC. *See* SAC ¶ 25.

By alleging test results that do not in fact contradict any of Levoit's advertising claims, the SAC suffers from the same deficiency that resulted in dismissal without leave to amend in *Felice*. 2024 WL 3642187, at *2–3. Plaintiffs' factual allegations do not plausibly allege that the

statements Levoit actually made—that the Products are HEPA because they are 99.97% at 0.3 microns—are false. As in *Felice*, Plaintiffs' attempt to twist Levoit's advertising into saying something that was never said should be rejected, and the SAC should be dismissed for failure to plead a misrepresentation.

**III.     Plaintiffs' Conclusory Allegations Cannot Save the SAC.**

Plaintiffs argue that they "also allege" that Levoit's representation that the Products are 99.97% efficient at 0.3 microns "is false within the four corners of the SAC." Opp. at 10. But Plaintiffs rely *solely* on conclusory allegations to support this contention. *See id.* (citing SAC ¶¶ 36, 37, 62).

Specifically, Plaintiffs claim that Paragraphs 36, 37, and 62 plausibly allege that Levoit's "99.97% at 0.3 microns" statement is false. But in fact, those paragraphs simply conclude that Levoit made "false and misleading HEPA representations" and that Levoit's advertising was "false and highly misleading"—without alleging any facts about how or why the representations were supposedly false. Plaintiffs cannot state a claim based on these conclusory allegations, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Min Sook Shin v. Umeken USA, Inc.*, 773 F. App'x 373, 376 (9th Cir. 2019) (affirming dismissal of plaintiff's false advertising claims because plaintiff made "conclusory statements that [defendant's] products did not work as advertised, rather than describing with the requisite specificity how or why the advertising is false").

Paragraph 62 alleges that "Plaintiffs' testing proves otherwise," but Plaintiffs' allegations concerning their testing prove *nothing* with respect to Levoit's "99.97% efficient at 0.3 microns" representation. Again, Plaintiffs allege only the testing results regarding efficiency results at 0.1 and 0.0340 microns. Those efficiency results do not plausibly demonstrate or support a reasonable inference of efficiency results at 0.3 microns, which is the only relevant data point regarding the truth of Levoit's representations on which Plaintiffs allegedly relied. *See Tapia Carmona v. County of San Mateo*, No. 18-CV-05232-LHK, 2019 WL 4345973, at *9 (N.D. Cal. Sept. 12, 2019) ("General, conclusory allegations need not be credited when they are belied by

more specific allegations of the complaint." (cleaned up)).

For the same reason, Plaintiffs cannot rely on their allegation that 0.3 microns is the most penetrating particle size, or "the size at which a particle is most likely to escape from the filter," *see* SAC ¶ 25, because it is contradicted by their allegation that in fact, the Products' most penetrating particle size is 0.0340 microns, *see id.* ¶ 58. *See also Napear v. Bonneville Int'l Corp.*, 669 F. Supp. 3d 948 (E.D. Cal. 2023) (disregarding contradictory allegations in a complaint because "[t]he court will not attempt to parse a distinction between these two contradictory allegations or speculate as to which of them plaintiff would prefer the court to accept as true").

Because Plaintiffs have failed to allege an actionable misrepresentation or sufficient facts to demonstrate the falsity of Levoit's representation of the efficiency result at 0.3 microns, Plaintiffs' claims must be dismissed.

**IV.    Plaintiffs' Protracted Arguments Regarding Levoit's Testing Are Wholly Irrelevant.**

Plaintiffs make a convoluted argument about Levoit's testing of its Products, based almost entirely on purported facts that are not alleged in the SAC. *See* Opp. at 5–7. For one, the SAC does not allege that Levoit ever made any representations *to consumers* about the IEST or Class H standards. In fact, Plaintiffs' Opposition cites only to statements made in Levoit's Motion to Dismiss the FAC in support of this argument, not to any alleged consumer-facing advertising claims.[2]

In addition, as Plaintiffs concede, they cannot pursue a claim based on a lack of substantiation—further emphasizing the irrelevance of Levoit's testing at this stage. As Plaintiffs themselves put it, "a plaintiff may only bring suit if they can prove that the claim is false." Opp. at 12 (citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*, 107 Cal. App. 4th 1336, 1344 (2003)). Or in other words, "private plaintiffs … have the burden of proving that the *marketing claims* are false or misleading." *Id.* (quoting *Kwan v. SanMedica Int'l*,

---

[2] Levoit did indeed commission testing on the Products pursuant to the IEST standard, which showed at least 99.97% efficiency at 0.3 microns, but this is a red herring as Levoit never made any explicit IEST representations in its advertising materials to consumers, and Plaintiffs do not allege otherwise.

854 F.3d 1088, 1095 (9th Cir. 2017) (emphasis added)). Despite Plaintiffs' attempt to complicate the issue, their burden to plead a misrepresentation is to allege facts plausibly showing that Levoit's actual advertising claims—*i.e.*, its "HEPA" claims as defined as 99.97% efficiency at 0.3 microns—are false. They have failed to do so.

**V.      That a Reasonable Consumer Would Not Be Misled in the Manner Alleged by Plaintiff Can Be Determined from the Face of the SAC.**

Plaintiffs argue that whether a reasonable consumer could be deceived is a factual issue that cannot be resolved at the motion to dismiss phase. But Plaintiffs wholly ignore recent binding Ninth Circuit precedent that establishes that the reasonable consumer standard can—and in a case like this one, should—provide a basis for dismissal at the pleading stage. In both *Moore* and *McGinity*, the Ninth Circuit affirmed dismissal of false advertising claims because no reasonable consumer would understand the advertisements at issue in the manner alleged by the plaintiffs given that those meanings were belied by other information available to consumers, including other statements in the same advertising. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–85 (9th Cir. 2021); *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098–99 (9th Cir. 2023).

*Moore* and *McGinity* confirm that it would be unreasonable for a consumer to interpret Levoit's HEPA claim to denote 99.97% efficiency at the "most penetrating particle size" when Levoit's representations never referenced the "most penetrating particle size" *at all*, and expressly and repeatedly stated that Levoit's Products were 99.97% efficient at 0.3 microns. *See* SAC ¶¶ 11(e), 11(f), 11(g), 11(i), 13(c), 13(d), 37(b), 37(c), 37(d), 37(g), 37(h), 38(e), 38(f), 38(g), 38(i), Figure 6, Figure 7. Though Plaintiffs now try to set those allegations aside, a reasonable consumer would not ignore the words plainly written on the Products' labels. *See, e.g.*, *Moore*, 4 F.4th at 884–85; *McGinity*, 69 F.4th at 1098–99; *Freeman v. Time, Inc.*, 68 F.3d 285, 289–90 (9th Cir. 1995); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012).[3]

---

[3] Plaintiffs make a feeble attempt in their Opposition to insert H13 claims into their core theory, but their own arguments belie this proposition. As Plaintiffs specifically state, "the HEPA Claim, alone, was the condition precedent for Plaintiffs' purchase." Opp. at 10; *see* SAC ¶¶ 12, 14 (alleging that if Levoit "had not warranted and represented that the Product had HEPA filters," Defendants "would not have purchased the Product or would have paid substantially less for it").

Plaintiffs' reliance on *Williams v. Gerber Products* is misplaced because it is distinguishable for the same reasons it was distinguishable in *McGinity*. *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008); *see McGinity*, 69 F.4th at 1098. *Williams* involved packaging for "fruit juice snacks" that prominently included pictures of a number of fruits, a statement that the snacks were made with "fruit juice and other all natural ingredients," and a claim that they were "specifically designed to help toddlers grow up strong and healthy." 552 F.3d at 939. The court rejected the notion that the product's much less prominent ingredient list—showing that the two most prominent ingredients were corn syrup and sugar—could prevent a reasonable consumer from being misled about the product's contents given the prominence of the fruit-related representations. *Id.* at 936, 939. The court reasoned that a reasonable consumer does not look to an ingredient list to *correct* representations found elsewhere on the packaging, but rather, expects it to *confirm* those representations. *Id.* at 939.

The situation here differs in that Levoit's "99.97% at 0.3 microns" statement does not *correct* a HEPA representation, but instead clarifies and confirms it. Plaintiffs allege in the SAC that there are multiple HEPA standards—one of which is the same "99.97% efficiency at 0.3 microns" definition used by Levoit in its advertising. SAC ¶¶ 25, 52, 55–57. Without clarification, "HEPA" could refer to any of those standards, rendering the term ambiguous. *See McGinity*, 69 F.4th at 1098–99 (finding the advertising term "Nature Fusion" could refer to "any number of things" and was therefore ambiguous). The Ninth Circuit recognizes that a reasonable consumer looks to other readily available information to resolve such an ambiguity. *See Moore*, 4 F.4th at 882. Here, a reasonable consumer would quickly see Levoit's prominent representations—indeed, often found in the very same sentence as the "HEPA" claims Plaintiffs viewed and relied on—that the Products are 99.97% efficient at 0.3 microns. *See id.* at 1099; SAC ¶ 25. The reasonable consumer would thus be dispelled of any possibility that "HEPA" meant anything other than 99.97% efficient at 0.3 microns. Because, for the reasons detailed above,

---

In any event, Levoit's advertising used both "H13" and "HEPA" in conjunction with the claim that the Products were 99.97% efficient at 0.3 microns, so no reasonable consumer would believe they meant otherwise. *See* MTD 8–11.

7     Case No. 3:23-cv-04458-TLT
Defendant's Reply in Support of Motion to
Dismiss Plaintiffs' Second Amended Complaint

Plaintiffs do not plead any facts showing that representation to be false or misleading, they have failed to allege a misrepresentation, and their claims must be dismissed.

## VI. Plaintiffs Should Not Be Granted Leave to Amend.

Plaintiffs did not respond to Levoit's argument that leave to amend should be denied because Plaintiffs have already amended twice and have had more than a year to develop viable allegations. In fact, Levoit even expressly encouraged Plaintiffs to attach their test results to the SAC, but they chose not to. *See* Tr. of Aug. 13, 2024 Hearing, at 25:14–16. Instead of correcting that deficiency, which they are now attempting to remedy with an improper Request for Judicial Notice, Plaintiffs elected to stand on the allegations in the SAC and test their theory with the Court by opposing Levoit's Motion to Dismiss. Plaintiffs should not be permitted yet another "dress rehearsal" to determine what is required to sufficiently state a claim. *Id.* at 23:10. Enough is enough, and the SAC should be dismissed with prejudice.

## VII. Conclusion

For the foregoing reasons, the Court should dismiss the SAC in its entirety and with prejudice.

Dated: October 8, 2024

DENTONS US LLP

By: /s/ Sarah Carlson
Sarah Carlson

Attorneys for Defendant
VESYNC CORPORATION