**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
          lsironski@bursor.com

**SINDERBRAND LAW GROUP, P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiffs and the Putative Class*
*(Additional counsel listed on signature page)*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHEN and MINDY AIELLO, individually and on behalf of all others similarly situated, | Case No. 3:23-cv-004458-TLT |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO THE COURT'S QUESTIONS FOR THE PARTIES IN LIEU OF HEARING RE: DKT. NO. [82]** |
| v. | Judge: Hon. Trina L. Thompson |
| VESYNC CORPORATION, | |
| Defendant. | |

Plaintiffs Rick Chen and Mandy Aiello respectfully submit their responses to the Court's November 18, 2024 questions (ECF No. 91).

## 1. PLEASE EXPLAIN THE DEFINITION OF A HEPA FILTER USING ONLY THE FOUR CORNERS OF THE SECOND AMENDED COMPLAINT.

The Second Amended Complaint explains that, in the United States, the protocol used to define and establish HEPA-grade is governed by the Institute of Environmental Science and Technology's ("IEST") Contamination Control Division's Recommended Practice CC001.6 (HEPA and ULPA Filters) and CC007.3 (Testing ULPA Filters) IEST-RP-CC001.7. Second Amended Complaint ("SAC") ¶¶ 49, 55. Under the IEST protocol, a HEPA filter must have a filtration efficiency of at least 99.97% for all particles, down to 0.1 microns. *Id.* ¶ 57.

Consistent with the IEST protocol, the Second Amended Complaint maintains that "[t]o be called a HEPA filter, the filter must capture at least 99.97% of dust, pollen, mold, bacteria, and any airborne particles with a size of 0.3 microns." *Id.* ¶ 25 (the "99.97% Claim"). But the 99.97% Claim is not exclusive to 0.3 microns under the IEST protocol: as mentioned above, a range of particle sizes are tested and the filter must meet the 99.97% threshold starting at 0.1 microns. *Id.* ¶ 57.

To demonstrate the inadequacy of Defendant's filters, Plaintiffs excerpt data from their testing which showed that the filters did not meet the 99.97% efficiency threshold at 0.1 microns. *Id.* ¶ 59. This example was not intended to be exhaustive of the entire test report summary. Rather, it was described in the Second Amended Complaint because it was the worst possible result, and because this result *alone* is sufficient to prove that Defendant's Products were not HEPA-grade per the HEPA standard. *Id.* Nevertheless, even under the most basic definition of a HEPA filter, the Second Amended Complaint alleges that the 99.97% Claim is false based on Plaintiffs' testing. *Id.* ¶¶ 36-37 & 62.

### a. Please explain the definition of a H13 filter only using the Second Amended Complaint.

In Europe, the protocol used to establish HEPA-grade filters is the EN1822 protocol. For purposes of this test, HEPA efficiency is defined as the filtration efficiency as measured with regard to the "most penetrating particle size." SAC ¶¶ 55-56. A filter that captures the most penetrating

particles at a rate of 99.95% is classified as H13. *Id.* This is the definition of an H13 filter. When Defendant's Product was tested by Plaintiffs under this standard, the Product's filtration efficiency at the most penetrating particle size (0.0340 microns) was 98.701% - far below the 99.95% required under the H13 definition. *Id.* ¶ 58.

## 2. PLEASE EXPLAIN WHETHER THE COURT CAN CONSIDER EXTRINSIC EVIDENCE IN ITS EVALUATION OF A MOTION TO DISMISS

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). However, there are two exceptions to the rule, the "incorporation-by-reference doctrine" or the standard for "judicial notice under Federal Rule of Evidence 201." *Id.* (quoting Fed. R. Civ. P. 12(d)).

Rule 201 permits courts to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). And, under the incorporation-by-reference doctrine, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim … and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## 3. PLEASE EXPLAIN WHY THE OCTOBER 26, 2023 TEST RESULTS ATTACHED TO THE REQUEST FOR JUDICIAL NOTICE WERE NOT INCORPORATED INTO THE SECOND AMENDED COMPLAINT. ECF 84.

Plaintiffs did not attach the October 26, 2023 test results to the Second Amended Complaint because it was unnecessary to do so. Plaintiffs can allege the results of a test without actually attaching the testing to their complaint. *See, e.g., Durnford v. MusclePharm Corp.,* 907 F.3d 595, 603 n.8 (9th Cir. 2018) ( "plaintiffs are generally not expected to provide evidence in support of their claims at the pleading stage"); *Scheibe v. Fit Foods Distribution, Inc.,* 2023 WL 7434964, at *14 (S.D. Cal., 2023) ("for a court to credit his allegation for its truth, it is enough that Plaintiff

allege that laboratory testing occurred and describe the results of that testing.").  Thus, Plaintiffs did not believe that the test results needed to be attached as exhibits into the Second Amended Complaint.  Rather, they believed, that their allegations that the 99.97% Claim is false based on third-party testing are more than sufficient to withstand a Motion to Dismiss.

Defendant's central argument in its motion to dismiss is that the 99.97% Claim is not supported by Plaintiffs' testing.  That argument <u>was made for the first time</u> in the pending Motion to Dismiss.  That argument is inappropriate for a motion to dismiss where Plaintiffs' allegations must be accepted as true.  *See* Koller v. Med Foods, Inc., 2015 WL 13653887, at \*3 (N.D. Cal. 2015) ("[A]djudicating what [studies described in the **complaint**] do or do not *prove* is beyond the appropriate scope of inquiry at the pleading stage.").  Nevertheless, to be entirely transparent with the Court and to fully rebut Defendant's argument, Plaintiffs felt compelled to submit the test results and to explain in detail how the results establish the falsity of Defendant's HEPA claims.

**4.  <u>IF THE COURT WERE TO GRANT THE MOTION TO DISMISS, IS LEAVE TO AMEND FUTILE? IF NOT, WHY NOT?:</u>**

While Plaintiffs believe that the Second Amended Complaint clearly and unambiguously alleges that Defendant's filters are not HEPA-grade based on its testing, the testing by Dyson, and by Defendant's own testing, if the Court is inclined to grant the motion to dismiss in any way, leave to amend would not be futile.  Plaintiffs would attach the test results and provide more clarity as to how the filters are not HEPA-grade and do not meet the 99.97% Claim based on the test results.

Dated: November 21, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  ___*/s/ L. Timothy Fisher*___

L. Timothy Fisher (State Bar No. 191626)
Luke W. Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

lsironski@bursor.com

**SINDERBRAND LAW GROUP, P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-mail: greg@sinderbrandlaw.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman
Janine L. Pollack
745 Fifth Avenue, Suite 500
New York, NY 10151
Phone: (917) 983-2707
Fax: (888) 421-4173
Email : lfeldman@4-justice.com
Email: jpollack@4-justice.com
Email : Eservice@4-justice.com

**GEORGE FELDMAN MCDONALD, PLLC**
David J. George
Brittany Sackrin
9897 Lake Worth Road, Suite 302
Lake Worth, Florida 33467
Phone: (561) 232-6002
Fax: (888) 421-4173
Email: DGeorge@4-justice.com
Email: BSackrin@4-justice.com
Email: EService@4-justice.com

**TAUS, CEBULASH & LANDAU, LLP**
Miles Greaves
Archana Tamoshunas
123 William Street
Suite 1900a
New York, NY 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
mgreaves@tcllaw.com
atamoshunas@tcllaw.com

**MIGLIACCIO AND RATHOD LLP**
Jason Samual Rathod
Nicholas A. Migliaccio
412 H Street N.E.
Washington, DC 20002
(202) 470-3520
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Attorneys for Plaintiffs and the Putative Class*