UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHEN, et al.,<br>　　　　Plaintiffs,<br>　v.<br>VESYNC CORPORATION,<br>　　　　Defendant. | Case No. 23-cv-04458-TLT<br><br>**ORDER DENYING REQUEST FOR JUDICIAL NOTICE AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 82 |

Plaintiffs Rick Chen and Mindy Aiello bring this action on behalf of themselves and all others similarly situated against Defendant Vesync Corporation, which manufactures and sells air purifiers and filters through its Levoit brand for residential use. ECF 1 (Second Amended Complaint, "SAC") ¶ 1. They allege that Defendant made false and misleading representations about the filters in their air purifiers. Defendant advertises that the air purifiers are equipped with High Efficiency Particulate Air (HEPA) filters and that these filters are specifically H13 HEPA filters. *Id.* ¶ 2.

Before the Court is Plaintiff's Request for Judicial Notice and Defendant's Motion to Dismiss pursuant to six causes of action: (1) California's Unfair Competition Law ("UCL") Business & Professions Code § 17200; (2) California's False Advertising Law ("FAL") Business & Professions Code § 17500; (3) California's Consumers Legal Remedies Act ("CLRA") Cal. Civ. Code § 1750; (4) Fraud; (5) Unjust Enrichment; (6) Breach of Express Warranty.

Having reviewed and considered the briefs filed in support of and in opposition to the motion, the Court **DENIES** Plaintiffs' Request for Judicial Notice. ECF 84. The Court **GRANTS** Defendant's Motion to Dismiss in its entirety. The Court **GRANTS** final leave to amend to allow Plaintiffs to cure the deficiencies listed in this Order.

## I. PROCEDURAL HISTORY

On August 29, 2023, Plaintiffs filed a complaint on behalf of himself and a putative nationwide class. ECF 1. Plaintiffs then amended the complaint and filed a First Amended Complaint. ECF 15. Defendant filed a Motion to Dismiss. ECF 25. After a hearing in which the Court determined that Plaintiffs adequately alleged Article III standing, the Court granted in part and denied in part Defendant's Motion to Dismiss with leave to amend. ECF 77; ECF 80, at 26. Plaintiffs thereafter filed the Second Amended Complaint. SAC. Defendant again moved to dismiss. ECF 82 (Motion to Dismiss, "Mot."). Plaintiff then filed an Opposition and a Request for Judicial Notice. ECF 83 (Opposition/Response, ("Opp'n")); ECF 84 (Request for Judicial Notice, "RJN"). Defendant filed a Reply with an Opposition to Plaintiffs' Request for Judicial Notice. ECF 87 ("Reply"). The Court found this matter suitable for disposition without oral argument and vacated the December 10, 2024 hearing. Civil L.R. 7-1(b); ECF 94.

## II. BACKGROUND

Defendant is a manufacturer of air purifiers and filters. SAC ¶ 1. Air purifiers come in a variety of forms, the most effective of which use High Efficiency Particulate Air ("HEPA") filters. *Id.* ¶ 24. To qualify as a HEPA filter, the filter "must capture at least 99.97% of dust, pollen, mold, bacteria, and any airborne particles within a size of 0.3 microns." *Id.* ¶ 25. Under the American IEST testing protocol, the filter must have a filtration efficiency of at least 99.97% for particles ranging in size from 0.1 microns to 5.0 microns. *Id.* ¶ 57. Under the European EN1822 testing protocol, a HEPA filter is either an H13 filter, which captures "the most penetrating particles" at a rate of 99.95%, or H14 filter, which captures them at 99.9995%. *Id.* ¶ 56. Air purifiers with HEPA filters are worth more than those without them. *Id.* ¶ 31.

Named Plaintiffs Rick Chen and Mindy Aiello are California citizens who purchased Levoit air purifiers and replacement filters. *Id.* ¶¶ 11, 13. Plaintiffs allege that Defendant represented that the air purifier models, including the (1) Levoit EverestAir Smart True HEPA; and (2) Core Series: the Levoit Core 300; the Core 300-RAC; the Core 300S; and the Core P350 True HEPA, had been tested and performed at or above the HEPA standards for filtration when they did not. *Id.* ¶¶ 34, 46. They allege that they would not have purchased the products or paid

as much as they did had they known that the products did not contain HEPA filters. *Id.* ¶ 14.

Plaintiffs tested the filtration efficiency of the Defendant's Core 300 Series filters using both the EN1822 and IEST tests. *Id.* ¶¶ 57-58. Under the EN1822 test, Plaintiffs used a particle size of 0.0340 microns, which they state is the most penetrating particle size, and determined that the filter had a filtration efficiency of 98.701%. *Id.* ¶ 58. Under the IEST test, Plaintiffs found that Defendant's filters demonstrated a filtration efficiency of 99.589% at 0.1 microns. *Id.* ¶ 59.

Plaintiffs allege that Defendant made the following misrepresentations for the EverestAir Air Purifier on the product webpage:

1. Levoit EverestAir® Smart True HEPA Air Purifier.

2. To be considered True HEPA by US standards, the HEPA filter must trap at least 99.97% of 0.3-micron airborne particles. The EverestAir achieves this high standard of excellence, trapping fine dust, pollen, smoke particles, and pet dander, keeping your air as clean as possible.

3. ANTI-ALLERGENS & ODORS: Premium 3-stage filtration includes a Washable Pre-Filter, H13 True HEPA Filter, and High-Efficiency Activated Carbon Filter.

4. The EverestAir provides premium filtration, trapping at least 99.97% of 0.3-micron airborne particles.

5. H13 True HEPA Filter with HEPASmart Technology. Enhanced with statically charged fibers to trap fine dust, smoke particles, pollen, and pet dander, as well as bacteria, mold, and viruses*. *Testing Report No. 220614240GZU-001.

*Id.* ¶ 37.

Plaintiffs allege that Defendant made the following misrepresentation on the product package:

1. H13 True HEPA Filtration Traps at least 99.97% of 0.3-micron airborne particles.

2. H13 True HEPA Filter with HEPASmart™ Technology Enhanced with statically charged fibers to trap at least 99.97% of 0.3-micron airborne particles, such as fine dust, smoke particles, pollen, and pet dander.

3. H13 True HEPA Filter Captures 99.99% of Particles, Pet Allergies, Smoke, Dust.

4. Trap at least 99.97% of 0.3-micron airborne particles, as well as odors, VOCs, fumes, and smoke.

*Id.*

For the Core Series, Plaintiffs allege that Defendant made the following misrepresentations on the product package and Amazon page:

3

1. Levoit Core 300 True HEPA Air Purifier. (Product package).

2. Breathe in clean air with every breath using the Levoit Smart True HEPA Air Purifier. (Product package and Amazon page).

3. [Includes a] H13 True HEPA Filter. (Product package and Amazon page).

4. HEPASmart Technology helps capture 99.99% of bacteria and mold, as well as 99.99% of viruses. (Product package and Amazon page).

5. Filters at least 99.97% of airborne particles 0.3 microns in size, including fine dust, pet dander, smoke, and pollen. (Product package and Amazon page).

6. The H13 True HEPA Filter works alongside the Pre-Filter and High-Efficiency Activated Carbon Filter to capture 99.97% of airborne particles 0.3 microns in size, such as dust, smoke, pollen, odor. (Product package and Amazon page).

7. Filters at least 99.97% of 0.3 micron airborne particles. (Product package and Amazon page).

8. Levoit Core 300 True HEPA 3-Stage Original Filter. (Product package and Amazon page).

9. Fill your environment with fresh, clean air using Levoit's Core 300-RF 3-Stage Original Filter. An effective 3-stage filtration system captures at least 99.97% of airborne particles 0.3 microns in size, so your surrounding air is free of harmful contaminants. (Product package and Amazon page).

*Id.* ¶ 38.

Plaintiffs allege that as further evidence that Defendant's filters do not meet the HEPA standard, Defendant removed all references to HEPA filtration from the product page of its website after Dyson, one of its competitors, made false advertising accusations to the National Advertising Division. *Id.* ¶ 42. Defendant also removed references to HEPA filtration from some of the online storefronts where it sold air purifiers. *Id.* ¶ 43.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). The Court's review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact contained in the complaint are taken as true. *Id.*; *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to provide the grounds of his entitlement to

4

relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *Id.* at 558–559. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. The Court May Not Take Judicial Notice of the Test Results Because They Are Contentious Extrinsic Evidence.

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).

Similarly, the "incorporation by reference doctrine" permits a court deciding a motion to dismiss for failure to state a claim to consider documents "not physically attached to the complaint if they are central to plaintiff's claim and "no party questions their authenticity." *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 n.37 (C.D. Cal. 2010) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Here, Plaintiffs requested judicial notice for its October 26, 2023, test results of Defendant's Core 300-RAC filter in which Plaintiffs tested particles ranging in size from 0.1-0.2 microns to 3.0-5.0 microns. ECF 84. Neither judicial notice nor the incorporation by reference doctrine, however, applies to these test results because the test results are contentious extrinsic evidence. *See* Reply at 3 (explaining that Defendant has "its own test reports that directly contradict the facts in Plaintiffs' report"). As the Court did in the prior motion to dismiss hearing, the Court again denies taking judicial notice of any adjudicative facts. ECF 80, at 26.

Accordingly, the Court **DENIES** Plaintiffs' Request for Judicial Notice.

5

### B. Plaintiffs Do Not Allege a Misrepresentation.

Under the UCL, "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" is prohibited. This includes "advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). Similarly, the FAL makes it unlawful to advertise a statement that is "untrue or misleading." Cal. Bus. & Prof. Code §§ 17500. The CLRA prohibits "unfair methods of competition and unfair or deceptive practices" including misrepresenting goods and services. Cal. Civ. Code 1770(a)(5), (7), (9), (16). Furthermore, the elements of fraud include (1) misrepresentation, (2) scienter, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Tom Trading, Inc. v. Better Blue, Inc.*, 26 F. App'x 733, 736 (9th Cir. 2002).

Here, Plaintiffs insufficiently plead that Defendant misrepresented the products. First, the test results that Plaintiffs provide in the SAC do not illustrate that the Defendant made any misrepresentations. Plaintiffs allege that their tests results show that Defendant's Core 300 Series filter had an efficiency of 98.701% at 0.0340 microns and 99.589% at 0.1 microns. *Id.* ¶¶ 58-59. Defendant, however, only represented that its filters captured 99.97% of 0.3 microns. *Id.* ¶¶ 37-38. Defendant never represented the efficiency of the products at either 0.0340 microns or 0.1 microns. *Id.* While Plaintiffs allege that a H13 filter is defined as one that captures "the most penetrating particles" at a rate of 99.95%, Defendant defines its H13 True HEPA Filter as one that captures "99.97% of airborne particles 0.3 microns in size." *Id.* ¶¶ 37-38, 56. Because Defendants only represented that its filters captured 99.97% of 0.3 microns, and because Plaintiffs initially define a HEPA filter as a filter that captures 99.97% of particles at a size of 0.3 microns, Plaintiffs fail to demonstrate that Defendant falsely advertised its products by showing test results at 0.0340 microns and 0.1 microns. *Id.* ¶¶ 25, 56. Although Plaintiffs state in the Request for Judicial Notice that microns between 0.2 and 0.3 performed at a 99.699% efficiency and microns between 0.3 and 0.5 performed at a 99.866% efficiency using Defendant's filter, Plaintiffs fail to provide these numbers in the SAC. RJN. Since the Court has denied the RJN, that information is not incorporated by reference in the SAC. Plaintiffs, therefore, fail to state a claim as to whether

6

Defendant's misrepresented the Core 300 Series.

While Plaintiffs provide testing results for the Core 300S filer, Plaintiffs also bring forth allegations regarding the Levoit EverestAir Smart True HEPA, the Levoit Core 300, the Core 300-RAC, and the Core P350 True HEPA. There are no allegations in the complaint that these products share the same filter as the Core 300S filter. There are also no facts indicating whether Plaintiffs tested replacement filters for these products. Plaintiffs only state that they have "reason to believe that future testing … will show that the EverestAir purifier and replacement filter[s for all Core series]" will not meet the HEPA standard. *Id.* ¶ 60. But speculation about future testing is not enough to state a claim. Plaintiffs, therefore, fail to state a claim that any of Defendant's products fail to meet the HEPA or H13 standards.

Finally, aside from the test results, Plaintiffs state in a conclusory manner that Defendant made false HEPA and H13 representations. In their opposition, Plaintiffs use extrinsic evidence, such as the declaration of an expert that Defendant, which the Court cannot consider in evaluating the motion to dismiss. *See* Opp'n at 5 (citing ECF 24, Ex 2); *Lee v. Cty. of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (holding that the Court erred in relying on extrinsic evidence in evaluating a motion to dismiss).

Accordingly, the Court **GRANTS** the motion to dismiss because Plaintiffs failed to state a claim as to misrepresentation.

### C. Because Plaintiffs Have Not Stated a Misrepresentation, the Court Need Not Address the Reasonable Consumer Test.

Under California consumer protection laws, "claims based on deceptive or misleading marketing must demonstrate that a 'reasonable consumer' is likely to be misled by the misrepresentation." *Moore v. Trader Joe's Co.*, 4 F. 4th 874, 882 (9th Cir. 2021); *see Ebner v. Fresh Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (holding that the reasonable consumer test governs claims under "California consumer protection statutes"). To meet this standard, a plaintiff "must demonstrate more than a mere possibility that [the seller's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner . . . ." *Moore v. Trader Joe's Co.*, 4 F. 4th 874, 881 (9th Cir. 2021) (internal quotations omitted). This standard

requires "a probability that significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* at 882. As such, "a plaintiff's unreasonable assumptions about a product's label will not suffice." *Id.*

Furthermore, whether a business practice is deceptive is typically a "question of fact not appropriate for decision" on the pleadings. *Williams v. Gerber Prods. Co.* 552 F. 3d 934, 939 (9th Cir. 2008). Courts will only grant a motion to dismiss on this basis in "rare situations." *Id.*

Because Plaintiffs have not stated a misrepresentation, the Court need not address the reasonable consumer test here.

### D. There is No Private Right of Action for Substantiation.

Under Section 17508 of the Business and Professional Code, the California Legislature established that "private plaintiffs are not authorized to demand substantiation" of an advertising claim. *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*, 107 Cal. App. 4th 1336, 1337 (Cal. Ct. App. 2003).

In this case, Plaintiffs do not make a substantiation argument. Rather than arguing that Defendant does not substantiate its claim that its filters meet the HEPA standard, they argue that the filters do not meet that standard and offer reasons why. An argument that the HEPA claim is false is different from an argument that the HEPA claim is unsubstantiated. Accordingly, Plaintiffs do not make a substantiation argument.

### E. The Court Grants Leave to Amend.

A party may amend its pleading with the court's leave. Fed. R. Civ. 15(a)(2). When determining whether amendment is proper, the court looks to several factors, including whether there is "repeated failure to cure deficiencies by amendments previously allowed," undue delay, bad faith, undue prejudice to the opposing party, or whether allowing amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiffs have amended their complaint twice already: once as a matter of right and once with the Court's leave. *See* ECF 15; SAC. Nevertheless, there is sufficient evidence to show that an amended complaint would cure the SAC's deficiencies. For instance, Plaintiffs provide test results in their request for judicial notice that illustrate Defendant's Core 300 Series filter at an

efficiency of less than 99.97% at 0.3 microns. RJN. Clarification of the different HEPA tests and definitions would also strengthen Plaintiffs' argument. The Court, therefore, finds that permitting Plaintiffs to incorporate the test results into another amended complaint would not be futile.

Accordingly, the Court **GRANTS** Plaintiffs' leave to amend the SAC with a limited scope to cure the deficiencies in this Order.

## V. CONCLUSION

Having reviewed and considered the briefs filed in support of and in opposition to the motion, the Court **GRANTS** Defendant's Motion to Dismiss as to all Plaintiffs' causes of action with leave to amend. The amended complaint must be filed within 21 days of the date of this Order (excluding holidays) and no later than December 30, 2024, and *only for the purposes of curing deficiencies in the Order.* The deadline to amend pleadings is January 8, 2025. ECF 89

The Court does not give leave to add additional claims to the Third Amended Complaint.

All other deadlines associated with ECF 89 are maintained.

This Order terminates ECF 82.

**IT IS SO ORDERED**.

Dated: December 3, 2024

TRINA L. THOMPSON
United States District Judge