**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
       lsironski@bursor.com

**SINDERBRAND LAW GROUP, P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiffs and the Putative Class*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHEN, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>VESYNC CORPORATION,<br><br>               Defendant. | Case No. 3:23-cv-004458-TLT<br><br>**DECLARATION OF L. TIMOTHY FISHER IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: September 16, 2025<br>Time: 2:00 p.m.<br>Courtroom: 9 – 19th Floor<br>Judge: Hon. Trina L. Thompson |

## REDACTED VERSION

I, L. Timothy Fisher, hereby declare as follows:

1. I am an attorney at law licensed to practice in the State of California and am a member of the bar of this Court. I am also a partner at Bursor & Fisher, P.A. ("Bursor & Fisher"), counsel of record for Plaintiff. I make this Declaration in support of Plaintiff's Motion for Class Certification. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2. Attached hereto as **Exhibit 1** is a true and correct copy of a representative sample of the packaging labels for the air purifiers at issue in this litigation.

3. Attached hereto as **Exhibit 2** is a true and correct screen capture of the Amazon page for the Levoit Core 300S air purifier dated July 21, 2022. This page was accessed through the Internet Archive at: https://web.archive.org/web/20220721185421/https://www.amazon.com/LEVOIT-Core-300S-Air-Purifier/dp/B08L73QL1V.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the August 4, 2023 NAD final decision in Case No. 7222, which involved a challenge by Dyson, Inc. to Vesync, Co., Ltd.'s HEPA marketing claims.

5. Attached hereto as **Exhibit 4** is a true and correct copy of testing commissioned by Dyson of certain Levoit Core 300 model air purifiers.

6. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiff's counsel's IEST HEPA testing of Levoit Core 300 and Core-300 RAC air purifiers.

7. Attached hereto as **Exhibit 6** is a true and correct copy of relevant portions of testing commissioned by Defendant and produced in discovery as part of this litigation.

8. ████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████
████████████████████████████████████
████████████████████████████████

[REDACTED]

and in an effort to save the Court and the Parties time and paper, Plaintiff is not attaching the document here. Should the Court request it, Plaintiff is happy to produce the document in whole.

9.    I am not aware of any conflict of interest between me and my firm and Plaintiff Chen, on the one hand, and any Class Member, on the other hand. I also believe that my firm, Bursor & Fisher, P.A., is adequate to serve as counsel for the proposed class in this action and to represent the interests of the class. My firm has represented several millions of consumers in consumer class actions across the country and has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. A copy of my firm's resume is attached hereto as **Exhibit 7**.

10.    Since December 2010, my firm has been court-appointed Class Counsel or Interim Class Counsel by numerous courts across the country. *See, e.g.*, *In re Sensa Weight Loss Litig.*, Case No. 4:11-cv-01650-YGR (N.D. Cal. Mar. 2, 2012); *In re Haier Freezer Consumer Litig.*, 2013 WL 2237890 (N.D. Cal. May 21, 2013); *Hendricks v. StarKist Co.*, Case No. 4:13-cv-00729-HSG (N.D. Cal. July 23, 2015); *In re NVIDIA GTX 970 Graphics Card Litig.*, Case No. 3:15-cv-00760-CRB (N.D. Cal. May 8, 2015); *McMillion v. Rash Curtis & Associates*, Case No. Case 4:16-cv-03396-YGR (N.D. Cal. Sep. 6, 2017); *Lucero v. Solarcity Corp.*, Case No. 3:15-CV-05107-RS (N.D. Cal. Sep. 15, 2017); *Gasser v. Kiss My Face, LLC* (N.D. Cal. Oct. 23, 2017); *Williams v. Facebook, Inc.*, Case No. 3:18-cv-01881-RS (N.D. Cal. Jun. 26, 2018); *Bayol v. Health-Ade*, Case No. 4:18-cv-01462-KAW (N.D. Cal. Aug. 23, 2018); *West v. California Service Bureau*, Case No. 4:16-cv-03124-YGR (N.D. Cal. Sep. 12, 2018).

11.    My firm has also been recognized by courts across the country for its expertise litigating class action claims to trial. *See, e.g.*, *Williams v. Facebook, Inc.*, No. 3:18-cv-01881, ECF No. 51 (N.D. Cal June 26, 2018) ("[The] Bursor firm … ha[s] extensive experience in handling class actions and complex litigation, including products liability and consumer protection cases; appear[s] to have knowledge of applicable law; and ha[s] extensive resources.") (appointing Bursor & Fisher class counsel to represent a putative nationwide class of all persons who installed

Facebook Messenger applications and granted Facebook permission to access their contact list); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in [six] class action jury trials since 2008."); *In re Welspun Litigation*, No. 1L16-cv-06792-RJS (S.D.N.Y. January 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Egyptian cotton bedding products).

12.     Attached hereto as **Exhibit 8** is a true and correct copy of a chart entitled: Breach of Express Warranty Chart (California, Delaware, D.C., Kansas, Missouri, New Jersey, Ohio, Utah, Virginia, and West Virginia).

I declare under penalty of perjury under the laws of the State of California that the above and foregoing is true and accurate.  Executed this 2nd day of May, 2025, at Walnut Creek, California.

Dated: May 2, 2025                              Respectfully submitted,

                                              L. Timothy Fisher

EXHIBIT 1



**EXHIBIT FILED UNDER SEAL**

**EXHIBIT 2**



EXHIBIT 3

**Vesync Co., Ltd.**

**HEPA Air Purifiers**

***Challenger***:           *Dyson, Inc.*

***Product Type***:      *Appliances*

***Issues***:              *Efficacy Claims; Health & Safety Claims; Performance Claims*

***Disposition***:       *Modified / Discontinued*

## BBB NATIONAL PROGRAMS

### *NATIONAL ADVERTISING DIVISION*

| | |
|---|---|
| Dyson, Inc., *Challenger*, <br><br> Vesync Co., Ltd., *Advertiser*. | Case No. 7222 <br> Closed 08/04/2023 |

## FINAL DECISION

## I.     Basis of Inquiry

The advertising industry established the National Advertising Division ("NAD") and the National Advertising Review Board ("NARB") in 1971 as an independent system of self-regulation designed to build consumer trust in advertising. NAD reviews national advertising in all media in response to third-party challenges or through inquiries opened on its own initiative. Its decisions set consistent standards for advertising truth and accuracy, delivering meaningful protection to consumers and leveling the playing field for business. Challenger Dyson, Inc. ("Dyson" or "Challenger") challenged express and implied claims made by Advertiser Vesync Co., Ltd. ("Vesync" or "Advertiser") for its HEPA Air Purifiers. The following are representative of the claims that served as the basis for this inquiry:

### A.    Express Claims

EverestAir® Smart True HEPA Air Purifier & Replacement Filters

- Levoit EverestAir® Smart True HEPA Air Purifier.
- To be considered True HEPA by US standards, the HEPA filter must trap at least 99.97% of 0.3-micron airborne particles. The EverestAir achieves this high standard of excellence, trapping fine dust, pollen, smoke particles, and pet dander, keeping your air as clean as possible.
- H13 True HEPA Filtration Traps at least 99.97% of 0.3-micron airborne particles.
- H13 True HEPA Filter with HEPASmart™ Technology Enhanced with statically charged fibers to trap at least 99.97% of 0.3-micron airborne particles, such as fine dust, smoke particles, pollen, and pet dander.
- H13 True HEPA Filter Captures 99.99% of Particles, Pet Allergies, Smoke, Dust
- ANTI-ALLERGENS & ODORS: Premium 3-stage filtration includes a Washable Pre-Filter, H13 True HEPA Filter, and High-Efficiency Activated Carbon Filter. Trap at least 99.97% of 0.3-micron airborne particles, as well as odors, VOCs, fumes, and smoke.

- The EverestAir provides premium filtration, trapping at least 99.97% of 0.3-micron airborne particles.
- H13 True HEPA Filter with HEPASmart Technology. Enhanced with statically charged fibers to trap fine dust, smoke particles, pollen, and pet dander, as well as bacteria, mold, and viruses*. *Testing Report No. 220614240GZU-001.

Core 300 and 300S True HEPA Air Purifier & Replacement Filters

- Levoit Core 300 True HEPA Air Purifier.
- Breathe in clean air with every breath using the Levoit Smart True HEPA Air Purifier.
- [Includes a] H13 True HEPA Filter.
- HEPASmart™ Technology enhances the H13 True HEPA filtration by capturing 99.99% of bacteria and mold, as well as 99.9% of viruses*.
- Remove 99.97% Dust Smoke Mold Pollen, Core 300.
- The H13 True HEPA Filter works alongside the Pre-Filter and High-Efficiency Activated Carbon Filter to capture 99.97% of airborne particles 0.3 microns in size, such as dust, smoke, pollen, odor.
- High Filtration ≥ 99.97%* *Filters at least 99.97% of 0.3-micron airborne particles.
- Levoit Core 300 True HEPA 3-Stage Original Filter.
- Fill your environment with fresh, clean air using Levoit's Core 300-RF 3-Stage Original Filter. An effective 3-stage filtration system captures at least 99.97% of airborne particles 0.3 microns in size, so your surrounding air is free of harmful contaminants.

### B.   Implied Claims

- The filters used in the Levoit EverestAir® and Core 300 air purifiers have been tested to and have passed "HEPA" standards.

## II.   Evidence Presented

The Challenger presented examples of product packaging and online advertising in which the challenged claims appeared.  The Challenger also presented (i) the Institute of Environmental Science and Technology's ("IEST") Contamination Control Division's Recommended Practice CC001.6 (HEPA and ULPA Filters) and CC007.3 (Testing ULPA Filters) that the Challenger argued are industry-recognized guides establishing the basic standards and definitions for HEPA-level filtration in the U.S.; (ii) third-party testing conducted by SGS IBR Laboratories on the filters used in the Levoit EverestAir® Smart True HEPA and Core 300 and Core 300S True HEPA air purifiers that the Challenger argued demonstrate that the filters do not meet the IEST HEPA standards; (iii) EN 1822-1 (High-Efficiency Air Filters (EPA, HEPA, and ULPA), the European standard for performance classifications of air purification; and (iv) U.S. Department of Energy Guidelines (DOE Technical Standard "Specification for HEPA Filters used by DOE Contractors").

## III.   Decision

Dyson and Vesync are competing manufacturers of air purifiers.  Dyson challenged certain claims made by Vesync in advertising for Vesync's Levoit EverestAir® Smart True HEPA and Core 300 and Core 300S True HEPA air purifiers and their respective replacement filters. Dyson argued that Vesync lacked adequate substantiation for its claims that the air purifiers filters have passed "HEPA" standards and that the challenged claims convey other false and misleading messages.

In its response, Vesync asserted its belief in the efficacy of its products and stated that the challenged claims were made based on pre-existing independent third-party data. Vesync informed NAD that it was in the process of updating its testing data, however, and that for reasons unrelated to Dyson's challenge, it had elected to permanently discontinue the challenged claims.

In reliance on Vesync's representation that the challenged claims had been permanently discontinued, NAD did not review the challenged claims on their merits. The discontinued claims will be treated for compliance purposes as though NAD recommended their discontinuance and Vesync agreed to comply.

## IV.  Conclusion

The discontinued claims will be treated for compliance purposes as though NAD recommended their discontinuance and the Advertiser agreed to comply.

## V.  Advertiser's Statement

Vesync thanks NAD for its attention to this matter and agrees to comply with its decision. We support the self-regulatory process and appreciate the opportunity to participate in it. The company does not concede that there was anything misleading about the claims but has decided to voluntarily discontinue the claims at this time.

Vesync is proud of the work it does to provide effective, high-quality appliances backed by rigorous research and engineering. The company will continue to devote its attention to bringing market-leading appliances to consumers across the globe. **(#7222 DR, closed 08/04/2023)**

© 2023  BBB National Programs

**EXHIBIT 4**



SGS IBR LABORATORIES

**SGS IBR JN: 25864A4**

Report to: [redacted]
Dyson Technology Ltd.
Tetbury Hill
Malmesbury, SN16 0RP, UK

PO Number: 6000224852

**Sample Description: Levoit True HEPA 3-Stage Core 300-RF Filter**
Sample Source: Dyson - Legal Chicago, IL
Date Samples Received: 23 August 2022

**Test Method:IEST RP CC001.6 (2016) HEPA and ULPA Filters**

Signed: Ryan Baker, Team Lead, Laboratory C&P

Authorized by: Daniel R. Miller, SGS IBR Laboratory Manager

| Revision | Editorial or Technical | Description | Approved By | Release Date |
|---|---|---|---|---|
| | | Initial Release | DRM | 2-Oct-22 |
| | | | | |
| | | | | |

**Disclaimer:**
This document is issued by the Company subject to its General Conditions of Service printed overleaf, available on request or accessible at http://www.sgs.com/en/Terms-and-Conditions.aspx and, for electronic format documents, subject to Terms and Conditions for Electronic Documents at http://www.sgs.com/en/Terms-and-Conditions/Terms-e-Document.aspx.

Attention is drawn to the limitation of liability, indemnification and jurisdiction issues defined therein. Any holder of this document is advised that information contained hereon reflects the Company's findings at the time of its intervention only and within the limits of Client's instructions, if any. The Company's sole responsibility is to its Client and this document does not exonerate parties to a transaction from exercising all their rights and obligations under the transaction documents. This document cannot be reproduced except in full, without prior written approval of the Company. Any unauthorized alteration, forgery or falsification of the content or appearance of this document is unlawful and offenders may be prosecuted to the fullest extent of the law.

The sample(s) to which the findings recording herein (the "findings") relate was[were] drawn and [or] provided by the Client or by a third party acting at the Client's direction. The findings constitute no warranty of the sample's representativeness of any goods and strictly relate to the sample(s). The Company accepts no liability with regard to the origin or source from which the sample(s) is[are] said to be extracted.

Unless otherwise stated the results shown in this test report refer only to the sample(s) tested and such sample(s) are retained for 30 days only.



# TEST REPORT

## Test Method: IEST RP CC001.6 (2016) HEPA and ULPA Filters

**IBR JN: 25864A4**

Test Date: 30 September 2022

Performed for: Dyson Technology, Ltd
Location: Malmesbury, UK
Contact: ███████████

**Description of Samples: Levoit True HEPA 3-Stage Core 300-RF Filter**

**Nominal Dimensions**

| | |
|---|---|
| Filter Dimensions: 192mm OD x 149mm L | Pleat Depth: N/A |
| Media Color: White | Pleat Length: 135mm |
| Pleat Count: 122 | Estimated Filter Area: N/A |

Source: Dyson - Legal Chicago, IL

Date Samples Received: 23 August 2022

Challenge: Thermally Generated PAO Oil Aerosol, 0.3μm mass mean diameter
Flow Rate: 124 SCFM (See Report 25864D4)

| IBR ID | Filter ID | Net Differential Pressure (kPa) | Penetration (%) | Efficiency (%) | Temp (°C) | Humidity (%) | BP (mbar) |
|---|---|---|---|---|---|---|---|
| 25864-7 | N/A | 0.08 | 4.9 | 95.1 | 22.1 | 45.4 | 987.2 |

Notice: These data relate only to the samples tested. This report may be copied only in its entirety.
Performed By: RB          Data Location: RB 220928

| Equipment | Manufacturer | Model No. | Serial No. | IBR ID. | Range | Cal Due |
|---|---|---|---|---|---|---|
| LFE | Meriam | 50MC2-4 | 791160-S1 | AF-118 | 40-430 scfm | 4/5/2029 |
| Manometer | Dwyer | DHII-007 | DC: A37AA | MAN-53 | 0.1-10.0 inH2O | 1/12/2023 |
| Temp/RH% | Vaisala | HMT330 | L5220038 | RH-206 | 12-75%RH/16-27C | 1/19/2023 |
| Manometer | Dwyer | DHII-007 | DC: A48Z | MAN-49 | 0.1-10.0 inH2O | 1/12/2023 |
| Barometer | Vaisala | PTU300 | R3240750 | RH-209 | 500-1100 hPa | 8/29/2023 |
| Photometer | TSI | 8587A | 8587203001 | N/A | 1.0 μg/m$^3$ to >200 mg/m$^3$ | 9/26/2023 |



## SGS IBR JN: 25864B4

Report to: ███████████████
Dyson Technology Ltd.
Tetbury Hill
Malmesbury, SN16 0RP, UK

PO Number: 6000224852

**Description of Samples: Levoit True HEPA 3-Stage Core 300-RF Filter**
Sample Source: Dyson Legal - Chicago, IL
Date Samples Received: 23 August 2022

**Test Method: Initial Fractional Efficiency per IEST RP CC007.3 (2016)**



| | | Signed: | Daniel J. Nedry | Authorized by: | Daniel R. Miller |

Signed: _____
Daniel J. Nedry
Team Lead, Laboratory C&P

Authorized by: _____
Daniel R. Miller
SGS IBR Laboratory Manager

| Revision | Editorial or Technical | Description | Approved By | Release Date |
|---|---|---|---|---|
| | | Initial Release | DRM | 13-Sep-22 |
| | | | | |
| | | | | |

**Disclaimer:**
This document is issued by the Company subject to its General Conditions of Service printed overleaf, available on request or accessible at http://www.sgs.com/en/Terms-and-Conditions.aspx and, for electronic format documents, subject to Terms and Conditions for Electronic Documents at http://www.sgs.com/en/Terms-and-Conditions/Terms-e-Document.aspx.

Attention is drawn to the limitation of liability, indemnification and jurisdiction issues defined therein. Any holder of this document is advised that information contained hereon reflects the Company's findings at the time of its intervention only and within the limits of Client's instructions, if any. The Company's sole responsibility is to its Client and this document does not exonerate parties to a transaction from exercising all their rights and obligations under the transaction documents. This document cannot be reproduced except in full, without prior written approval of the Company. Any unauthorized alteration, forgery or falsification of the content or appearance of this document is unlawful and offenders may be prosecuted to the fullest extent of the law.

The sample(s) to which the findings recording herein (the "findings") relate was[were] drawn and [or] provided by the Client or by a third party acting at the Client's direction. The findings constitute no warranty of the sample's representativeness of any goods and strictly relate to the sample(s). The Company accepts no liability with regard to the origin or source from which the sample(s) is[are] said to be extracted.

Unless otherwise stated the results shown in this test report refer only to the sample(s) tested and such sample(s) are retained for 30 days only.



# TEST REPORT

## Test Method: Initial Fractional Efficiency per IEST RP CC007.3 (2016)

**SGS IBR JN: 25864B4**

Test Date: 12 September 2022

Performed for: Dyson Technology Ltd.
Location: Malmesbury, UK
Contact: ████████████

**Description of Samples: Levoit True HEPA 3-Stage Core 300-RF Filter**
Filter Dimensions: 192mm OD x 149mm L
Pleat Count: 122

Sample Source: Dyson Legal - Chicago, IL
Date Samples Received: 23 August 2022

Fluid: Air
Flow Rate: 124 SCFM
Challenge: Latex Microspheres

| SGS IBR Filter ID | Differential Pressure (kPa) | Port | Particles at: (in microns) | | | | Summed Data | |
|---|---|---|---|---|---|---|---|---|
| | | | 0.10-0.15 | 0.15-0.20 | 0.20-0.25 | 0.25-0.30 | 0.10-0.20 | 0.20-0.30 |
| 25864-8 | 0.07 | Upstream | 374422 | 268983 | 282174 | 159857 | 643405 | 442031 |
| | | Downstream | 3233 | 1777 | 1737 | 851 | 5010 | 2589 |
| | | Efficiency$_{obs}$ (%) | 99.14 | 99.34 | 99.38 | 99.47 | 99.22 | 99.41 |
| | | Efficiency$_{95\%}$ (%) | 99.13 | 99.34 | 99.38 | 99.46 | 99.20 | 99.39 |

Notice: These data relate only to the samples tested. This report may be copied only in its entirety.
Performed By: SRO                    Data Location: SRO220706

| Equipment | IBR ID | Manufacturer | Model No. | Serial No. | Range of Use | Cal Due Date |
|---|---|---|---|---|---|---|
| LFE Flow | AF-118 | Meriam | 50MC2-4 | 791160-S1 | 40-430 scfm | 4/5/2029 |
| Manometer LFE | MAN-53 | Dwyer | DHII-007 | DC: A37AA | 0.1-10.0 inH2O | 1/12/2023 |
| Manometer DP | MAN-49 | Dwyer | DHII-007 | DC: A48Z | 0.1-10.0 inH2O | 1/12/2023 |
| Temp / RH% | RH-206 | Vaisala | HMT330 | L5220038 | 12-75%RH/16-27C | 1/19/2023 |
| SMPS/DMA | SMPS-1 | TSI | 3082 | 3082002127004 | 0.010 - 1.0 µm | 2/10/2023 |
| CPC | CPC-1 | TSI | 3772 | 70907300 | 1E+04 cts/cc | 2/10/2023 |
| SMPS/DMA | SMPS-3 | TSI | 3082 | 3082002127006 | 0.010 - 1.0 µm | 2/12/2023 |
| CPC | CPC-3 | TSI | 3772 | 3772113401 | 1E+04 cts/cc | 2/12/2023 |



**SGS IBR JN: 25864C4**

Report to:  ████████████

Dyson Technology Ltd.
Tetbury Hill
Malmesbury, SN16 0RP, UK

PO Number: 6000224852

**Description of Samples: Levoit True HEPA 3-Stage Core 300-RF Filter**
Sample Source: Dyson Legal - Chicago, IL
Date Samples Received: 23 August 2022

**Test Method: Initial Fractional Efficiency per IEST RP CC007.3 (2016)**



Signed: _____     Authorized by: _____
Daniel J. Nedry                                          Daniel R. Miller
Team Lead, Laboratory C&P                         SGS IBR Laboratory Manager

| Revision | Editorial or Technical | Description | Approved By | Release Date |
|---|---|---|---|---|
|  |  | Initial Release | DRM | 13-Sep-22 |
|  |  |  |  |  |
|  |  |  |  |  |

**Disclaimer:**

This document is issued by the Company subject to its General Conditions of Service printed overleaf, available on request or accessible at http://www.sgs.com/en/Terms-and-Conditions.aspx and, for electronic format documents, subject to Terms and Conditions for Electronic Documents at http://www.sgs.com/en/Terms-and-Conditions/Terms-e-Document.aspx.

Attention is drawn to the limitation of liability, indemnification and jurisdiction issues defined therein. Any holder of this document is advised that information contained hereon reflects the Company's findings at the time of its intervention only and within the limits of Client's instructions, if any. The Company's sole responsibility is to its Client and this document does not exonerate parties to a transaction from exercising all their rights and obligations under the transaction documents. This document cannot be reproduced except in full, without prior written approval of the Company. Any unauthorized alteration, forgery or falsification of the content or appearance of this document is unlawful and offenders may be prosecuted to the fullest extent of the law.

The sample(s) to which the findings recording herein (the "findings") relate was[were] drawn and [or] provided by the Client or by a third party acting at the Client's direction. The findings constitute no warranty of the sample's representativeness of any goods and strictly relate to the sample. The Company accepts no liability with regard to the origin or source from which the sample(s) is[are] said to be extracted.

Unless otherwise stated the results shown in this test report refer only to the sample(s) tested and such sample(s) are retained for 30 days only.

 **IBR LABORATORIES**

# TEST REPORT

## Test Method: Initial Fractional Efficiency per IEST RP CC007.3 (2016)

**SGS IBR JN: 25864C4**

Performed for: Dyson Technology Ltd.
Location: Malmesbury, UK

Test Date: 09 September 2022

Contact: ████████████

**Description of Samples: Levoit True HEPA 3-Stage Core 300-RF Filter**
Filter Dimensions: 192mm OD x 149mm L
Pleat Count: 122

Sample Source: Dyson Legal - Chicago, IL
Date Samples Received: 23 August 2022

Fluid: Air
Flow Rate: 124 SCFM
Challenge: DEHS Oil Aerosol

| SGS IBR Filter ID | Differential Pressure (kPa) | Port | Particles at: (in microns) | | | | | |
| | | | 0.10-0.15 | 0.15-0.20 | 0.20-0.25 | 0.25-0.30 | Summed Data | |
| | | | | | | | 0.10-0.20 | 0.20-0.30 |
| 25864-6 | 0.07 | Upstream | 179884 | 198759 | 170656 | 169272 | 378643 | 339928 |
| | | Downstream | 6814 | 3968 | 2122 | 1413 | 10782 | 3535 |
| | | Efficiency$_{obs}$ (%) | **96.21** | **98.00** | **98.76** | **99.17** | **97.15** | **98.96** |
| | | Efficiency$_{95\%}$ (%) | **96.19** | **97.99** | **98.75** | **99.16** | **97.08** | **98.92** |

Notice: These data relate only to the samples tested. This report may be copied only in its entirety.
Performed By: SRO                          Data Location: SRO220706

| Equipment | IBR ID | Manufacturer | Model No. | Serial No. | Range of Use | Cal Due Date |
|---|---|---|---|---|---|---|
| LFE Flow | AF-118 | Meriam | 50MC2-4 | 791160-S1 | 40-430 scfm | 4/5/2029 |
| Manometer LFE | MAN-53 | Dwyer | DHII-007 | DC: A37AA | 0.1-10.0 inH2O | 1/12/2023 |
| Manometer DP | MAN-49 | Dwyer | DHII-007 | DC: A48Z | 0.1-10.0 inH2O | 1/12/2023 |
| Temp / RH% | RH-206 | Vaisala | HMT330 | L5220038 | 12-75%RH/16-27C | 1/19/2023 |
| SMPS/DMA | SMPS-1 | TSI | 3082 | 3082002127004 | 0.010 - 1.0 µm | 2/10/2023 |
| CPC | CPC-1 | TSI | 3772 | 70907300 | 1E+04 cts/cc | 2/10/2023 |
| SMPS/DMA | SMPS-3 | TSI | 3082 | 3082002127006 | 0.010 - 1.0 µm | 2/12/2023 |
| CPC | CPC-3 | TSI | 3772 | 3772113401 | 1E+04 cts/cc | 2/12/2023 |

**EXHIBIT 5**

# LMS Technologies, Inc.
### 6423 Cecilia Circle, Bloomington, MN 55439
### (952) 918-9060  Fax: (952) 918-9061

| | | | |
|---|---|---|---|
| Date : | August 25, 2023 | Requested By: | Bursor & Fisher |
| Test Type : | IEST-RP-CC001.7 | Maufacturer: | Levoit |
| Test Aerosol : | Latex Beads, Neutralized | Filter ID: | Core 300-RF |
| Air Flow: | 130 cfm | Sample #: | Sample #1 |
| LMS #: | Research sample | Series #: | One year shelved sample |
| **Temp and Humidity: 72 F and 43%** | | Description: | True HEPA 3-Stage Filter |

| Flow Rate(cfm) | 130 cfm |
|---|---|
| ΔP (" H₂O) | 0.299 |
| Size Range (µm) | Fractional Efficiency % |
| **0.1-0.2** | **97.831** |
| **0.2-0.3** | **98.229** |
| 0.3-0.5 | 98.652 |
| 0.5-0.7 | 98.716 |
| 0.7-1.0 | 98.795 |
| 1.0-2.0 | 99.114 |
| 2.0-3.0 | 99.306 |
| 3.0-5.0 | 99.589 |



$$F_{eff} = \frac{C_{up} - C_{down}}{C_{UP}} x100\%$$

$F_{eff}$ = Fractional Efficiency

$C_{up}$ = Particle Concentration Upstream of Filter

$C_{down}$ = Particle Concentration Downstream of Filter



*TEST SUPERVISOR*　　　　　　　*ENGINEERING APPROVAL*　　　　　*F-001*
Emile Tadros　　　　　　　　　　K.C. KWOK, PH.D.
------------------------------　　------------------------------

CHEN000031

# EN1822 European HEPA Test
# LMS Technologies, Inc.

*6423 Cecilia Circle*                                    *Tel.: (952)-918-9060*
*Bloomington, MN 55439*                                  *Fax: (952) 918-9061*

| | | | |
|---|---|---|---|
| **Test Type :** | EN1822 | **Test Requested By:** | Bursor & Fisher |
| **Test Number:** | T102623A | **Filter Mfgr:** | Levoit |
| **Flow Rate/Velocity:** | 130 cfm | **Filter ID #:** | Core 300-RAC Filter |
| **Test Aerosol:** | KCL, Neutralized | **Filter Description:** | True HEPA Filter |
| **ΔP ("H2O):** | 0.374 | **Temp and Humidity: 72°F and 42%** | |

**Classification:**   **E 11**          **Serial Number:**   **B/N: 232731862332**

| Size Rang( μm) | Initial Fractional Efficiency(%) |
|---|---|
| 0.0165 | 99.625 |
| 0.0190 | 99.070 |
| 0.0221 | 98.827 |
| 0.0255 | 98.793 |
| 0.0294 | 98.776 |
| **0.0340** | **98.701** |
| 0.0392 | 98.909 |
| 0.0453 | 99.012 |
| 0.0523 | 99.144 |
| 0.0604 | 99.336 |
| 0.0698 | 99.457 |
| 0.0806 | 99.564 |
| 0.0931 | 99.682 |
| 0.1075 | 99.728 |
| 0.1241 | 99.770 |
| 0.1433 | 99.804 |
| 0.1655 | 99.794 |
| 0.1911 | 99.827 |
| 0.2207 | 99.844 |
| 0.2548 | 99.858 |
| 0.2943 | 99.841 |
| 0.3398 | 99.839 |
| 0.3924 | 99.822 |
| 0.4532 | 99.875 |
| 0.5233 | 99.846 |
| 0.6043 | 99.786 |



Efficiency at most penetrating particle size: **98.701% @ 0.0340 μm**



*TEST SUPERVISOR*                                 *ENGINEERING APPROVAL*
EMILE TADROS_____                              K.C. KWOK, PH.D._____

CHEN000032

## LMS Technologies, Inc.

**6423 Cecilia Circle, Bloomington, MN 55439**
**(952) 918-9060  Fax: (952) 918-9061**

| | | | |
|---|---|---|---|
| Date : | October 26, 2023 | Requested By: | Bursor & Fisher |
| Test Type : | IEST-RP-CC001.6 | Maufacturer: | Levoit |
| Test Aerosol : | KCL, Neutralized | Filter ID: | Core 300-RAC Filter |
| Flow Rate: | **130 cfm** | Description: | True HEPA Filter |
| **Temp and Humidity: 72°F and 42%** | | LMS #: | 8753 |
| | | **B/N: 232731862332** | |

| Flow Rate(cfm) | 130 cfm |
|---|---|
| ΔP (" H₂O) | 0.374 |
| Size Range (μm) | Fractional Efficiency % |
| **0.1-0.2** | **99.589** |
| **0.2-0.3** | **99.699** |
| 0.3-0.5 | 99.866 |
| 0.5-0.7 | 99.901 |
| 0.7-1.0 | 99.924 |
| 1.0-2.0 | 99.940 |
| 2.0-3.0 | 99.976 |
| 3.0-5.0 | 99.985 |



$$F_{eff} = \frac{C_{up} - C_{down}}{C_{UP}} x100\%$$

$F_{eff}$ = Fractional Efficiency

$C_{up}$ = Particle Concentration Upstream of Filter

$C_{down}$ = Particle Concentration Downstream of Filter



*TEST SUPERVISOR*
*Emile Tadros*
------------------------------

*ENGINEERING APPROVAL*
*K.C. KWOK, PH.D.*
------------------------------

*F-001*

CHEN000033

EXHIBIT 6



**EXHIBIT FILED UNDER SEAL**

EXHIBIT 7



## FIRM RESUME

With offices in Florida, New York, and California, BURSOR & FISHER lawyers have represented both plaintiffs and defendants in state and federal courts throughout the country.

The lawyers at our firm have an active civil trial practice, having won multi-million-dollar verdicts or recoveries in six of six class action jury trials since 2008. Our most recent class action trial victory came in May 2019 in *Perez v. Rash Curtis & Associates*, in which Mr. Bursor served as lead trial counsel and won a $267 million jury verdict against a debt collector found to have violated the Telephone Consumer Protection Act. During the pendency of the defendant's appeal, the case settled for $75.6 million, the largest settlement in the history of the Telephone Consumer Protection Act.

In August 2013 in *Ayyad v. Sprint Spectrum L.P.*, in which Mr. Bursor served as lead trial counsel, we won a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

In *Thomas v. Global Vision Products, Inc. (II)*, we obtained a $50 million jury verdict in favor of a certified class of 150,000 purchasers of the Avacor Hair Regrowth System. The legal trade publication VerdictSearch reported that this was the second largest jury verdict in California in 2009, and the largest in any class action.

The lawyers at our firm have an active class action practice and have won numerous appointments as class counsel to represent millions of class members, including customers of Honda, Verizon Wireless, AT&T Wireless, Sprint, Haier America, and Michaels Stores as well as purchasers of Avacor™, Hydroxycut, and Sensa™ products. Bursor & Fisher lawyers have been court-appointed Class Counsel or Interim Class Counsel in:

1. *O'Brien v. LG Electronics USA, Inc.* (D.N.J. Dec. 16, 2010) to represent a certified nationwide class of purchasers of LG French-door refrigerators,

2. *Ramundo v. Michaels Stores, Inc.* (N.D. Ill. June 8, 2011) to represent a certified nationwide class of consumers who made in-store purchases at Michaels Stores using a debit or credit card and had their private financial information stolen as a result,

3. *In re Haier Freezer Consumer Litig.* (N.D. Cal. Aug. 17, 2011) to represent a certified class of purchasers of mislabeled freezers from Haier America Trading, LLC,

4. *Rodriguez v. CitiMortgage, Inc.* (S.D.N.Y. Nov. 14, 2011) to represent a certified nationwide class of military personnel against CitiMortgage for illegal foreclosures,

5. *Rossi v. The Procter & Gamble Co.* (D.N.J. Jan. 31, 2012) to represent a certified nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste,

6. *Dzielak v. Whirlpool Corp. et al.* (D.N.J. Feb. 21, 2012) to represent a proposed nationwide class of purchasers of mislabeled Maytag Centennial washing machines from Whirlpool Corp., Sears, and other retailers,

7. *In re Sensa Weight Loss Litig.* (N.D. Cal. Mar. 2, 2012) to represent a certified nationwide class of purchasers of Sensa weight loss products,

8. *In re Sinus Buster Products Consumer Litig.* (E.D.N.Y. Dec. 17, 2012) to represent a certified nationwide class of purchasers,

9. *Ebin v. Kangadis Food Inc.* (S.D.N.Y. Feb. 25, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

10. *Forcellati v. Hyland's, Inc.* (C.D. Cal. Apr. 9, 2014) to represent a certified nationwide class of purchasers of children's homeopathic cold and flu remedies,

11. *Ebin v. Kangadis Family Management LLC, et al.* (S.D.N.Y. Sept. 18, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

12. *In re Scotts EZ Seed Litig.* (S.D.N.Y. Jan. 26, 2015) to represent a certified class of purchasers of Scotts Turf Builder EZ Seed,

13. *Dei Rossi v. Whirlpool Corp., et al.* (E.D. Cal. Apr. 28, 2015) to represent a certified class of purchasers of mislabeled KitchenAid refrigerators from Whirlpool Corp., Best Buy, and other retailers,

14. *Hendricks v. StarKist Co.* (N.D. Cal. July 23, 2015) to represent a certified nationwide class of purchasers of StarKist tuna products,

15. *In re NVIDIA GTX 970 Graphics Card Litig.* (N.D. Cal. May 8, 2015) to represent a proposed nationwide class of purchasers of NVIDIA GTX 970 graphics cards,

16. *Melgar v. Zicam LLC, et al.* (E.D. Cal. March 30, 2016) to represent a certified ten-jurisdiction class of purchasers of Zicam Pre-Cold products,

17. *In re Trader Joe's Tuna Litigation* (C.D. Cal. December 21, 2016) to represent purchaser of allegedly underfilled Trader Joe's canned tuna.

18. *In re Welspun Litigation* (S.D.N.Y. January 26, 2017) to represent a proposed nationwide class of purchasers of Welspun Egyptian cotton bedding products,

19. *Retta v. Millennium Products, Inc.* (C.D. Cal. January 31, 2017) to represent a certified nationwide class of Millennium kombucha beverages,

20. *Moeller v. American Media, Inc.*, (E.D. Mich. June 8, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

21. *Hart v. BHH, LLC* (S.D.N.Y. July 7, 2017) to represent a nationwide class of purchasers of Bell & Howell ultrasonic pest repellers,

22. *McMillion v. Rash Curtis & Associates* (N.D. Cal. September 6, 2017) to represent a certified nationwide class of individuals who received calls from Rash Curtis & Associates,

23. *Lucero v. Solarcity Corp.* (N.D. Cal. September 15, 2017) to represent a certified nationwide class of individuals who received telemarketing calls from Solarcity Corp.,

24. *Taylor v. Trusted Media Brands, Inc.* (S.D.N.Y. Oct. 17, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

25. *Gasser v. Kiss My Face, LLC* (N.D. Cal. Oct. 23, 2017) to represent a proposed nationwide class of purchasers of cosmetic products,

26. *Gastelum v. Frontier California Inc.* (S.F. Superior Court February 21, 2018) to represent a certified California class of Frontier landline telephone customers who were charged late fees,

27. *Williams v. Facebook, Inc.* (N.D. Cal. June 26, 2018) to represent a proposed nationwide class of Facebook users for alleged privacy violations,

28. *Ruppel v. Consumers Union of United States, Inc.* (S.D.N.Y. July 27, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

29. *Bayol v. Health-Ade* (N.D. Cal. August 23, 2018) to represent a proposed nationwide class of Health-Ade kombucha beverage purchasers,

30. *West v. California Service Bureau* (N.D. Cal. September 12, 2018) to represent a certified nationwide class of individuals who received calls from California Service Bureau,

31. *Gregorio v. Premier Nutrition Corporation* (S.D.N.Y. Sept. 14, 2018) to represent a nationwide class of purchasers of protein shake products,

32. *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast* (S.D.N.Y. Oct. 24, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

33. *Bakov v. Consolidated World Travel Inc. d/b/a Holiday Cruise Line* (N.D. Ill. Mar. 21, 2019) to represent a certified class of individuals who received calls from Holiday Cruise Line,

34. *Martinelli v. Johnson & Johnson* (E.D. Cal. March 29, 2019) to represent a certified class of purchasers of Benecol spreads labeled with the representation "No Trans Fat,"

35. *Edwards v. Hearst Communications, Inc.* (S.D.N.Y. April 24, 2019) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

36. *Galvan v. Smashburger* (C.D. Cal. June 25, 2019) to represent a proposed class of purchasers of Smashburger's "Triple Double" burger,

37. *Kokoszki v. Playboy Enterprises, Inc.* (E.D. Mich. Feb. 7, 2020) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

38. *Russett v. The Northwestern Mutual Life Insurance Co.* (S.D.N.Y. May 28, 2020) to represent a class of insurance policyholders that were allegedly charged unlawful paper billing fees,

39. *In re: Metformin Marketing and Sales Practices Litigation* (D.N.J. June 3, 2020) to represent a proposed nationwide class of purchasers of generic diabetes medications that were contaminated with a cancer-causing carcinogen,

40. *Hill v. Spirit Airlines, Inc.* (S.D. Fla. July 21, 2020) to represent a proposed nationwide class of passengers whose flights were cancelled by Spirit Airlines due to the novel coronavirus, COVID-19, and whose tickets were not refunded,

41. *Kramer v. Alterra Mountain Co.* (D. Colo. July 31, 2020) to represent a proposed nationwide class of purchasers to recoup the unused value of their Ikon ski passes after Alterra suspended operations at its ski resorts due to the novel coronavirus, COVID-19,

42. *Qureshi v. American University* (D.D.C. July 31, 2020) to represent a proposed nationwide class of students for tuition and fee refunds after their classes were moved online by American University due to the novel coronavirus, COVID-19,

43. *Hufford v. Maxim Inc.* (S.D.N.Y. Aug. 13, 2020) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

44. *Desai v. Carnegie Mellon University* (W.D. Pa. Aug. 26, 2020) to represent a proposed nationwide class of students for tuition and fee refunds after their classes were moved online by Carnegie Mellon University due to the novel coronavirus, COVID-19,

45. *Heigl v. Waste Management of New York, LLC* (E.D.N.Y. Aug. 27, 2020) to represent a class of waste collection customers that were allegedly charged unlawful paper billing fees,

46. *Stellato v. Hofstra University* (E.D.N.Y. Sept. 18, 2020) to represent a proposed nationwide class of students for tuition and fee refunds after their classes were moved online by Hofstra University due to the novel coronavirus, COVID-19,

47. *Kaupelis v. Harbor Freight Tools USA, Inc.* (C.D. Cal. Sept. 23, 2020), to represent consumers who purchased defective chainsaws,

48. *Soo v. Lorex Corporation* (N.D. Cal. Sept. 23, 2020), to represent consumers whose security cameras were intentionally rendered non-functional by manufacturer,

49. *Miranda v. Golden Entertainment (NV), Inc.* (D. Nev. Dec. 17, 2020), to represent consumers and employees whose personal information was exposed in a data breach,

50. *Benbow v. SmileDirectClub, Inc.* (Cir. Ct. Cook Cnty. Feb. 4, 2021), to represent a certified nationwide class of individuals who received text messages from SmileDirectClub, in alleged violation of the Telephone Consumer Protection Act,

51. *Suren v. DSV Solutions, LLC* (Cir. Ct. DuPage Cnty. Apr. 8, 2021), to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

52. *De Lacour v. Colgate-Palmolive Co.* (S.D.N.Y. Apr. 23, 2021), to represent a certified class of consumers who purchased allegedly "natural" Tom's of Maine products,

53. *Wright v. Southern New Hampshire University* (D.N.H. Apr. 26, 2021), to represent a certified nationwide class of students for tuition and fee refunds after their classes were moved online by Southern New Hampshire University due to the novel coronavirus, COVID-19,

54. *Sahlin v. Hospital Housekeeping Systems, LLC* (Cir. Ct. Williamson Cnty. May 21, 2021), to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

55. *Landreth v. Verano Holdings LLC, et al.* (Cir. Ct. Cook Cnty. June 2, 2021), to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act.

56. *Rocchio v. Rutgers, The State University of New Jersey*, (Sup. Ct., Middlesex Cnty. October 27, 201), to represent a certified nationwide class of students for fee refunds after their classes were moved online by Rutgers due to the novel coronavirus, COVID-19,

57. *Malone v. Western Digital Corp.*, (N.D. Cal. Dec. 22, 2021), to represent a class of consumers who purchased hard drives that were allegedly deceptively advertised,

58. *Jenkins v. Charles Industries, LLC*, (Cir. Ct. DuPage Cnty. Dec. 21, 2021) to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

59. *Frederick v. Examsoft Worldwide, Inc.*, (Cir. Ct. DuPage Cnty. Jan. 6, 2022) to represent a certified class of exam takers who used virtual exam proctoring software, in alleged violation of the Illinois Biometric Information Privacy Act,

60. *Isaacson v. Liqui-Box Flexibles, LLC, et al.*, (Cir. Ct. Will Cnty. Jan. 18, 2022) to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

61. *Goldstein et al. v. Henkel Corp.*, (D. Conn. Mar. 3, 2022) to represent a proposed class of purchasers of Right Guard-brand antiperspirants that were allegedly contaminated with benzene,

62. *McCall v. Hercules Corp.*, (N.Y. Sup. Ct., Westchester Cnty. Mar. 14, 2022) to represent a certified class of who laundry card purchasers who were allegedly subjected to deceptive practices by being denied cash refunds,

63. *Lewis v. Trident Manufacturing, Inc.*, (Cir. Ct. Kane Cnty. Mar. 16, 2022) to represent a certified class of workers who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

64. *Croft v. Spinx Games Limited, et al.*, (W.D. Wash. Mar. 31, 2022) to represent a certified class of Washington residents who lost money playing mobile applications games that allegedly constituted illegal gambling under Washington law,

65. *Fischer v. Instant Checkmate LLC*, (N.D. Ill. Mar. 31, 2022) to represent a certified class of Illinois residents whose identities were allegedly used without their consent in alleged violation of the Illinois Right of Publicity Act,

66. *Rivera v. Google LLC*, (Cir. Ct. Cook Cnty. Apr. 25, 2022) to represent a certified class of Illinois residents who appeared in a photograph in Google Photos, in alleged violation of the Illinois Biometric Information Privacy Act,

67. *Loftus v. Outside Integrated Media, LLC*, (E.D. Mich. May 5, 2022) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

68. *D'Amario v. The University of Tampa*, (S.D.N.Y. June 3, 2022) to represent a certified nationwide class of students for tuition and fee refunds after their classes were moved online by The University of Tampa due to the novel coronavirus, COVID-19,

69. *Fittipaldi v. Monmouth University*, (D.N.J. Sept. 22, 2022) to represent a certified nationwide class of students for tuition and fee refunds after their classes were moved online by Monmouth University due to the novel coronavirus, COVID-19,

70. *Armstead v. VGW Malta Ltd. et al.* (Cir. Ct. Henderson Cnty. Oct. 3, 2022) to present a certified class of Kentucky residents who lost money playing mobile applications games that allegedly constituted illegal gambling under Kentucky law,

71. *Cruz v. The Connor Group, A Real Estate Investment Firm, LLC*, (N.D. Ill. Oct. 26, 2022) to represent a certified class of workers who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

72. *Delcid et al. v. TCP HOT Acquisitions LLC et al.* (S.D.N.Y. Oct. 28, 2022) to represent a certified nationwide class of purchasers of Sure and Brut-brand antiperspirants that were allegedly contaminated with benzene,

73. *Kain v. The Economist Newspaper NA, Inc.* (E.D. Mich. Dec. 15, 2022) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

74. *Strano v. Kiplinger Washington Editors, Inc.* (E.D. Mich. Jan. 6, 2023) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

75. *Moeller v. The Week Publications, Inc.* (E.D. Mich. Jan. 6, 2023) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

76. *Ambrose v. Boston Globe Media Partners, LLC* (D. Mass. May 25, 2023) to represent a nationwide class of newspaper subscribers who were also Facebook users under the Video Privacy Protection Act,

77. *In re: Apple Data Privacy Litigation*, (N.D. Cal. July 5, 2023) to represent a putative nationwide class of all persons who turned off permissions for data tracking and whose mobile app activity was still tracked on iPhone mobile devices,

78. *Young v. Military Advantage, Inc. d/b/a Military.com* (Cir. Ct. DuPage Cnty. July 26, 2023) to represent a nationwide class of website subscribers who were also Facebook users under the Video Privacy Protection Act,

79. *Whiting v. Yellow Social Interactive Ltd.* (Cir. Ct. Henderson Cnty. Aug. 15, 2023) to represent a certified class of Kentucky residents who lost money playing mobile applications games that allegedly constituted illegal gambling under Kentucky law,

80. *Kotila v. Charter Financial Publishing Network, Inc.* (W.D. Mich. Feb. 21, 2024) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

81. *Schreiber v. Mayo Foundation for Medical Education and Research* (W.D. Mich. Feb. 21, 2024) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

82. *Norcross v. Tishman Speyer Properties, et al.* (S.D.N.Y. May 17, 2024) to represent a class of online ticket purchasers under New York Arts & Cultural Affairs Law § 25.07(4).

## SCOTT A. BURSOR

Mr. Bursor has an active civil trial practice, having won multi-million verdicts or recoveries in six of six civil jury trials since 2008. Mr. Bursor's most recent victory came in May 2019 in *Perez v. Rash Curtis & Associates*, in which Mr. Bursor served as lead trial counsel and won a $267 million jury verdict against a debt collector for violations of the Telephone Consumer Protection Act (TCPA).

In *Ayyad v. Sprint Spectrum L.P.* (2013), where Mr. Bursor served as lead trial counsel, the jury returned a verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

In *Thomas v. Global Vision Products, Inc.* (2009), the jury returned a $50 million verdict in favor of the plaintiff and class represented by Mr. Bursor. The legal trade publication VerdictSearch reported that this was the second largest jury verdict in California in 2009.

Class actions are rarely tried to verdict. Other than Mr. Bursor and his partner Mr. Fisher, we know of no lawyer that has tried more than one class action to a jury. Mr. Bursor's perfect record of six wins in six class action jury trials, with recoveries ranging from $21 million to $299 million, is unmatched by any other lawyer. Each of these victories was hard-fought against top trial lawyers from the biggest law firms in the United States.

Mr. Bursor graduated from the University of Texas Law School in 1996. He served as Articles Editor of the Texas Law Review, and was a member of the Board of Advocates and Order of the Coif. Prior to starting his own practice, Mr. Bursor was a litigation associate at a large New York based law firm where he represented telecommunications, pharmaceutical, and technology companies in commercial litigation.

Mr. Bursor is a member of the state bars of New York, Florida, and California, as well as the bars of the United States Court of Appeals for the Second, Third, Fourth, Sixth, Ninth and Eleventh Circuits, and the bars of the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central, Southern and Eastern Districts of California, the Southern and Middle Districts of Florida, and the Eastern District of Michigan.

## *Representative Cases*

Mr. Bursor was appointed lead or co-lead class counsel to the largest, 2nd largest, and 3rd largest classes ever certified. Mr. Bursor has represented classes including more than 160 million class members, roughly 1 of every 2 Americans. Listed below are recent cases that are representative of Mr. Bursor's practice:

Mr. Bursor negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and 2nd largest classes ever certified). These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. These settlements are believed to be the most significant legal development affecting the telecommunications industry since 1968, when the FCC's Carterfone decision similarly opened up AT&T's wireline telephone network.

Mr. Bursor was the lead trial lawyer in *Ayyad v. Sprint Spectrum, L.P.* representing a class of approximately 2 million California consumers who were charged an early termination fee under a Sprint cellphone contract, asserting claims that such fees were unlawful liquidated damages under the California Civil Code, as well as other statutory and common law claims. After a five-week combined bench-and-jury trial, the jury returned a verdict in June 2008 and the Court issued a Statement of Decision in December 2008 awarding the plaintiffs $299 million in cash and debt cancellation. Mr. Bursor served as lead trial counsel for this class again in 2013 during a month-long jury trial in which Sprint asserted a $1.06 billion counterclaim against the class. Mr. Bursor secured a verdict awarding Sprint only $18.4 million, the exact amount calculated by the class's damages expert. This award was less than 2% of the damages Sprint sought, less than 6% of the amount of the illegal termination fees Sprint charged to class members. In December 2016, after more than 13 years of litigation, the case was settled for $304 million, including $79 million in cash payments plus $225 million in debt cancellation.

Mr. Bursor was the lead trial lawyer in *White v. Cellco Partnership d/b/a Verizon Wireless* representing a class of approximately 1.4 million California consumers who were charged an early termination fee under a Verizon cellphone contract, asserting claims that such fees were unlawful liquidated damages under the California Civil Code, as well as other statutory and common law claims. In July 2008, after Mr. Bursor presented plaintiffs' case-in-chief, rested, then cross-examined Verizon's principal trial witness, Verizon agreed to settle the case for a $21 million cash payment and an injunction restricting Verizon's ability to impose early termination fees in future subscriber agreements.

Mr. Bursor was the lead trial lawyer in *Thomas v. Global Visions Products Inc.* Mr. Bursor represented a class of approximately 150,000 California consumers who had purchased the Avacor® hair regrowth system. In January 2008, after a four-week combined bench-and-jury trial. Mr. Bursor obtained a $37 million verdict for the class, which the Court later increased to $40 million.

Mr. Bursor was appointed class counsel and was elected chair of the Official Creditors' Committee in *In re Nutraquest Inc.*, a Chapter 11 bankruptcy case before Chief Judge Garrett E. Brown, Jr. (D.N.J.) involving 390 ephedra-related personal injury and/or wrongful death claims, two consumer class actions, four enforcement actions by governmental agencies, and multiple adversary proceedings related to the Chapter 11 case. Working closely with counsel for all parties and with two mediators, Judge Nicholas Politan (Ret.) and Judge Marina Corodemus (Ret.), the committee chaired by Mr. Bursor was able to settle or otherwise resolve every claim and reach a fully consensual Chapter 11 plan of reorganization, which Chief Judge Brown approved in late 2006. This settlement included a $12.8 million recovery to a nationwide class of consumers who alleged they were defrauded in connection with the purchase of Xenadrine® dietary supplement products.

Mr. Bursor was the lead trial lawyer in *In re: Pacific Bell Late Fee Litigation*. After filing the first class action challenging Pac Bell's late fees in April 2010, winning a contested motion to certify a statewide California class in January 2012, and defeating Pac Bell's motion for summary judgment in February 2013, Mr. Bursor obtained final approval of the $38 million class settlement. The settlement, which Mr. Bursor negotiated the night before opening statements were scheduled to commence, included a $20 million cash payment to provide refunds to California customers who paid late fees on their Pac Bell wireline telephone accounts, and an injunction that reduced other late fee charges by $18.6 million.

### L. TIMOTHY FISHER

L. Timothy Fisher has an active practice in consumer class actions and complex business litigation and has also successfully handled a large number of civil appeals.

Mr. Fisher has been actively involved in numerous cases that resulted in multi-million dollar recoveries for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and consumer fraud. With his partner Scott A. Bursor, Mr. Fisher has tried five class action jury trials, all of which produced successful results. In *Thomas v. Global Vision Products*, Mr. Fisher obtained a jury award of $50,024,611 — the largest class action award in California in 2009 and the second-largest jury award of any kind. In 2019, Mr. Fisher served as trial counsel with Mr. Bursor in *Perez. v. Rash Curtis & Associates*, where the jury returned a verdict for $267 million in statutory damages under the Telephone Consumer Protection Act.

Mr. Fisher was admitted to the State Bar of California in 1997. He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit, the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the Northern District of Illinois, the Eastern District of Michigan, and the Eastern District of Missouri. Mr. Fisher taught appellate advocacy at John F. Kennedy University School of Law in 2003 and 2004. In 2010, he contributed jury instructions, a verdict form and comments to the consumer protection chapter of Justice Elizabeth A. Baron's *California Civil Jury Instruction Companion Handbook* (West 2010). In January 2014, Chief Judge Claudia Wilken of the United States District Court for the Northern District of California appointed Mr. Fisher to a four-year term as a member of the Court's Standing Committee on Professional Conduct.

Mr. Fisher received his Juris Doctor from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first-year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council." He is also a member of Phi Beta Kappa.


### *Representative Cases*

*Thomas v. Global Vision Products, Inc.* (Alameda County Superior Court). Mr. Fisher litigated claims against Global Vision Products, Inc. and other individuals in connection with the sale and marketing of a purported hair loss remedy known as Avacor. The case lasted more than seven years and involved two trials. The first trial resulted in a verdict for plaintiff and the class in the amount of $40,000,000. The second trial resulted in a jury verdict of $50,024,611, which led to a $30 million settlement for the class.

*In re Cellphone Termination Fee Cases* - Handset Locking Actions (Alameda County Superior Court). Mr. Fisher actively worked on five coordinated cases challenging the secret locking of cell phone handsets by major wireless carriers to prevent consumers from activating them on competitive carriers' systems. Settlements have been approved in all five cases on terms that require the cell phone carriers to disclose their handset locks to consumers and to provide unlocking codes nationwide on reasonable terms and conditions. The settlements fundamentally changed the landscape for cell phone consumers regarding the locking and unlocking of cell phone handsets.

*In re Cellphone Termination Fee Cases* - Early Termination Fee Cases (Alameda County Superior Court and Federal Communications Commission). In separate cases that are a part of the same coordinated litigation as the Handset Locking Actions, Mr. Fisher actively worked on claims challenging the validity under California law of early termination fees imposed by national cell phone carriers. In one of those cases, against Verizon Wireless, a nationwide settlement was reached after three weeks of trial in the amount of $21 million. In a second case, which was tried to verdict, the Court held after trial that the $73 million of flat early termination fees that Sprint had collected from California consumers over an eight-year period were void and unenforceable.

### *Selected Published Decisions*

*Melgar v. Zicam LLC*, 2016 WL 1267870 (E.D. Cal. Mar. 30, 2016) (certifying 10-jurisdiction class of purchasers of cold remedies, denying motion for summary judgment, and denying motions to exclude plaintiff's expert witnesses).

*Salazar v. Honest Tea, Inc.*, 2015 WL 7017050 (E.D. Cal. Nov. 12. 2015) (denying motion for summary judgment).

*Dei Rossi v. Whirlpool Corp.*, 2015 WL 1932484 (E.D. Cal. Apr. 27, 2015) (certifying California class of purchasers of refrigerators that were mislabeled as Energy Star qualified).

*Bayol v. Zipcar, Inc.*, 78 F.Supp.3d 1252 (N.D. Cal. 2015) (denying motion to dismiss claims alleging unlawful late fees under California Civil Code § 1671).

*Forcellati v. Hyland's, Inc.*, 2015 WL 9685557 (C.D. Cal. Jan. 12, 2015) (denying motion for summary judgment in case alleging false advertising of homeopathic cold and flu remedies for children).

*Bayol v. Zipcar, Inc.*, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) (denying motion to transfer venue pursuant to a forum selection clause).

*Forcellati v. Hyland's Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) (certifying nationwide class of purchasers of homeopathic cold and flu remedies for children).

*Hendricks v. StarKist Co.*, 30 F.Supp.3d 917 (N.D. Cal. 2014) (denying motion to dismiss in case alleging underfilling of 5-ounce cans of tuna).

*Dei Rossi v. Whirlpool Corp.*, 2013 WL 5781673 (E.D. Cal. October 25, 2013) (denying motion to dismiss in case alleging that certain KitchenAid refrigerators were misrepresented as Energy Star qualified).

*Forcellati v. Hyland's Inc.*, 876 F.Supp.2d 1155 (C.D. Cal. 2012) (denying motion to dismiss complaint alleging false advertising regarding homeopathic cold and flu remedies for children).

*Clerkin v. MyLife.com*, 2011 WL 3809912 (N.D. Cal. August 29, 2011) (denying defendants' motion to dismiss in case alleging false and misleading advertising by a social networking company).

*In re Cellphone Termination Fee Cases*, 186 Cal.App.4th 1380 (2010) (affirming order approving $21 million class action settlement).

*Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571 (2007) (affirming order denying motion to compel arbitration).

### *Selected Class Settlements*

*Melgar v. Zicam* (Eastern District of California) - $16 million class settlement of claims alleging cold medicine was ineffective.

*Gastelum v. Frontier California Inc.* (San Francisco Superior Court) - $10.9 million class action settlement of claims alleging that a residential landline service provider charged unlawful late fees.

*West v. California Service Bureau*, *Inc.* (Northern District of California) - $4.1 million class settlement of claims under the Telephone Consumer Protection Act.

*Gregorio v. Premier Nutrition Corp.* (Southern District of New York) - $9 million class settlement of false advertising claims against protein shake manufacturer.

*Morris v. SolarCity Corp.* (Northern District of California) - $15 million class settlement of claims under the Telephone Consumer Protection Act.

*Retta v. Millennium Products, Inc.* (Central District of California) - $8.25 million settlement to resolve claims of bottled tea purchasers for alleged false advertising.

*Forcellati v. Hyland's* (Central District of California) – nationwide class action settlement providing full refunds to purchasers of homeopathic cold and flu remedies for children.

*Dei Rossi v. Whirlpool* (Eastern District of California) – class action settlement providing $55 cash payments to purchasers of certain KitchenAid refrigerators that allegedly mislabeled as Energy Star qualified.

*In Re NVIDIA GTX 970 Graphics Chip Litigation* (Northern District of California) - $4.5 million class action settlement of claims alleging that a computer graphics card was sold with false and

misleading representations concerning its specifications and performance.

*Hendricks v. StarKist Co.* (Northern District of California) – $12 million class action settlement of claims alleging that 5-ounce cans of tuna were underfilled.

*In re Zakskorn v. American Honda Motor Co.* Honda (Eastern District of California) – nationwide settlement providing for brake pad replacement and reimbursement of out-of-pocket expenses in case alleging defective brake pads on Honda Civic vehicles manufactured between 2006 and 2011.

*Correa v. Sensa Products, LLC* (Los Angeles Superior Court) - $9 million settlement on behalf of purchasers of the Sensa weight loss product.

*In re Pacific Bell Late Fee Litigation* (Contra Costa County Superior Court) - $38.6 million settlement on behalf of Pac Bell customers who paid an allegedly unlawful late payment charge.

*In re Haier Freezer Consumer Litigation* (Northern District of California) - $4 million settlement, which provided for cash payments of between $50 and $325.80 to class members who purchased the Haier HNCM070E chest freezer.

*Thomas v. Global Vision Products, Inc.* (Alameda County Superior Court) - $30 million settlement on behalf of a class of purchasers of a hair loss remedy.

*Guyette v. Viacom, Inc.* (Alameda County Superior Court) - $13 million settlement for a class of cable television subscribers who alleged that the defendant had improperly failed to share certain tax refunds with its subscribers.

## <u>JOSEPH I. MARCHESE</u>

Joseph I. Marchese is a Partner with Bursor & Fisher, P.A. Joe focuses his practice on consumer class actions, employment law disputes, and commercial litigation. He has represented corporate and individual clients in a wide array of civil litigation, and has substantial trial and appellate experience.

Joe has diverse experience in litigating and resolving consumer class actions involving claims of mislabeling, false or misleading advertising, privacy violations, unlawful and junk fees, data breach claims, and violations of the Telephone Consumer Protection Act and Servicemembers Civil Relief Act.

Joe also has significant experience in multidistrict litigation proceedings. Recently, he served on the Plaintiffs' Executive Committee in *In Re: Blue Buffalo Company, Ltd. Marketing And Sales Practices Litigation*, MDL No. 2562, which resulted in a $32 million consumer class settlement. Currently, he serves on the Plaintiffs' Steering Committee for Economic Reimbursement in *In Re: Valsartan Products Liability Litigation*, MDL. No. 2875.

Joe is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York,

and the Eastern District of Michigan, as well as the United States Courts of Appeals for the First, Second and Sixth Circuits.

Joe graduated from Boston University School of Law in 2002 where he was a member of The Public Interest Law Journal. In 1998, Joe graduated with honors from Bucknell University.

### *Selected Published Decisions:*

*Farwell v. Google, LLC*, 595 F. Supp. 3d 702 (C.D. Ill. Mar. 31, 2022), denying defendant's motion to dismiss BIPA claims brought on behalf of Illinois students using Google's Workspace for Education platform.

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. Sept. 7, 2017), granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action.

*Boelter v. Hearst Communications, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. June 17, 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*In re Michaels Stores Pin Pad Litigation*, 830 F. Supp. 2d 518 (N.D. Ill. 2011), denying retailer's motion to dismiss its customers' state law consumer protection and privacy claims in data breach putative class action.

### *Selected Class Settlements:*

*Schreiber v. Mayo Foundation*, Case No. 22-cv-0188-HYJ-RSK (W.D. Mich. 2024) – final approval granted for $52.5 million class settlement to resolve claims of periodical subscribers for alleged statutory privacy violations.

*Edwards v. Mid-Hudson Valley Federal Credit Union*, Case No. 22-cv-00562-TJM-CFH (N.D.N.Y. 2023) – final approval granted for $2.2 million class settlement to resolve claims alleging unlawfully charged overdraft fees on accounts with sufficient funds.

*Benbow v. SmileDirectClub, LLC*, Case No. 2020-CH-07269 (Cir. Ct. Cook Cnty. 2022) – final approval granted for $11.5 million class settlement to resolve claims for alleged TCPA violations.

*Marquez v. Google LLC*, Case No. 2021-CH-1460 (Cir. Ct. Cook Cnty. 2022) – final approval granted for $100 million class settlement to resolve alleged BIPA violations of Illinois residents appearing on the Google Photos platform.

*Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) – final approval granted for $50 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671-NRB (S.D.N.Y. 2019) – final approval granted for $13.75 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

In *re Scotts EZ Seed Litigation*, Case No. 12-cv-4727-VB (S.D.N.Y. 2018) – final approval granted for $47 million class settlement to resolve false advertising claims of purchasers of combination grass seed product.

*In Re: Blue Buffalo Marketing And Sales Practices Litigation*, Case No. 14-MD-2562-RWS (E.D. Mo. 2016) – final approval granted for $32 million class settlement to resolve claims of pet owners for alleged false advertising of pet foods.

*Rodriguez v. Citimortgage, Inc.*, Case No. 11-cv-4718-PGG (S.D.N.Y. 2015) – final approval granted for $38 million class settlement to resolve claims of military servicemembers for alleged foreclosure violations of the Servicemembers Civil Relief Act, where each class member was entitled to $116,785 plus lost equity in the foreclosed property and interest thereon.

*O'Brien v. LG Electronics USA, Inc., et al.*, Case No. 10-cv-3733-DMC (D.N.J. 2011) – final approval granted for $23 million class settlement to resolve claims of Energy Star refrigerator purchasers for alleged false advertising of the appliances' Energy Star qualification.

## SARAH N. WESTCOT

Sarah N. Westcot is the Managing Partner of Bursor & Fisher's Miami office. She focuses her practice on consumer class actions, complex business litigation, and mass torts.

She has represented clients in a wide array of civil litigation, and has substantial trial and appellate experience. Sarah served as trial counsel in *Ayyad v. Sprint Spectrum L.P.*, where Bursor & Fisher won a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

Sarah also has significant experience in high-profile, multi-district litigations. She currently serves on the Plaintiffs' Steering Committee in *In re Zantac (Ranitidine) Products Liability Litigation,* MDL No. 2924 (S.D. Florida). She also serves on the Plaintiffs' Executive Committee in *In re Apple Inc. App Store Simulated Casino-Style Games Litigation,* MDL No. 2985 (N.D. Cal.) and *In Re: Google Play Store Simulated Casino-Style Games Litigation*, MDL No. 3001 (N.D. Cal.).

Sarah is admitted to the State Bars of California and Florida, and is a member of the bars of the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California, the United States District Courts for the Southern and Middle Districts of Florida, and the bars of the United States Courts of Appeals for the Second, Eighth, and Ninth Circuits.

Sarah received her Juris Doctor from the University of Notre Dame Law School in 2009. During law school, she was a law clerk with the Cook County State's Attorney's Office in Chicago and the Santa Clara County District Attorney's Office in San Jose, CA, gaining early trial experience in both roles. She graduated with honors from the University of Florida in 2005.

Sarah is a member of The National Trial Lawyers Top 100 Civil Plaintiff Lawyers, and was selected to The National Trial Lawyers Top 40 Under 40 Civil Plaintiff Lawyers for 2022.

## NEAL J. DECKANT

Neal J. Deckant is a Partner with Bursor & Fisher, P.A., where he serves as the firm's Head of Information & e-Discovery. Neal focuses his practice on complex business litigation and consumer class actions. Prior to joining Bursor & Fisher, Neal counseled low-income homeowners facing foreclosure in East Boston.

Neal is admitted to the State Bars of California and New York, and is a member of the bars of the United States District Court for the Northern District of California, the United States District Court for the Eastern District of California, the United States District Court for the Central District of California, the United States District Court for the Southern District of California, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the bars of the United States Courts of Appeals for the Second and Ninth Circuits.

Neal received his Juris Doctor from Boston University School of Law in 2011, graduating cum laude with two Dean's Awards. During law school, Neal served as a Senior Articles Editor for the Review of Banking and Financial Law, where he authored two published articles about securitization reforms, both of which were cited by the New York Court of Appeals, the highest court in the state. Neal was also awarded Best Oral Argument in his moot court section, and he served as a Research Assistant for his Securities Regulation professor. Neal has also been honored as a 2014, 2015, 2016, and 2017 Super Lawyers Rising Star. In 2007, Neal graduated with Honors from Brown University with a dual major in East Asian Studies and Philosophy.

### *Selected Published Decisions:*

*Martinelli v. Johnson & Johnson*, 2019 WL 1429653 (N.D. Cal. Mar. 29, 2019), granting class certification of false advertising and other claims brought by purchasers of Benecol spreads labeled with the representation "No Trans Fats."

*Dzielak v. Whirlpool Corp.*, 2017 WL 6513347 (D.N.J. Dec. 20, 2017), granting class certification of consumer protection claims brought by purchasers of Maytag Centennial washing machines marked with the "Energy Star" logo.

*Duran v. Obesity Research Institute*, LLC, 204 Cal. Rptr. 3d 896 (Cal. Ct. App. 2016), reversing and remanding final approval of a class action settlement on appeal, regarding allegedly mislabeled dietary supplements, in connection with a meritorious objection.

*Marchuk v. Faruqi & Faruqi, LLP*, et al., 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*In Re NVIDIA GTX 970 Graphics Chip Litigation*, Case No. 15-cv-00760-PJH (N.D. Cal. Dec. 7, 2016) – final approval granted for $4.5 million class action settlement to resolve claims that a computer graphics card was allegedly sold with false and misleading representations concerning its specifications and performance.

*Hendricks v. StarKist Co.*, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) – final approval granted for $12 million class action settlement to resolve claims that 5-ounce cans of tuna were allegedly underfilled.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014) – class action claims resolved for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy, following claims that its olive oil was allegedly sold with false and misleading representations.

### *Selected Publications:*

Neal Deckant, *X. Reforms of Collateralized Debt Obligations: Enforcement, Accounting and Regulatory Proposals*, 29 Rev. Banking & Fin. L. 79 (2009) (cited in *Quadrant Structured Products Co., Ltd. v. Vertin*, 16 N.E.3d 1165, 1169 n.8 (N.Y. 2014)).

Neal Deckant, *Criticisms of Collateralized Debt Obligations in the Wake of the Goldman Sachs Scandal*, 30 Rev. Banking & Fin. L. 407 (2010) (cited in *Quadrant Structured Products Co., Ltd. v. Vertin*, 16 N.E.3d 1165, 1169 n.8 (N.Y. 2014); *Lyon Village Venetia, LLC v. CSE Mortgage LLC*, 2016 WL 476694, at *1 n.1 (Md. Ct. Spec. App. Feb. 4, 2016); Ivan Ascher, Portfolio Society: On the Capitalist Mode of Prediction, at 141, 153, 175 (Zone Books / The MIT Press 2016); Devon J. Steinmeyer, *Does State National Bank of Big Spring v. Geithner Stand a Fighting Chance?*, 89 Chi.-Kent. L. Rev. 471, 473 n.13 (2014)).

### YITZCHAK KOPEL

Yitzchak Kopel is a Partner with Bursor & Fisher, P.A. Yitz focuses his practice on consumer class actions and complex business litigation. He has represented corporate and individual clients before federal and state courts, as well as in arbitration proceedings.

Yitz has substantial experience in successfully litigating and resolving consumer class actions involving claims of consumer fraud, data breaches, and violations of the telephone consumer protection act. Since 2014, Yitz has obtained class certification on behalf of his clients five times, three of which were certified as nationwide class actions. Bursor & Fisher was appointed as class counsel to represent the certified classes in each of the cases.

Yitz is admitted to the State Bars of New York and New Jersey, the bar of the United States Court of Appeals for the Second, Eleventh, and Ninth Circuits, and the bars of the United States District Courts for the Southern District of New York, Eastern District of New York, Eastern District of Missouri, Eastern District of Wisconsin, Northern District of Illinois, and District of New Jersey.

Yitz received his Juris Doctorate from Brooklyn Law School in 2012, graduating *cum laude* with two Dean's Awards. During law school, Yitz served as an Articles Editor for the Brooklyn Law Review and worked as a Law Clerk at Shearman & Sterling. In 2009, Yitz graduated *cum laude* from Queens College with a B.A. in Accounting.

### *Selected Published Decisions:*

*Bassaw v. United Industries Corp.,* 482 F.Supp.3d 80, 2020 WL 5117916 (S.D.N.Y. Aug. 31, 2020), denying motion to dismiss claims in putative class action concerning insect foggers.

*Poppiti v. United Industries Corp.*, 2020 WL 1433642 (E.D. Mo. Mar. 24, 2020), denying motion to dismiss claims in putative class action concerning citronella candles.

*Bakov v. Consolidated World Travel, Inc.*, 2019 WL 6699188 (N.D. Ill. Dec. 9, 2019), granting summary judgment on behalf of certified class in robocall class action.

*Krumm v. Kittrich Corp.*, 2019 WL 6876059 (E.D. Mo. Dec. 17, 2019), denying motion to dismiss claims in putative class action concerning mosquito repellent.

*Crespo v. S.C. Johnson & Son, Inc.*, 394 F. Supp. 3d 260 (S.D.N.Y. 2019), denying defendant's motion to dismiss fraud and consumer protection claims in putative class action regarding Raid insect fogger.

*Bakov v. Consolidated World Travel, Inc.*, 2019 WL 1294659 (N.D. Ill. Mar. 21, 2019), certifying a class of persons who received robocalls in the state of Illinois.

*Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454 (S.D.N.Y. 2019), denying defendant's motion to dismiss fraud and consumer protection claims in putative class action regarding mosquito repellent.

*Hart v. BHH, LLC*, 323 F. Supp. 3d 560 (S.D.N.Y. 2018), denying defendants' motion for summary judgment in certified class action involving the sale of ultrasonic pest repellers.

*Hart v. BHH, LLC*, 2018 WL 3471813 (S.D.N.Y. July 19, 2018), denying defendants' motion to exclude plaintiffs' expert in certified class action involving the sale of ultrasonic pest repellers.

*Penrose v. Buffalo Trace Distillery, Inc.*, 2018 WL 2334983 (E.D. Mo. Feb. 5, 2018), denying bourbon producers' motion to dismiss fraud and consumer protection claims in putative class action.

*West v. California Service Bureau*, *Inc.*, 323 F.R.D. 295 (N.D. Cal. 2017), certifying a nationwide class of "wrong-number" robocall recipients.

*Hart v. BHH, LLC*, 2017 WL 2912519 (S.D.N.Y. July 7, 2017), certifying nationwide class of purchasers of ultrasonic pest repellers.

*Browning v. Unilever United States, Inc.*, 2017 WL 7660643 (C.D. Cal. Apr. 26, 2017), denying motion to dismiss fraud and warranty claims in putative class action concerning facial scrub product.

*Brenner v. Procter & Gamble Co.*, 2016 WL 8192946 (C.D. Cal. Oct. 20, 2016), denying motion to dismiss warranty and consumer protection claims in putative class action concerning baby wipes.

*Hewlett v. Consolidated World Travel, Inc.*, 2016 WL 4466536 (E.D. Cal. Aug. 23, 2016), denying telemarketer's motion to dismiss TCPA claims in putative class action.

*Bailey v. KIND, LLC*, 2016 WL 3456981 (C.D. Cal. June 16, 2016), denying motion to dismiss fraud and warranty claims in putative class action concerning snack bars.

*Hart v. BHH, LLC*, 2016 WL 2642228 (S.D.N.Y. May 5, 2016) denying motion to dismiss warranty and consumer protection claims in putative class action concerning ultrasonic pest repellers.

*Marchuk v. Faruqi & Faruqi, LLP, et al.*, 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting clients' motion for judgment as a matter of law on claims for retaliation and defamation in employment action.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217 (E.D.N.Y. 2015), denying diet pill manufacturers' motion to dismiss its purchasers' allegations for breach of express warranty in putative class action.

*Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151 (S.D.N.Y. 2014), denying online job board's motion to dismiss its subscribers' allegations of consumer protection law violations in putative class action.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*Hart v. BHH, LLC*, Case No. 1:15-cv-04804 (S.D.N.Y. Sept. 22, 2020), resolving class action claims regarding ultrasonic pest repellers.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014), resolving class action claims for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy following the certification of nationwide claims alleging that its olive oil was sold with false and misleading representations.

*West v. California Service Bureau*, Case No. 4:16-cv-03124-YGR (N.D. Cal. Jan. 23, 2019), resolving class action claims against debt-collector for wrong-number robocalls for $4.1 million.

## PHILIP L. FRAIETTA

Philip L. Fraietta is a Partner with Bursor & Fisher, P.A. Phil focuses his practice on data privacy, complex business litigation, consumer class actions, and employment law disputes. Phil has been named a "Rising Star" in the New York Metro Area by Super Lawyers® every year since 2019.

Phil has significant experience in litigating consumer class actions, particularly those involving privacy claims under statutes such as the Michigan Preservation of Personal Privacy Act, the Illinois Biometric Information Privacy Act, and Right of Publicity statutes. Since 2016, Phil has recovered over $100 million for class members in privacy class action settlements. In addition to privacy claims, Phil has significant experience in litigating and settling class action claims involving false or misleading advertising.

Phil is admitted to the State Bars of New York, New Jersey, Illinois, Michigan, and California, the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, the Western District of New York, the Northern District of New York, the District of New Jersey, the Eastern District of Michigan, the Western District of Michigan, the Northern District of Illinois, the Central District of Illinois, and the United States Court of Appeals for the Second, Third, and Ninth Circuits. Phil was a Summer Associate with Bursor & Fisher prior to joining the firm.



Phil received his Juris Doctor from Fordham University School of Law in 2014, graduating cum laude. During law school, Phil served as an Articles & Notes Editor for the Fordham Law Review, and published two articles. In 2011, Phil graduated cum laude from Fordham University with a B.A. in Economics.

## *Selected Published Decisions:*

*Fischer v. Instant Checkmate LLC*, 2022 WL 971479 (N.D. Ill. Mar. 31, 2022), certifying class of Illinois residents for alleged violations of Illinois' Right of Publicity Act by background reporting website.

*Kolebuck-Utz v. Whitepages Inc.,* 2021 WL 157219 (W.D. Wash. Apr. 22, 2021), denying defendant's motion to dismiss for alleged violations of Ohio's Right to Publicity Law.

*Bergeron v. Rochester Institute of Technology,* 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020), denying university's motion to dismiss for failure to refund tuition and fees for the Spring 2020 semester in light of the COVID-19 pandemic.

*Porter v. NBTY, Inc.,* 2019 WL 5694312 (N.D. Ill. Nov. 4, 2019), denying supplement manufacturer's motion for summary judgment on consumers' allegations of false advertising relating to whey protein content.

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017), granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action.

## *Selected Class Settlements:*

*Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) – final approval granted for $50 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Ruppel v. Consumers Union of United States, Inc.*, Case No. 16-cv-02444-KMK (S.D.N.Y. 2018) – final approval granted for $16.375 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671-NRB (S.D.N.Y. 2019) – final approval granted for $13.75 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Benbow v. SmileDirectClub, LLC*, Case No. 2020-CH-07269 (Cir. Ct. Cook Cnty. 2021) – final approval granted for $11.5 million class settlement to resolve claims for alleged TCPA violations.

*Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y. 2019) – final approval granted for $9 million class settlement to resolve claims of protein shake purchasers for alleged false advertising.

*Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812-KMK (S.D.N.Y. 2018) – final approval granted for $8.225 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. American Media, Inc.*, Case No. 16-cv-11367-JEL (E.D. Mich. 2017) – final approval granted for $7.6 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Rocchio v. Rutgers, The State University of New Jersey*, Case No. MID-L-003039-20 (Sup. Ct. Middlesex Cnty. 2022) – final approval granted for $5 million class settlement to resolve claims for failure to refund mandatory fees for the Spring 2020 semester in light of the COVID-19 pandemic.

*Heigl v. Waste Management of New York, LLC*, Case No. 19-cv-05487-WFK-ST (E.D.N.Y. 2021) – final approval granted for $2.7 million class settlement to resolve claims for charging allegedly unlawful fees pertaining to paper billing.

*Frederick v. Examsoft Worldwide, Inc.*, Case No. 2021L001116 (Cir. Ct. DuPage Cnty. 2022) – final approval granted for $2.25 million class settlement to resolve claims for alleged BIPA violations.

## ALEC M. LESLIE

Alec Leslie is a Partner with Bursor & Fisher, P.A.  He focuses his practice on consumer class actions, employment law disputes, and complex business litigation.

Alec is admitted to the State Bar of New York and is a member of the bar of the United States District Courts for the Southern and Eastern Districts of New York.  Alec was a Summer Associate with Bursor & Fisher prior to joining the firm.

Alec received his Juris Doctor from Brooklyn Law School in 2016, graduating *cum laude*.  During law school, Alec served as an Articles Editor for Brooklyn Law Review.  In addition, Alec served as an intern to the Honorable James C. Francis for the Southern District of New York and the Honorable Vincent Del Giudice, Supreme Court, Kings County.  Alec graduated from the University of Colorado with a B.A. in Philosophy in 2012.

### *Selected Class Settlements:*

*Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y. 2019) – final approval granted for class settlement to resolve claims of protein shake purchasers for alleged false advertising.

*Wright v. Southern New Hampshire Univ.*, Case No. 1:20-cv-00609-LM (D.N.H. 2021) – final approval granted for class settlement to resolve claims over COVID-19 tuition and fee refunds to students.

*Mendoza et al. v. United Industries Corp.*, Case No. 21PH-CV00670 (Phelps Cnty. Mo. 2021) – final approval granted for class settlement to resolve false advertising claims on insect repellent products.

*Kaupelis v. Harbor Freight Tools USA, Inc.*, Case No. 8:19-cv-01203-JVS-DFM (C.D. Cal. 2021) – final approval granted for class settlement involving allegedly defective and dangerous chainsaws.

*Rocchio v. Rutgers Univ.*, Case No. MID-L-003039-20 (Middlesex Cnty. N.J. 2021) – final approval granted for class settlement to resolve claims over COVID-19 fee refunds to students.

*Malone v. Western Digital Corporation*, Case No. 5:20-cv-03584-NC (N.D. Cal.) – final approval granted for class settlement to resolve false advertising claims on hard drive products.

*Frederick et al. v. ExamSoft Worldwide, Inc.*, Case No. 2021L001116 (DuPage Cnty. Ill. 2021) – final approval granted for class settlement to resolve claims over alleged BIPA violations with respect to exam proctoring software.

*D'Amario et al. v. Univ. of Tampa*, Case No. 7:20-cv-07344 (S.D.N.Y. 2022) – final approval granted for class settlement to resolve claims over COVID-19 fee refunds to students.

*Olin et al. v. Meta Platforms, Inc.*, Case No. 3:18-cv-01881-RS (N.D. Cal. 2022) – final approval granted for class settlement involving invasion of privacy claims.

*Croft v. SpinX Games et al.*, Case No. 2:20-cv-01310-RSM (W.D. Wash. 2022) – final approval granted for class settlement involving allegedly deceptive and/or illegal gambling practices.

*Armstead v. VGW Malta Ltd. et al.*, Case No. 22-CI-00553 (Henderson Cnty. Ky. 2023) – final approval granted for class settlement involving allegedly deceptive and/or illegal gambling practices.

*Barbieri v. Tailored Brands, Inc.*, Index No. 616696/2022 (Nassau Cnty. N.Y.) – final approval granted for class settlement involving untimely wage payments to employees.

*Metzner et al. v. Quinnipiac Univ.*, Case No. 3:20-cv-00784 (D. Conn.) – final approval granted for class settlement to resolve claims over COVID-19 fee refunds to students.

*In re GE/Canon Data Breach,* Case No. 1:20-cv-02903 (S.D.N.Y.) – final approval granted for class settlement to resolve data breach claims.

*Davis v. Urban Outfitters, Inc.,* Index No. 612162/2022 (Nassau Cnty. N.Y.) – final approval granted for class settlement involving untimely wage payments to employees.

*Armstead v. VGW Malta LTD et al.,* Civil Action No. 22-CI-00553 (Henderson Cir. Ct. Ky.) – final approval granted for class settlement involving allegedly deceptive and/or illegal gambling practices.

*Casler et al. v. Mclane Company, Inc. et al.,* Index No. 616432/2022 (Nassau Cnty. N.Y.) – final approval granted for class settlement involving untimely wage payments to employees.

*Wyland v. Woopla, Inc.,* Civil Action No. 2023-CI-00356 (Henderson Cir. Ct. Ky.) – final approval granted for class settlement involving allegedly deceptive and/or illegal gambling practices.

*Graziano et al. v. Lego Systems, Inc.,* Index No. 611615/2022 (Nassau Cnty. N.Y.) – final approval granted for class settlement involving untimely wage payments to employees.

*Lipsky et al. v. American Behavioral Research Institute, LLC,* Case No. 50-2023-CA-011526-XXXX-MB (Palm Beach Cnty. Fl.) – final approval granted to resolve allegedly deceptive automatic renewal and product efficacy claims.

*Whiting v. Yellow Social Interactive Ltd.,* Civil Action No. 2023-CI-00358 (Henderson Cir. Ct. Ky.) – final approval granted for class settlement involving allegedly deceptive and/or illegal gambling practices.

## STEPHEN BECK

Stephen is an Associate with Bursor & Fisher, P.A. Stephen focuses his practice on complex civil litigation and class actions.

Stephen is admitted to the State Bar of Florida and is a member of the bars of the United States District Courts for the Southern and Middle Districts of Florida, the Eastern District of Missouri, and the Northern District of Illinois.

Stephen received his Juris Doctor from the University of Miami School of Law in 2018. During law school, Stephen received an Honors distinction in the Litigation Skills Program and was awarded the Honorable Theodore Klein Memorial Scholarship for excellence in written and oral advocacy. Stephen also received the CALI Award in Legislation for earning the highest grade on the final examination. Stephen graduated from the University of North Florida with a B.A. in Philosophy in 2015.

## STEFAN BOGDANOVICH

Stefan Bogdanovich is an Associate with Bursor & Fisher, P.A. Stefan litigates complex civil and class actions typically involving privacy, intellectual property, entertainment, and false advertising law.

Prior to working at Bursor & Fisher, Stefan practiced at two national law firms in Los Angeles. He helped represent various companies in false advertising and IP infringement cases, media companies in defamation cases, and motion picture producers in royalty disputes. He also advised corporations and public figures on complying with various privacy and advertising laws and regulations.



Stefan is admitted to the State Bar of California and all of the California Federal District Courts. He is also a Certified Information Privacy Professional.

Stefan received his Juris Doctor from the University of Southern California Gould School of Law in 2018, where he was a member of the Hale Moot Court Honors Program and the Trial Team. He received the highest grade in his class in three subjects, including First Amendment Law.

## MAX S. ROBERTS

Max Roberts is an Associate in Bursor & Fisher's New York office. Max focuses his practice on class actions concerning data privacy and consumer protection. Max was a Summer Associate with Bursor & Fisher prior to joining the firm and is now Co-Chair of the firm's Appellate Practice Group.

In 2023, Max was named "Rising Star" in the New York Metro Area by Super Lawyers®.

Max received his Juris Doctor from Fordham University School of Law in 2019, graduating *cum laude.* During law school, Max was a member of Fordham's Moot Court Board, the Brennan Moore Trial Advocates, and the Fordham Urban Law Journal, for which he published a note entitled *Weaning Drug Manufacturers Off Their Painkiller: Creating an Exception to the Learned Intermediary Doctrine in Light of the Opioid Crisis.* In addition, Max served as an intern to the Honorable Vincent L. Briccetti of the Southern District of New York and the Fordham Criminal Defense Clinic. Max graduated from Johns Hopkins University in 2015 with a B.A. in Political Science.

Outside of the law, Max is an avid triathlete.

### *Selected Published Decisions:*

*Huertas v. Bayer US LLC*, 120 F.4th 1169 (3d Cir. 2024), reversing district court and holding plaintiffs had alleged an injury-in-fact sufficient for Article III standing. Max personally argued the appeal before the Third Circuit, which can be listened to here.

*Jackson v. Amazon.com, Inc.*, 65 F.4th 1093 (9th Cir. 2023), affirming district court's denial of motion to compel arbitration. Max personally argued the appeal before the Ninth Circuit, which can be viewed here.

*Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022), reversing district court and holding that Section 631 of the California Invasion of Privacy Act requires prior consent to wiretapping. Max personally argued the appeal before the Ninth Circuit, which can be viewed here.

*Mora v. J&M Plating, Inc.*, 213 N.E.3d 942 (Ill. App. Ct. 2d Dist. 2022), reversing circuit court and holding that Section 15(a) of Illinois' Biometric Information Privacy Act requires an entity to establish a retention and deletion schedule for biometric data at the first moment of

possession.  Max personally argued the appeal before the Second District, which can be listened to here.

*Shah v. Fandom, Inc.*, --- F. Supp. 3d ---, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024), denying motion to dismiss alleged violations of California pen register statute.

*Yockey v. Salesforce, Inc.*, --- F. Supp. 3d ---, 2024 WL 3875785 (N.D. Cal. Aug. 16, 2024), denying motion dismiss alleged violations of California and Pennsylvania wiretapping statutes.

*Gladstone v. Amazon Web Services, Inc.,* --- F. Supp. 3d ---, 2024 WL 3276490 (W.D. Wash. July 2, 2024), denying motion to dismiss alleged violations of California wiretapping statute.

*Rancourt v. Meredith Corp.,* 2024 WL 381344 (D. Mass. Jan. 11, 2024), denying motion to dismiss alleged violations of federal Video Privacy Protection Act, and finding personal jurisdiction over operator of mobile application.

*Saunders v. Hearst Television, Inc.*, 711 F. Supp. 3d 24 (D. Mass. 2024), denying motion to dismiss alleged violations of federal Video Privacy Protection Act.

*Cristostomo v. New Balance Athletics, Inc.*, 647 F. Supp. 3d 1 (D. Mass. 2022), denying motion to dismiss and motion to strike class allegations in case involving sneakers marketed as "Made in the USA."

### *Selected Class Settlements:*

*Sholopa v. Turk Hava Yollari A.O. (d/b/a Turkish Airlines)*, Case No. 1:20-cv-3294-ALC (S.D.N.Y. 2023) – final approval granted for $14.1 million class settlement to resolve claims of passengers whose flights with Turkish Airlines were cancelled due to COVID-19 and who did not receive refunds.

*Payero v. Mattress Firm, Inc.*, Case No. 7:21-cv-3061-VB (S.D.N.Y. 2023) – final approval granted for $4.9 million class settlement to resolve claims of consumers who purchased allegedly defective bed frames.

*Miranda v. Golden Entertainment (NV), Inc.*, Case No. 2:20-cv-534-AT (D. Nev. 2021) – final approval granted for class settlement valued at over $4.5 million to resolve claims of customers and employees of casino company stemming from data breach.

*Malone v. Western Digital Corp.*, Case No. 5:20-cv-3584-NC (N.D. Cal. 2021) – final approval granted for class settlement valued at $5.7 million to resolve claims of hard drive purchasers for alleged false advertised.

*Frederick v. ExamSoft Worldwide, Inc.*, Case No. 2021-L-001116 (18th Judicial Circuit Court DuPage County, Illinois 2021) – final approval granted for $2.25 million class settlement to resolve claims of Illinois students for alleged violations of the Illinois Biometric Information Privacy Act.

### *Bar Admissions*

- New York State
- Southern District of New York
- Eastern District of New York
- Northern District of New York
- Northern District of Illinois
- Central District of Illinois
- Eastern District of Michigan
- District of Colorado
- Third Circuit Court of Appeals
- Seventh Circuit Court of Appeals
- Ninth Circuit Court of Appeals

## JULIA K. VENDITTI

Julia K. Venditti is an Associate with Bursor & Fisher, P.A.  Julia focuses her practice on complex civil litigation and class actions.  Julia was a Summer Associate with Bursor & Fisher prior to joining the firm.

Julia is admitted to the State Bar of California and is a member of the bars of the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California.

Julia received her Juris Doctor in 2020 from the University of California, Hastings College of the Law, where she graduated *cum laude* with two CALI Awards for the highest grade in her Evidence and California Community Property classes.  During law school, Julia was a member of the UC Hastings Moot Court team and competed at the Evans Constitutional Law Moot Court Competition, where she finished as a national quarterfinalist and received a best brief award.  Julia was also inducted into the UC Hastings Honors Society and was awarded Best Brief and an Honorable Mention for Best Oral Argument in her First-Year Moot Court section.  In addition, Julia served as a Research Assistant for her Constitutional Law professor, as a Teaching Assistant for Legal Writing & Research, and as a Law Clerk at the San Francisco Public Defender's Office.  In 2017, Julia graduated *magna cum laude* from Baruch College/CUNY, Weissman School of Arts and Sciences, with a B.A. in Political Science.

## JULIAN DIAMOND

Julian Diamond is an Associate with Bursor & Fisher, P.A.  Julian focuses his practice on privacy law and class actions.  Julian was a Summer Associate with Bursor & Fisher prior to joining the firm.

Julian received his Juris Doctor from Columbia Law School, where he was a Harlan Fiske Stone Scholar.  During law school, Julian was Articles Editor for the Columbia Journal of Environmental Law.  Prior to law school, Julian worked in education.  Julian graduated from California State University, Fullerton with a B.A. in History and a single subject social science teaching credential.

## MATTHEW GIRARDI

Matt Girardi is an Associate with Bursor & Fisher, P.A. Matt focuses his practice on complex civil litigation and class actions, and has focused specifically on consumer class actions involving privacy violations, illegal gambling, financial misconduct, and false advertising. Matt was a Summer Associate with Bursor & Fisher prior to joining the firm.

Matt is admitted to the State Bar of New York, and is a member of the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, the Eastern District of Michigan, the Western District of Michigan, the First Circuit Court of Appeals, and the Ninth Circuit Court of Appeals.

Matt received his Juris Doctor from Columbia Law School in 2020, where he was a Harlan Fiske Stone Scholar. During law school, Matt was the Commentary Editor for the Columbia Journal of Tax Law, and represented fledgling businesses for Columbia's Entrepreneurship and Community Development Clinic. In addition, Matt worked as an Honors Intern in the Division of Enforcement at the U.S. Securities and Exchange Commission. Matt graduated from Brown University in 2016 with a B.A. in Economics, and worked as a Paralegal Specialist at the U.S. Department of Justice in the Antitrust Division prior to law school.

### *Selected Class Settlements:*

*Armstead v. VGW Malta Ltd. et al.*, Case No. 22-CI-00553 (Henderson Cnty. Ky. 2023) – final approval granted for $11.75 million class settlement involving allegedly deceptive and/or illegal gambling practices.

*Edwards v. Mid-Hudson Valley Federal Credit Union, Case No. 22-cv-00562-TJM-CFH* (N.D.N.Y. 2023) – final approval granted for $2.2 million class settlement to resolve claims that an upstate New York credit union was unlawfully charging overdraft fees on accounts with sufficient funds.

*Fischer, et al. v. Instant Checkmate LLC, et al.*, No. 19-cv-04892 (N.D. Ill. 2024) – final approval granted for state-by-state non-reversionary cash settlements involving alleged violations of right of publicity statutes totaling in excess of $10.1 million.

*Wyland v. Woopla, Inc.,* Civil Action No. 2023-CI-00356 (Henderson Cir. Ct. Ky. 2023) – final approval granted for $835,000 class settlement involving allegedly deceptive and/or illegal gambling practices.

*Whiting v. Yellow Social Interactive Ltd.,* Civil Action No. 2023-CI-00358 (Henderson Cir. Ct. Ky. 2023) – final approval granted for $1.32 million class settlement involving allegedly deceptive and/or illegal gambling practices.

## JENNA GAVENMAN

Jenna Gavenman is an Associate with Bursor & Fisher, P.A. Jenna focuses her practice on complex civil litigation and consumer class actions. Jenna was a Summer Associate and a

part-time intern with Bursor & Fisher prior to joining the firm as a full-time Associate in September 2022.

Jenna is admitted to the State Bar of California and is a member of the bars of the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California.

Jenna received her Juris Doctor in 2022 from the University of California, Hastings College of the Law (now named UC Law SF). During law school, she was awarded an Honorable Mention for Best Oral Argument in her First-Year Moot Court section. Jenna also participated in both the Medical Legal Partnership for Seniors (MLPS) and the Lawyering for Children Practicum at Legal Services for Children—two of UC Hastings's nationally renowned clinical programs. Jenna was awarded the Clinic Award for Outstanding Performance in MLPS for her contributions to the clinic. In addition, Jenna volunteered with her law school's Legal Advice and Referral Clinic and as a LevelBar Mentor.

In 2018, Jenna graduated *cum laude* from Villanova University with a B.A. in Sociology and Spanish (double major). Jenna was a Division I athlete, competing on the Villanova Women's Water Polo varsity team for four consecutive years.

## EMILY HORNE

Emily Horne is an Associate with Bursor & Fisher, P.A. Emily focuses her practice on complex civil litigation and consumer class actions. Emily was a Summer Associate with Bursor & Fisher prior to joining the firm.

Emily is admitted to the State Bar of California.

Emily received her Juris Doctor from the University of California, Hastings College of the Law in 2022 (now UC, Law SF). During law school, Emily served as Editor-in-Chief for the UC Hastings Communications and Entertainment Law Journal, and she competed on the Moot Court team. Emily also served as a judicial extern in the Northern District of California and as a Teaching Assistant for Legal Writing & Research. In 2015, Emily graduated from Scripps College with a B.A. in Sociology.

## IRA ROSENBERG

Ira Rosenberg is an Associate with Bursor & Fisher, P.A. Ira focuses his practice on complex civil litigation and class actions.

Ira received his Juris Doctor in 2022 from Columbia Law School. During law school, Ira served as a Student Honors Legal Intern with Division of Enforcement at the U.S. Securities and Exchange Commission. Ira also interned during law school in the Criminal Division at the United States Attorney's Office for the Southern District of New York and with the Investor Protection Bureau at the Office of the New York State Attorney General. Ira graduated in 2018 from Beth Medrash Govoha with a B.A. in Talmudic Studies.

## LUKE SIRONSKI-WHITE

Luke Sironski-White is an Associate with Bursor & Fisher, P.A., focusing on complex civil litigation and consumer class actions. Luke joined the firm as a full-time Associate in August 2022.

Luke is admitted to the State Bar of California and is a member of the bars of the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California.

Luke received his Juris Doctor in 2022 from the University of California, Berkeley School of Law. During law school, Luke was on the board of the Consumer Advocacy and Protection Society (CAPS), edited for the Berkeley Journal of Employment and Labor Law, and volunteered with the Prisoner Advocacy Network.

In 2017, Luke graduated from the University of Chicago with a B.A. in Anthropology. Before entering the field of law Luke was a professional photographer and filmmaker.

## INES DIAZ

Ines Diaz is an Associate with Bursor & Fisher, P.A. Ines focuses her practice on complex civil litigation and class actions.

Ines is admitted to the State Bar of California.

Ines received her Juris Doctor in 2023 from the University of California, Berkeley School of Law. During law school, Ines served as an Executive Editor of the California Law Review. She also served as an intern with the East Bay Community Law Center's Immigration Clinic and as a Fellow of the Berkeley Law Academic Skills Program. Additionally, Ines served as an instructor with the University of California, Berkeley Extension, Legal Studies Global Access Program where she taught legal writing to international law students. In 2021, Ines was selected for a summer externship at the California Supreme Court where she served as a judicial extern for the Honorable Mariano-Florentino Cuéllar.

## CAROLINE C. DONOVAN

Caroline C. Donovan is an Associate with Bursor & Fisher, P.A. Caroline focuses her practice on complex civil litigation, data protection, mass arbitration, and class actions. Caroline interned with Bursor & Fisher during her third year of law school before joining full time in Fall 2023.

Caroline is admitted to the State Bar of New York.

Caroline received her Juris Doctor in 2023 from Brooklyn Law School. During law school, Caroline was a member of the Moot Court Honor Society Trial Division, where she was chosen to serve as a National Team Member. Caroline competed and coached in numerous competitions across the country, and placed second at regionals in AAJ's national competition in



both her second and third year of law school. Caroline was also the President of the Art Law Association, and the Treasurer of the Labor and Employment Law Association.

During law school, Caroline was a judicial intern for Judge Kenneth W. Chu of the National Labor Relations Board. She also interned at the United States Attorney's Office in the Eastern District of New York, as well as a securities class action firm.

## JOSHUA B. GLATT

Joshua Glatt is an Associate with Bursor & Fisher, P.A. Joshua focuses his practice on complex civil litigation and consumer class actions. Joshua was a Summer Associate with Bursor & Fisher prior to joining the firm as an Associate.

Joshua earned his Juris Doctor from the University of California College of the Law, San Francisco (formerly U.C. Hastings). While there, he received a CALI Award for earning the highest grade in Constitutional Law II and served on the executive boards of the Jewish Law Students Association and the American Constitution Society. Prior to law school, Joshua graduated *summa cum laude* from the Walter Cronkite School of Journalism and Mass Communication at Arizona State University in 2016 and earned a master's degree from the University of Southern California in 2018.

## JOSHUA R. WILNER

Joshua Wilner is an Associate with Bursor & Fisher, P.A. Joshua focuses his practice on complex civil litigation, data privacy, consumer protection, and class actions. Joshua was a Summer Associate at Bursor & Fisher prior to joining the firm full time in Fall 2023.

Joshua is admitted to the State Bar of California.

Joshua received his Juris Doctor in 2023 from Berkeley Law. During law school, he received the American Jurisprudence Award for Constitutional Law.

During law school, Joshua served on the board of the Berkeley Journal of Employment and Labor Law. Joshua also interned at Disability Rights California, Legal Aid at Work, and a private firm that worked closely with the ACLU of Northern California to enforce the California Racial Justice Act. In 2022 and 2023, Joshua worked as a research assistant for Professor Abbye Atkinson.

## VICTORIA ZHOU

Victoria Zhou is an Associate in Bursor & Fisher's New York office. Victoria focuses her practice on class actions concerning data privacy and consumer protection.

Victoria is admitted to the State Bar of New York.

Victoria received her Juris Doctor from Fordham Law School in 2023. During law school, Victoria served as an Associate Editor of the Moot Court Board and competed in multiple mock trial competitions as a member of the Brendan Moore Trial Advocates. In

addition, Victoria served as a judicial extern to Chief Judge Mark A. Barnett of the United States Court of International Trade. In 2019, Victoria graduated *magna cum laude* from Fei Tian College with a B.F.A. in Classical Dance.

## KYLE D. GORDON

Kyle Gordon is an Associate with Bursor & Fisher, P.A. Kyle focuses his practice on class actions concerning data privacy and consumer protection. Kyle was a Summer Associate with Bursor & Fisher prior to joining the firm.

Kyle is admitted to the State Bar of New York.

Kyle received his Juris Doctor from Columbia Law School in 2023, where he was a Harlan Fiske Stone Scholar. During law school, Kyle was a Staff Editor for the Columbia Science and Technology Law Review. In 2020, Kyle graduated *summa cum laude* from New York University with a B.A. in Politics and became a member of Phi Beta Kappa. Prior to law school, Kyle interned in the Clerk's Office of the United States District Court for the District of Columbia.

## ELEANOR R. GRASSO

Eleanor Grasso is an Associate with Bursor & Fisher, P.A. Eleanor focuses her practice on complex civil litigation, including data privacy and consumer protection class actions.

Eleanor is admitted to the State Bar of New York.

Eleanor earned her Juris Doctor from Fordham University School of Law. During law school, Eleanor was a member of the Fordham Journal of Intellectual Property, Media & Entertainment Law, serving as Symposium Editor for Volume XXXIV. Eleanor was also a member of the Brendan Moore Trial Advocacy Team, served as a Research Assistant, and was a member of the Board of Student Advisors.

Throughout her time in law school, Eleanor interned for the Office of the Public Defender for the Sixth Judicial Circuit of Florida in the Misdemeanor Unit, the Office of the Federal Public Defender for the Middle District of Tennessee in the Capital Habeas Unit, the ACLU of Florida, and for the Honorable Kiyo A. Matsumoto in the United States District Court for the Eastern District of New York. Eleanor was a Summer Associate with Bursor & Fisher and also interned part-time during her third year of law school.

Eleanor earned her Bachelors from the University of Florida, with a double-major in Criminology & Law and Political Science and a minor in French & Francophone studies.

## RYAN B. MARTIN

Ryan Martin is an Associate with Bursor & Fisher, P.A. Ryan focuses his practice on complex civil litigation and consumer class actions. He was a Summer Associate and part-time law clerk with Bursor & Fisher prior to joining the firm as a full time Associate in August 2024.

Ryan is admitted to the State Bar of California. He earned his Juris Doctor from the University of California College of the Law, San Francisco (formerly U.C. Hastings), graduating *Cum Laude* with a Concentration in Environmental Law and as a member of the Honors Society. While there, he was a Senior Production Editor of the *U.C. Law Journal*, was President of the Hastings Environmental Law Association, and was a Torts Teaching Fellow.

Prior to law school, Ryan graduated from the W.A. Franke College of Business at Northern Arizona University with a Bachelors of Science in Hotel and Restaurant Management and a minor in Business. Ryan also studied Sustainable Business and Hotel Management at the Internationale Hochschule of Applied Sciences in Bad Honnef Germany and is a certified yoga instructor.

## LOGAN HAGERTY

Logan Hagerty is an Associate with Bursor & Fisher, P.A. Logan is admitted to the State Bar of New York.

Logan received his Juris Doctor from Boston College Law School in 2024, where he received a certificate in Land & Environmental Law.

During law school, Logan was President of the Environmental Law Society. In addition, Logan worked for a class action firm, a general practice firm, and interned at a Massachusetts state agency.

Logan earned his Bachelors from St. Lawrence University, where he graduated magna cum laude with a double major in History and Environmental Studies and a minor in African Studies. He is also a member of Phi Beta Kappa.

## KAREN VALENZUELA

Karen Valenzuela is an Associate with Bursor & Fisher, P.A. Karen focuses her practice on complex civil litigation and class actions. Karen was a Summer Associate and a part-time intern with Bursor & Fisher prior to joining the firm as a full-time Associate.

Karen is admitted to the State Bar of California.

Karen received her Juris Doctor in 2024 from the University of California, Berkeley School of Law. During law school, Karen was part of the Consumer Protection Public Policy Order, and interned for the Los Angeles County Public Defender's Office. Karen also participated in the International Human Rights Law Clinic, La Alianza Workers' and Tenants' Rights Clinic, and the Death Penalty Clinic.

Prior to law school, Karen graduated from the University of California, Berkeley with a B.A. in Gender and Women's Studies and a minor in Global Poverty and Practice.

EXHIBIT 8

## Breach of Express Warranty Chart
## (California, Delaware, D.C., Kansas, Missouri, New Jersey,
## Ohio, Utah, Virginia, and West Virginia)

| State | Individual Reliance Required? | Privity Required? |
|---|---|---|
| California | No. *See Weinstat v. Dentsply International, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) ("The lower court ruling rests on the incorrect legal assumption that a breach of express warranty claim requires proof of prior reliance. While the tort of fraud turns on inducement, as we explain, breach of express warranty arises in the context of contract formation in which reliance plays no role"); *see also In re ConAgra Foods*, 90 F. Supp. 3d 919, 984 (N.D. Cal. 2015) ("Proof of reliance on specific promises or representations is not required."); *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 899–900 (N.D. Cal. 2012) (same); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 411-12 (S.D.N.Y. 2015) ("Because reliance is not an element of express warranty claims under California law, common questions predominate and class action treatment is appropriate."). | No. *See Hauter v. Zogarts*, 14 Cal. 3d 104, 115, n.4 (1975) ("The fact that [plaintiff] did not purchase the Gizmo and hence is not in 'privity' with defendants does not bar his claim of false representation. Section 402B eliminates the privity requirement and affords protection to all injured consumers.");*see also Evraets v. Intermedics Intraocular, Inc.*, 29 Cal. App. 4th 779, 789 n.4 (Cal. App. 1994) (citing *Rodrigues v. Campbell Industries*, 87 Cal. App. 3rd 494, 500 (Cal. App. 1978)); *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 322 (D.N.J. June 16, 2014) ("Privity is not a requirement where the express warranty appears on the product's label or advertising."). |

| State | Individual Reliance Required? | Privity Required? |
|---|---|---|
| Delaware | No. *See Yarusso v. International Sport Mktg.*, 1999 WL 463531, *6 (Del. Super. Ct. Apr. 1, 1999) ("Proof of reliance is not necessary to create to create an express warranty. Any affirmation of fact or promise by the seller is presumed to be a part of the basis of the bargain, and the burden is on the manufacturer to show, by clear proof, that the parties did not intend their bargain to include these affirmations."); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 659 (Del. Super. 1985) ("The burden is on the defendant to prove the absence of reliance in order to discount the contention that express warranties were "a basis for the bargain." Proof of reliance, however, is not necessary to create an express warranty."). | No. *See S&R Assocs., L.P., III v. Shell Oil Co.*, 725 A.D.2d 431, 437 (Del. 1998) ("Prior to the adoption of the UCC, an injured party was required to establish privity with the defendant to recover under a breach of warranty claim. To counter the harsh result of this rule, the legislature enacted 6 Del. C. § 2-318 abolishing the privity requirement and granting standing to those likely to be injured by defective products."); *see also* Del. Code Ann. Tit.6, § 2-318 ("A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty."). |

| State | Individual Reliance Required? | Privity Required? |
|---|---|---|
| District of Columbia | No. *See Wetzl v. Capital City Real Estate, LLC*, 73 A.3d 1000, 1005 (D.C. Ct. App. 2013) ("The elements of a breach of express warranty, or contract, claim are: '(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach.'") (quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009)). | No. *See Picker X-Ray Corp. v. General Motors Corp.*, 185 A.2d 919, 923 (Mun. Ct. App. D.C. 1962) ("The policy of protecting the public from injury, physical or pecuniary, resulting from misrepresentation, outweighs allegiance to a rule of law which, if observed, might produce great injustice. … [T]he manufacturer should be held responsible to the consumer public for representations made for the purpose of promoting the sale of the product."); *Bowler v. Stewart-Warner Corp.*, 563 A.2d 344, 345-46 (D.C. Ct. App. 1989) ("A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. …") (quoting D.C. Code. § 28:2-318 (1981)). |

| State | Individual Reliance Required? | Privity Required? |
|---|---|---|
| Kansas | No. *See Young & Cooper, Inc. v. Vestring*, 214 Kan. 311, 324 (1974) ("[P]articular reliance upon the express warranty need not be shown. … [I]n actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement."); *see also id.* at 327 ("[T]he buyers are not obligated to show particular reliance upon the express warranties, since they are contractual. All the buyers are required to establish is that the express warranties were made and that they were false, thereby establishing a breach of the contract."); Kan. Stat. Ann. § 84-2-313 cmt. 3 ("No specific intention to make a warranty is necessary if any of these factors is made part of the basis of the bargain. In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof."). | No. *See* Kan. Stat. Ann. § 50-639 ("Notwithstanding any provision of law, no action for breach of warranty with respect to property subject to a consumer transaction shall fail because of a lack of privity between the claimant and the party against whom the claim is made. An action against any supplier for breach of warranty with respect to property subject to a consumer transaction shall not, of itself, constitute a bar to the bringing of an action against another person."); *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1246 (D. Kan. 2007); *see also Scheuler v. Aamco Transmissions, Inc.*, 1 Kan. App. 2d 525, 528 (Kan. Ct. App. 1977) ("Lack of privity between a buyer and a manufacturer who advertises is no hurdle."). |

| State | Individual Reliance Required? | Privity Required? |
| --- | --- | --- |
| Missouri | No. *See Interco, Inc. v. Randustrial Corp.*, 533 S.W.2d 257, 261 (Mo. Ct. App. 1976) ("[T]he concept of reliance as required in pre-U.C.C. warranty cases was purposefully abandoned."); *Walker v. Woolbright Motors, Inc.*, 620 S.W.2d 451, 453 (Mo. Ct. App. 1981) ("Even before [adoption of the UCC] it was the rule that where a contract is reduced to writing and the warranty is one of its terms, it is presumed that the buyer relied on the warranty when he purchased the goods."); *see also* Mo. Ann. Stat. § 400.2-313, cmt. 3 ("In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof. The issue normally is one of fact."). | No. *See Stembridge v. National Feeds Inc.*, 2013 WL 5347455, at *5 (D. Utah Sept. 23, 2013) ("Under Utah law 'a consumer can recover for breach of an express warranty despite a lack of privity.'") (quoting *State of Utah v. GAF Corporation*, 760 P.2d 310, 315 (Utah 1988)); *see also State by Division of Consumer Protection v. GAF Corp.*, 760 P.2d 310, 314 (Utah 1988) ("[T]he great weight of authority and the better view is that a consumer can recover for breach of an express warranty despite a lack of privity."). |

| State | Individual Reliance Required? | Privity Required? |
| --- | --- | --- |
| New Jersey | No. *See Viking Yacht Co. v. Composites One LLC*, 496 F. Supp. 2d 462, 469 (D.N.J. 2007) (noting that reliance is presumed and may be rebutted by "clear affirmative proof … that the buyer knew that the affirmation of fact or promise was untrue."); *see also Cippollone v. Ligett Group Inc.*, 893 F.2d 541, 569 n. 34 (3d Cir. 1990) (same). | No. *See Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304 (D.N.J. June 16, 2014) ("New Jersey law does not require direct privity to support any express warranty claim."); *see also Alloway v. General Marine Indus., L.P.*, 149 N.J. 620, 642-43 (N.J. 1997) ("Under the U.C.C. as construed by this Court, moreover, the absence of privity no longer bars a buyer from reaching through the chain of distribution to the manufacturer.") (citing *Spring Motors Dist., Inc. v. Ford Motor Co.*, 489 A.2d 660, 674 (N.J. 1985)); *Smith v. Merial Ltd.*, 2011 WL 2119100, *7 (D.N.J. May 26, 2011) ("To establish a breach of an express warranty under N.J. Stat. § 12A:2-101, the plaintiff need not prove privity…." (alteration omitted)). |

| State | Individual Reliance Required? | Privity Required? |
| --- | --- | --- |
| Ohio | No. *See Norcold, Inc. v. Gateway Supply Co.*, 154 Ohio App. 3d 594, 596, 623-24 (Ohio Ct. App. 2003) (stating that "claims for breach of an express written warranty do not require reliance on the part of the buyer" and that "[a] decisive majority of courts that have considered this issue have reached the similar conclusion that reliance is not an element in a claim for breach of an express written warranty"); *Godec v. Bayer Corp.*, 2011 WL 5513202, at *4 (N.D. Ohio Nov. 11, 2011) ("When the representation is made 'during a bargain,' 'no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement.'") (quoting U.C.C. §2-313 cmt. 3); *id.* at *5 ("[W]hen a consumer selects a Bayer product from the shelf, carries it to the cashier, and pays for it, the consumer carries with him the written terms of his agreement with Bayer. Those terms become part of the basis of the bargain by virtue of their appearance during a bargain, not because of any individual consumer's reliance. Because this is true for every purchaser, and because the packaging was uniform across the class, whether the prostate-health message on the packaging gave rise to an express warranty is a common question."). | No. *See Johnson v. Monsanto Co.*, 2002 WL 2030889, at *3 (Ohio Ct. App. Sept. 6, 2002) ("[W]e find that 'to preclude [an action for breach of express warranty under the UCC for a lack of privity] when a manufacturer has induced a party, by way of express warranty, to purchase one of its products from an intermediary would be unconscionable.' Otherwise, a party would be able to make express warranties about its products and then shield itself from liability by selling to a middleman who, in turn, sells it to the other party. Consequently, Appellants' claims for breach of express warranty in contract survive despite the absence of privity.") (quoting *C.W. Zumbiel Co. v. Reichhold Chems., Inc.*, 1996 WL 400501, *1 (Ohio Ct. App. June 5, 1996)). |

| State | Individual Reliance Required? | Privity Required? |
| --- | --- | --- |
| Utah | No. *See State by Division of Consumer Protection v. GAF Corp.*, 760 P.2d 310, 315 (Utah 1998) ("An affirmation of fact, a promise, or a description of the goods must be judged objectively against the meaning that a reasonable person would have taken from the statement. If it is reasonable to conclude that a reasonable person would have ventured into the transaction on the basis of a particular statement, an express warranty was made. … Actual reliance on the statement need not be shown, however; the statement need only form a 'part of the basis of the bargain.'") (internal quotations omitted). | No. *See State by Division of Consumer Protection v. GAF Corp.*, 760 P.2d 310, 315 (Utah 1988) ("The great weight of authority and the better view is that a consumer can recover for breach of an express warranty despite a lack of privity."); *see also* Utah Code Ann. § 70A-2-318 ("A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty."). |

| State | Individual Reliance Required? | Privity Required? |
|---|---|---|
| Virginia | No. *See Yates v. Pitman Mfg., Inc.,* 257 Va. 601, 606 (1999) ("An affirmation of fact is presumed to be a part of the bargain, and any fact that would remove such affirmation out of the agreement 'requires clear affirmative proof.' … Additionally, a plaintiff is not required to show that he relied upon the affirmation in order to recover under an express warranty claim.") (quoting *Daughtrey v. Ashe,* 243 Va. 73, 78 (1992)); *see also Fields v. Jobar Int'l, Inc.,* 2014 WL 1513289, at *6 (E.D. Va. Apr. 16, 2014) (same). | No. *See Fentress Families Trust v. Va. Elec. & Power Co.,* 81 Va. Cir. 67, *7 (Va. Cir. Ct. 2010) ("[P]rivity is not required to bring a claim for breach of express warranty, so long as 'the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods.'") (quoting Virginia Code § 8.2-318). |

| State | Individual Reliance Required? | Privity Required? |
|---|---|---|
| West Virginia | No. *See Michael v. Wyeth, LLC,* 2011 WL 2150112, *8 (S.D.W. Va. May 25, 2011) ("The court anticipates that West Virginia's high court would follow the rebuttable presumption approach.") (citing W. Va.Code § 46-2-313 cmt. 3); *id.* at *9 (applying rebuttable presumption where the plaintiff "identified several 'affirmation[s] of fact' and 'description[s] of the goods,' … in defendants' drug labeling … [and] also offered evidence showing that defendants' products did not conform to those affirmations."); *see also* W. Va.Code § 46-2-313 cmt. 3 ("In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof. The issue normally is one of fact."). | No. *See Hoffman v. Daimler Trucks N. Am., LLC,* 940 F. Supp. 2d 347, 365 (W.D. Va. 2013) ("In the absence of any other clause in the limited warranty, that warranty would extend to foreseeable users of the product despite the lack of privity between the user and the original seller."); *Dawson v. Canteen Corp.,* 158 W. Va. 516, 517-18 (1975) (holding that the requirement of privity of contract in an action for breach of an express warranty has been abolished). |