UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHEN,<br><br>        Plaintiff,<br><br>    v.<br><br>VESYNC CORPORATION,<br><br>        Defendant. | Case No. 23-cv-04458-TLT<br><br>**QUESTIONS FOR THE HEARING**<br><br>Re: Dkt. No. 116 |

## I. **ARBITRATION AGREEMENTS**

**1**. **To Defendants**: Defendant argues that "[t]ens of thousands of individuals who purchased [the challenged products] on the Levoit website agreed to Levoit's terms and conditions, including an arbitration clause and class action waiver," and that "[i]f the proposed classes are certified, the Court will be forced to determine which class members are bound by an arbitration provision, and whether any properly opted out." ECF 142-3 at 25. Plaintiff argues that Defendant is in possession of information identifying any putative class member subject to arbitration. ECF 150-3 at 14–15.

        a. Is this information in the possession of the Defendant?

        b. Has this been requested or resolved in discovery?

           1. If not, why not?

           2. If so, how many putative class members' claims are subject to the arbitration clause?

           3. Specifically, which claims are subject to the arbitration clause?

## II. **CONSUMER UNDERSTANDING OF HEPA**

**1. To Plaintiff**: Defendant argues that this Court must deny class certification because Plaintiff fails to provide sufficient proof that consumers shared a common

understanding of the True HEPA representation. ECF 142-3 at 10–11; *see Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726, at *17 (N.D. Cal. June 13, 2014; *In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, 2017 WL 2559615, at *8 (C.D. Cal. June 7, 2017); *Algarin v. Maybelline, LLC*, 300 F.R.D. 445, 457-59 (S.D. Cal. 2014).

    a. Is this case distinguishable from the precedent cited by Defendant?

        i. If so, how?

        ii. If not, why not?

2. **To Defendant**: Plaintiff argues that he need not prove a uniform understanding of the challenged advertisement to demonstrate Defendant's liability to the class and establish a damages model consistent with his theory of liability. ECF 150-3 at 6–7; *see Pettit v. Procter & Gamble Co.*, 2017 WL 3310692, at *3 (N.D. Cal. Aug. 3, 2017); *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prods. Liab. Litig.*, 609 F. Supp. 3d 942, 995 (N.D. Cal. 2022); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.,* 326 F.R.D. 592, 613 (N.D. Cal. 2018.

    a. Is this case distinguished from the precedent cited by Plaintiff?

        i. If so, how?

        ii. If not, why not? And does it impact the outcome of the certification hearing?

## III. HEPA REPRESENTATION DISCONTINUED

1. **To Defendant**: On August 4, 2023, in a decision issued by the National Advertising Division of the Better Business Bureau—the advertising industry's independent system of self-regulation—the National Advertising Division stated that Defendant "had elected to permanently discontinue the challenged claims" that its air purifiers' filters "have passed HEPA standards," among other claims. ECF 115-4 at 2–3.

    a. When, specifically, did Defendant cease advertising that its air purifiers were equipped with "True HEPA" filters?

//

//

IV. **CLASS PERIOD**

**1. To Plaintiff:** In his motion for class certification, Plaintiff refers to the "Class Period" as "the relevant statutory periods" when "Defendant repeatedly and universally represented to consumers that its Air Purifiers came equipped with 'True HEPA' filters." ECF 115-3 at 4–5. What specific date range is Plaintiff asking the Court to identify as the Class Period?

    a. Is the Class Period different or the same for the Multi-State Class and the California class?

V. **NATIONWIDE CLASS V. CALIFORNIA CLASS**

**1. To Plaintiff:** Plaintiff's motion for class certification seeks to certify a California Class and a Multi-State Express Warranty Class. ECF 115-3 at 2–3. However, in Plaintiff's third amended complaint he brings all six claims—Count I under California's Unfair Competition Law, Count II under California's False Advertising Law, Count III under California's Consumer Legal Remedies Act, Count IV for common law fraud, Count V for unjust enrichment, and Count VI for breach of express warranty—"on behalf of the members of the Nationwide Class or, in the alternative, the California Subclass." TAC ¶ 76–131.

    a. Does Plaintiff seek certification of the Multi-State class for the breach of express warranty claim only?

    b. Does Plaintiff seek certification of the California Class for all six claim?

//
//
//
//
//
//
//
//
//

1     The parties are *encouraged* to respond in writing.

2     The parties will be given a total of 45 minutes to present oral argument regarding the in limine motions (15 minutes) and the motion for class certification (30 minutes).

4     If the parties are requesting that the matter be submitted on the briefing, this should also be included in the written response. *See* L.R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute).

IT IS SO ORDERED.

Dated: September 15, 2025

_____
TRINA L. THOMPSON
United States District Judge