**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
　　　　lsironski@bursor.com

**SINDERBRAND LAW GROUP, P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICK CHEN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>VESYNC CORPORATION,<br><br>　　　　　　　　　　　　Defendant. | Case No. 3:23-cv-004458-TLT<br><br>**PLAINTIFF RICK CHEN'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION [ECF No. 116]**<br><br>Judge: Trina L. Thompson |

| | |
|---|---|
| 1 | Plaintiff hereby submits this Notice of Supplemental Authority to alert the Court of a recent |
| 2 | decision in *Menter v. Vesync Corp.,* Case No. 3:24-cv-12786-MGM (D. Mass.), a similar class |
| 3 | action lawsuit against Defendant for the same alleged misrepresentations regarding its "HEPA" air |
| 4 | purifier products. Specifically, on September 22, 2025, Judge Mark M. Mastroianni issued a text |
| 5 | order denying Defendant's Motion to Compel Arbitration. *See* 2025 U.S. Dist. LEXIS 187146 |
| 6 | (attached hereto as **Exhibit A**). Defendant deployed the same arguments in its Motion to Compel |
| 7 | Arbitration as it does in opposition to Plaintiff Rick Chen's Motion for Class Certification – |
| 8 | namely, that it can compel arbitration based on arbitration provisions contained in terms issued by |
| 9 | non-party retailers such as Target or Best Buy and that an arbitrator must decide arbitrability. *See* |
| 10 | *id.* at *1. The court in *Menter* did not agree, saying that "Defendant has not demonstrated by 'clear |
| 11 | and unmistakable evidence' that the parties to the arbitration contract intended for an arbitrator to |
| 12 | decide whether Defendant as a non-signatory may enforce the arbitration provision against |
| 13 | Plaintiff. As a result, the court, rather than an arbitrator, will decide whether Defendant is entitled |
| 14 | to compel arbitration under its equitable estoppel theory." *Id.* at *2. On equitable estoppel, the |
| 15 | court said, "Plaintiff's claims against Defendant are simply not closely related enough with the |
| 16 | contract with Target for equitable estoppel to apply." *Id.* at *7. |

Dated: September 25, 2025           **BURSOR & FISHER, P.A**.

By:     /s/ *L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
           lsironski@bursor.com

**SINDERBRAND LAW GROUP, P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiff and the Putative Class*

**EXHIBIT A**

# Menter v. Vesync Corp.

United States District Court for the District of Massachusetts

September 22, 2025, Entered

3:24cv12786

**Reporter**
2025 U.S. Dist. LEXIS 187146 *; 2025 LX 490400

Jordan Menter, Plaintiff v. Vesync Corp., Defendant

## Core Terms

arbitrability, equitable estoppel, arbitration provision, target, plaintiff's claim, nonsignatory, arbitration agreement, compel arbitration, signatory

**Counsel:** [*1] For Jordan Menter Plaintiff: Archana Tamoshunas, Miles Greaves, LEAD ATTORNEY;PRO HAC VICE, Taus, Cebulash & Landau, LLP, New York, NY, Bryan G. Faubus, Jason S. Rathod, LEAD ATTORNEY;PRO HAC VICE, Migliaccio & Rathod LLP, Washington, DC, Edward L. Manchur LEAD ATTORNEY, Peabody, MA,

For Vesync Corp. Defendant, Abigail M. Dockum, LEAD ATTORNEY;PRO HAC VICE, Dentons US LLP, Denver, CO, Deborah H. Renner, LEAD ATTORNEY;PRO HAC VICE, Dentons US LLP, New York, NY, Grant J. Ankrom, LEAD ATTORNEY;PRO HAC VICE, Dentons US LLP, St. Louis, MO, Sarah E. Schneider Carlson, LEAD ATTORNEY;PRO HAC VICE, Sidley Austin LLP, San Diego, CA, Tony K. Lu, LEAD ATTORNEY, Dentons US LLP, Boston, MA, Doreen M. Rachal, Sidley Austin LLP, Boston, MA, Judith Shophet Sidkoff, Los Angeles, CA.

**Judges:** MARK G. MASTROIANNI, United States District Judge.

**Opinion by:** MARK G. MASTROIANNI

## Opinion

Judge Mark G. Mastroianni: Electronic order entered denying Motion to Compel Arbitration. Defendant seeks to compel arbitration based on an arbitration provision contained in the "terms" associated with Plaintiff's online purchase of Defendant's air purifier from the website of a non-party, Target. Plaintiff alleges in her complaint that Defendant falsely [*2] represented its air purifiers met the stringent HEPA standards when, in fact, they did not, resulting in an overpayment based on the HEPA-related price premium. As a nonsignatory to the agreement between Plaintiff and Target, Defendant "faces a steep climb" in seeking to enforce the arbitration provision. *Hogan v. SPAR Group, Inc., 914 F.3d 34, 38 (1st Cir. 2019)*. Defendant argues it is entitled to enforce the arbitration provision based on equitable estoppel and contends the arbitrator must decide this gateway arbitrability issue due to a purported delegation clause. The court does not agree. As to the question of who decides whether Defendant may invoke equitable estoppel to enforce the arbitration provision, Defendant must demonstrate by "'clear and unmistakable evidence' that the parties [to the contract] intended an arbitrator to determine whether the parties attempting to enforce the arbitration provision had the requisite authority to do so." *Barbosa v. Midland Credit Mgmt., Inc., 981 F.3d 82, 93 n.13 (1st Cir. 2020)* (quoting *Biller v. S-H OpCo Greenwich Bay Manor, LLC, 961 F.3d 502, 509 (1st Cir. 2020)*); see *Morales-Posada v. Cultural Care, Inc., 141 F.4th 301, 309 (1st Cir. 2025)*. After all, the "general rule" is that "contractual agreements bind only the parties to the agreement and may be enforced only by those parties." *Morales-Posada, 141 F.4th at 309*. Accordingly, "just because a signatory has agreed to arbitrate issues of arbitrability with another party does not mean that it [*3] must arbitrate with any non-signatory."

*Shenango LLC v. Ashland LLC, 2022 WL 4279978, at 5 n.2 (W.D. Pa. Sept. 15, 2022)* (quoting *Contec Corp. v. Remote Solution, Co., Ltd., 398 F.3d 205, 209 (2d Cir. 2005)*); see *Hinkle v. Phillips 66 Co., 25 F.4th 417, 420 (5th Cir. 2022)* ("The issue is not whether Hinkle has an arbitration agreement with anyone -- it is whether he has an agreement to arbitrate with the party he is suing, Phillips 66." (citing *Contec Corp., 398 F.3d at 209*)). Defendant cites *Apollo Computer, Inc. v. Berg, 886 F.2d 469 (1989)*, in its reply brief in support of its arbitrability argument. However, the First Circuit in Morales-Posada recently clarified the holding in Berg. In Berg, the defendants were not signatories to the contract but were assigned a signatory's contractual rights by a bankruptcy trustee. *Berg, 886 F.2d at 470*. The First Circuit held the defendants made a "prima facie showing" that they could enforce the arbitration agreement against the plaintiff based on this assignment and, as a result, the arbitrator would decide the question of arbitrability. *Id. at 473*. In Morales-Posada, the First Circuit explained it "did not hold in Berg... that a party to a lawsuit may force its opponent to arbitrate threshold issues regarding the arbitrability of their dispute so long as that partys opponent is a signatory to some arbitration agreement containing a delegation provision." *Morales-Posada, 141 F.4th at 310*. As in Morales-Posada and Barbosa, here Defendant has not made the requisite threshold showing that it is [*4] entitled to enforce the arbitration agreement (and specifically the purported delegation clause) in the contract between Plaintiff and Target. See *Morales-Posada, 141 F.4th at 309-11*; *Barbosa, 981 F.3d at 93 n.13*. Unlike in Berg, there was no assignment of Target's contractual rights to Defendant and thus there is no contention that Defendant steps into the shoes of Target for purposes of the arbitration provision. Moreover, the court agrees with Plaintiff that the language in the arbitration provision (and contract as whole) is naturally read as applying only to Target and Plaintiff, rather than contemplating that nonsignatories may compel arbitration. (Dkt. No. 21-1.) See *Hogan at 41* ("[T]he arbitration provision here cabins its scope to disputes 'between the Parties' to the Master Agreement, with the 'Parties' unambiguously defined as SBS and Hogan."); see also *Morales-Posada, 141 F.4th at 311*. In addition, as will be discussed, there is not a sufficiently close or intertwined relationship between Plaintiff's claims and the contract with Target so as to permit Defendant to invoke equitable estoppel, which also undermines Defendant's arbitrability argument. See *Hogan, 914 F.3d at 42*; *Terra Towers Corp. v. Schachter, 2025 WL 1004750, at *3 (S.D.N.Y. Apr. 1, 2025)*. Accordingly, the court concludes Defendant has not demonstrated by "clear and unmistakable evidence" that the parties to [*5] the arbitration contract intended for an arbitrator to decide whether Defendant as a nonsignatory may enforce the arbitration provision against Plaintiff. As a result, the court, rather than an arbitrator, will decide whether Defendant is entitled to compel arbitration under its equitable estoppel theory. The parties appear to agree that Massachusetts law governs the equitable estoppel question, but the result would be the same under either federal common law or state law (which looks to federal law for guidance). See *Machado v. System4 LLC, 28 N.E.3d 401, 408-09 (Mass. 2015)*; see also *Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 632 (2009)*. The Supreme Judicial Court "has acknowledged six theories under which a nonsignatory may enforce a contract, such as an arbitration agreement, against a signatory," one of which is equitable estoppel. *Landry v. Transworld Sys. Inc., 149 N.E.3d 781, 786 (Mass. 2020)*. Equitable estoppel can apply to allow a nonsignatory to compel arbitration "when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory." *Machado, 28 N.E.3d at 409*. "Essentially, if a party's claims are so intimately founded in and closely related to an agreement which also mandates arbitration, the party opposing arbitration is equitably estopped from denying the arbitrability of its claims, even against a nonsignatory." Id.; [*6] see *Morales-Posada, 141 F.4th at 319*. "The purpose of applying equitable estoppel in such cases is to preclude[] a party from enjoying the rights and benefits under a contract while at the same time avoiding its burdens and obligations." *Morales-Posada, 141 F.4th at 319*; see *Machado, 28 N.E.3d at 410*. Importantly, for equitable estoppel to apply in this situation, the plaintiff's claims must be "inextricably intertwined with and relate directly to the [contract] containing the arbitration provision." *Machado, 28 N.E.3d at 410*; see *Morales-Posada, 141 F.4th at 319* ("In determining whether claims are sufficiently intertwined with a contract containing an arbitration agreement,... courts have generally required the claims to be integrally related to the contract containing the arbitration clause." (internal quotation marks and citations omitted). Moreover, it is not sufficient that the contract containing the arbitration clause "is merely factually significant to the plaintiffs' claims or has a but-for relationship with them." *Machado, 28 N.E.3d at 412*; see *Morales-Posada, 141 F.4th at 319* ("[W]e have explained that equitable estoppel is not warranted where the plaintiff's claims would exist in the absence of the contract." (internal quotation marks omitted)). Here, Plaintiff's claims against Defendant are not premised on the contract between Target and Plaintiff but are based false [*7] advertising under Massachusetts consumer protection and commercial statutes and common law. See *Hogan, 914 F.3d at 42*. Although Plaintiff viewed certain HEPA representations on the Target website, that signifies the contract "is merely factually significant to [Plaintiff's] claims or has a but-for

relationship with them," which is not sufficient. *Machado, 28 N.E.3d at 412*. Moreover, Plaintiff's claims still would exist in the absence of any contract between Plaintiff and Target. See *Morales-Posada, 141 F.4th at 320*; *Hogan, 914 F.3d at 42*. In short, Plaintiff's claims against Defendant are simply not closely related enough with the contract with Target for equitable estoppel to apply. The court therefore denies Defendant's motion to compel arbitration. (TF) (Entered: 09/22/2025)

**End of Document**