UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHEN,<br><br>        Plaintiff,<br><br>   v.<br><br>VESYNC CORPORATION,<br><br>        Defendant. | Case No.  23-cv-04458-TLT   (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 191 |

      Plaintiff Rick Chen seeks an order compelling defendant Vesync Corporation (Levoit) to respond to his Second Set of Interrogatories, Nos. 16 and 20. Dkt. 191 at 3. Levoit opposes. *Id.* at 4–5. The Court now denies the requested relief without prejudice.

    **I.**    **Interrogatory No. 16**

      Interrogatory No. 16 seeks, for each response to a Request for Admission (RFA) in Chen's First Set that is not an unqualified admission, "the complete legal and factual basis for [Levoit's] response, including (a) the facts upon which [Levoit] rel[ies]; (b) the identity of all documents or other evidence supporting [Levoit's] position; and (c) the identity of all persons with knowledge of those facts." Dkt. 191-1 at 22. Levoit denied RFA Nos. 1–6, 8–10, and 12, and did not admit in full RFA Nos. 7 and 11. Dkt. 191 at 1; dkt. 191-1 at 4–17.

      The parties dispute whether Interrogatory No. 16 should be counted as one interrogatory or as many discrete subparts. *See* dkt. 191. Levoit argues that this interrogatory actually results in thirty-six subparts, given that it asks for facts, documents, and witnesses for each

of twelve RFAs. *Id.* at 3.

The Court finds that Interrogatory No. 16 is compound as currently written. *See NAACP of San Jose/Silicon Valley v. City of San Jose*, No. 21-CV-01705, 2022 WL 17436497, at *7 (N.D. Cal. Dec. 6, 2022) ("an interrogatory seeking the factual basis for request-for-admission denials is properly treated as a compound interrogatory"); *Byard v. City & Cnty. of San Francisco*, No. 16-CV-00691, 2017 WL 988497, at *1, *3 (N.D. Cal. Mar. 15, 2017) (finding that "one interrogatory requesting that Defendants state the basis for their responses for each admitted RFA" "contains a separately countable subpart for each admitted RFA").

Instead, Interrogatory No. 16 should thus properly be considered and counted as twelve separate interrogatories, or one for each of the relevant RFAs. *See Loeber by & through Loeber v. United States*, No. 21-CV-03866, 2023 WL 4703329, at *3 (N.D. Cal. July 24, 2023) ("Here, the interrogatory covers six requests for admission, so it amounts to six interrogatories under Rule 33.").

To the extent that counting Interrogatory No. 16 as twelve separate interrogatories results in Chen exceeding the limit found in Federal Rule of Civil Procedure 33(a)(1), Chen must seek leave to file additional interrogatories and "explain in detail why it is necessary to propound the additional questions." Civil L.R. 33-3.[1] Though the Court could now speculate as to the grounds for additional interrogatories, it will not do so.

Accordingly, the parties are ordered to meet and confer regarding which of the twelve interrogatories Levoit is to answer. If Chen seeks leave to propound additional

---

[1] Levoit represents that Chen has served twenty-three interrogatories in total. Dkt. 191 at 3 n.1. This total appears to include Interrogatory No. 16 as originally propounded.

2

interrogatories and the parties are unable to resolve this dispute informally, they may submit an updated joint discovery letter.

## II. Interrogatory No. 20

Interrogatory No. 20 seeks the identity of "the person most knowledgeable regarding customer support team communications made on behalf of [Levoit] regarding the CHALLENGED PRODUCTS during the CLASS PERIOD." Dkt. 191-1 at 26. Chen argues that Levoit did not answer Interrogatory No. 20. Dkt. 191 at 2–3. Levoit objects that there is no one person most knowledgeable and thus its answer was sufficient. *Id.* at 4.

This request is denied without prejudice. Levoit answered the interrogatory as drafted. It is not clear that there is anything further for the Court to compel at this time. If, however, facts revealed through depositions or documents show that discovery related to customer support team communications can be achieved by more than one witness, but less than many, then the Court will accept further argument on this discovery topic.

**IT IS SO ORDERED.**

Dated: October 1, 2025

_____
Alex G. Tse
United States Magistrate Judge