**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
lsironski@bursor.com

**SINDERBRAND LAW GROUP, P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiff and the Putative Class*

**SIDLEY AUSTIN LLP**
Sarah Carlson (SBN 344266)
sarah.carlson@sidley.com
12230 El Camino Real Suite 300
San Diego, CA 92130
Telephone: (858) 398-0150
Facsimile: (858) 398-0450

Judith Shophet Sidkoff (SBN 267048)
judith.sidkoff@sidley.com
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9473
Facsimile: (310) 595-9501

Adriane Peralta (SBN 304357)
adriane.peralta@sidley.com
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Vesync Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICK CHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VESYNC CORPORATION,<br><br>Defendant. | Case No. 3:23-CV-04458-TLT<br><br>**UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:       Hon. Trina L. Thompson<br><br>Conference Date:   October 16, 2025<br>Conference Time:  2:00 p.m. |

Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, the Standing Order For All Judges Of The Northern District of California, and the Court's May 13, 2025 Order (ECF No. 122), Plaintiff Rick Chen ("Plaintiff") and Vesync Corporation ("Levoit" or "Defendant") (together with Plaintiff, the "Parties") hereby submit this further Updated Joint Case Management Conference Statement.

## RECENT PROCEDURAL HISTORY

On April 18, 2025, Plaintiff filed his Expert Opening Reports of Steven P. Gaskin, Colin B. Weir, and Dr. R. Vijayakumar in Support of Class Certification (ECF No. 111), and on May 2, 2025, filed his Motion for Class Certification (ECF No. 116). On June 20, 2025, Defendant filed its Expert Reports of Sarah Butler (ECF No. 129), Jordan Milev (ECF No. 130-3), and Jeffrey Siegel (ECF No. 133-3), and on June 27, 2025, filed its Opposition to Plaintiff's Motion for Class Certification (ECF No. 142-3). On July 25, 2025, Plaintiff filed his Reply Memorandum in Support of His Motion for Class Certification (ECF No. 150-3), a Reply Declaration of Colin B. Weir (ECF No. 150-5), a Rebuttal Report of Steven P. Gaskin (ECF No. 150-6), and a Declaration of Dr. R. Vijayakumar in Support of Plaintiff's Reply In Support of Motion for Class Certification (ECF No. 151-4). On August 1, 2025, Defendant filed its Objection to Plaintiff's Reply Evidence in Support of His Motion for Class Certification (ECF No. 158), and on August 12, 2025, filed its Motions to Exclude the Opinions and Testimony of Steven P. Gaskin (ECF No. 161), Colin B. Weir (ECF No. 160), and Dr. R. Vijayakumar (ECF No. 162). On September 16, 2025, this Court heard argument on the aforementioned motions. ECF No. 179.

On September 12, 2025, Plaintiff filed his Motion for Partial Summary Judgment. ECF No. 175. On September 26, 2025, this Court granted Defendant's Motion to Extend Time to Respond to Plaintiff's Motion for Partial Summary Judgment. ECF No. 189.

## CURRENT CASE STATUS

The Parties are currently engaged in fact discovery, which concludes on November 7, 2025, and are in the process of scheduling depositions of fact witnesses. There are no ongoing formal settlement discussions, nor is a mediation expected.

1. **Jurisdiction and Service:**

Plaintiff Rick Chen filed his initial putative class action complaint on August 29, 2023. ECF No. 1. The action was assigned to the Honorable Trina L. Thompson on September 1, 2023. ECF No. 7. Plaintiff filed his Third Amended Complaint ("TAC") on January 9, 2025. ECF No. 100.

*Plaintiff's Statement:*

Plaintiff maintains that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(d)(2) because: (i) at least one member of the Class, which consists of at least 100 members, is a citizen of a different state than Defendant, (ii) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (iii) none of the exceptions under that subsection applies to this action. Plaintiff maintains that this Court has personal jurisdiction over Defendant because it transacts business in this State, and because the tortious conduct alleged in Plaintiff's Complaint occurred in, was directed to, and/or emanated from this State. Defendant has been served (ECF No. 10).

*Defendant's Statement:*

Defendant maintains that Plaintiff lacks Article III standing because he has not alleged a concrete and particularized injury traceable to Defendant's conduct, but acknowledges that the Court has ruled on the issue of standing at the pleading stage. Defendant reserves it right to contest standing at the merits phase of the litigation.

2. **Facts:**

*Plaintiff's Statement:*

Plaintiff brings this action against Defendant Vesync Corporation (d/b/a Levoit), for false, misleading, deceptive, and negligent sales practices regarding its Levoit-brand air purifiers (the "Air Purifiers"), along with their respective replacement filters (collectively, the "Products"). ECF No. 100, TAC ¶ 1. Defendant represented that the Air Purifiers are equipped with High Efficiency Particulate Air (HEPA) filters when in fact they were not. *Id.* ¶ 2. Defendant also represented that the replacement filters it sells for the Air Purifiers are "H13 True HEPA" filters, when in fact they were not. *Id.* That the filters in the Products do not meet HEPA standards was confirmed by testing commissioned by Dyson, Inc. ("Dyson") as part of a challenge brought through the National

Advertising Division of the Better Business Bureau ("NAD"), along with independent testing commissioned by Plaintiff's counsel. *Id.* ¶ 3. Plaintiff alleges that reasonable consumers do not have the opportunity to test the Products and reasonably rely on Defendant's marketing and packaging, which states that the Products have "True HEPA" filters. *Id.* ¶¶ 4, 8.

Plaintiff alleges that Defendant's alleged misconduct: (i) is in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (ii) is in violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq.; (iii) is in violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, et seq.; (iv) constitutes fraud; and brings a claim for (v) unjust enrichment. *Id.* ¶ 10.

*Defendant's Statement:*

Defendant denies Plaintiff's allegations in their entirety, and maintains that it has not engaged in any false, misleading, or deceptive actions giving rise to Plaintiff's claims. Defendant's specific positions in this regard have, in part, been detailed most recently in its Answer and Affirmative Defenses to the Third Amended Complaint (ECF No. 98) and Opposition to Plaintiff's Motion for Class Certification (ECF No. 143).

**3.     Legal Issues:**

*Plaintiff's Statement:*

Plaintiff believes the key legal issues in this matter include, but are not limited to:

i. Whether the Products' filters meet any of the "HEPA" and H13 standards;
ii. Whether the Products can filter 99.97% of airborne particulate matter in accordance with the HEPA standard;
iii. Whether the Products can filter 99.95% of airborne particulate matter in accordance with the H13 standard;
iv. Whether the Products are represented of a particular standard, quality, or grade, when they are of another in violation of California Civil Code section 1770(a)(7);
v. Whether Defendant's express representations about the capabilities of its Products included false and/or misleading statements and/or omissions;
vi. Whether Defendant's implied representations about the capabilities of its Products included false and/or misleading statements;
vii. Whether Defendant's conduct violated the CLRA, FAL, and UCL;

  viii. Whether Defendant's conduct occurred in California;
  ix. The nature of damages suffered by Plaintiff, the Class, and Subclasses;
  x. Whether a class and subclass should be certified under Fed. R. Civ. P. 23; and
  xi. Whether Plaintiff and the Class are entitled to attorneys' fees and costs.

***Defendant's Statement:***

Defendant believes the major legal issues in this case include: (a) whether Defendant's statements on its Product labels or in its advertising to Plaintiff and each putative class member were false or misleading; (b) whether Defendant engaged in any intentional unlawful conduct; (c) whether and the extent to which, if any, Plaintiff and/or any members of the putative classes were damaged as a result of the conduct alleged; (d) whether and the extent to which, if any, Plaintiff and/or any members of the putative class are entitled to monetary damages punitive damages, or any other form of relief; and (e) whether, as a threshold matter, Plaintiff can even meet the Rule 23(a) class requirements of numerosity, commonality, typicality, and adequacy, as well as the predominance requirements contained in Rule 23(b).

**4.** **Motions:**

Plaintiff has filed a Motion for Class Certification (ECF No. 116) and a Motion for Partial Summary Judgment (ECF No. 175).

Defendant has filed an Objection to Plaintiff's Reply Evidence in Support of His Motion for Class Certification (ECF No. 158) and Motions to Exclude the Opinions and Testimony of Steven P. Gaskin (ECF No. 161), Colin B. Weir (ECF No. 160), and Dr. R. Vijayakumar (ECF No. 162), and anticipates filing motions for summary adjudication and/or summary judgment. Defendant also expressly reserves, and does not waive, its right to file a Motion to Compel Arbitration at the appropriate time, including but not limited, as to Plaintiff if discovery reveals that such a motion is warranted or as to certain putative class members, if any such motion becomes ripe.

The Parties have filed several administrative motions to seal filed materials (ECF Nos. 115, 119, 124, 130, 133, 142, 150, 155, 167, 174, 182), which have each been granted by the Court (ECF Nos. 128, 141, 144, 159, 170, 190).

All the aforementioned motions, except for the administrative motions to seal, are currently pending before the Court.

**5.   Amendment of Pleadings:**

As set forth above, Plaintiff filed his TAC on January 9, 2025 (ECF No. 100).

**6.   Evidence Preservation:**

The Court ordered the Parties' stipulated protective order on April 18, 2024 (ECF. No. 56) and proposed ESI protocol on February 28, 2025 (ECF No. 105).

**7.   Disclosures:**

The Parties exchanged their initial disclosures on January 12, 2024.  Plaintiff exchanged an amended initial disclosure on October 17, 2024.

**8.   Discovery:**

As noted above, the Parties are actively engaged in discovery. Over the course of fact discovery, Defendant has received two sets of requests for production (30 requests in total), two sets of interrogatories (23 requests in total), and one set of requests for admission (12 requests in total) from Plaintiff, and provided responses to each.  On July 9, 2025, Plaintiff and Defendant concluded negotiations on Plaintiff's requested search terms related to Plaintiff's requests for production. Since then, Defendant has made twelve document productions to Plaintiff.

The close of fact discovery is currently set for November 7, 2025.

**9.   Modification of the Discovery Rules:**

The Parties do not anticipate any proposed modifications to the discovery rules at this time.

**10.   Form of Electronic Discovery, Confidential Information, and Claims of Privilege:**

As of October 4, 2025, Defendant has produced all documents responsive to Plaintiff's requests.  Moreover, pursuant to the ESI protocol, Defendant will produce its privilege log "within 90 days after the completion of its document production," on or before January 2, 2026.

**11.   Class Actions:**

Plaintiff filed a motion for class certification on May 2, 2025.  ECF No. 116.

Plaintiff seeks to represent a multi-state class defined as follows (the "Multi-State Express Warranty Class"): All persons in California, Delaware, D.C., Kansas, Missouri, New Jersey, Ohio,

Utah, Virginia, and West Virginia who, within the relevant statute of limitations period, purchased one or more Levoit Core 300 True HEPA, Core 300-RAC True HEPA, Core P350 True HEPA, and Core 300S True HEPA home air purifiers or replacement filters bearing the "True HEPA" claim.

Plaintiff also seeks to represent a California subclass defined as follows (the "California Subclass"): All persons in California who, within the relevant statute of limitations period, purchased one or more Levoit Core 300 True HEPA, Core 300-RAC True HEPA, Core P350 True HEPA, and Core 300S True HEPA home air purifiers or replacement filters bearing the "True HEPA" claim.

Defendant filed an opposition to Plaintiff's motion for class certification on June 27, 2025. ECF No. 142-3. It is Levoit's position that the classes cannot be certified under Rule 23 because, among other reasons, individual issues predominate over any common ones. *Id.*

Attorneys of record for all Parties have reviewed the Procedural Guidance for Class Action Settlements. Other than the sections related to pretrial procedure, class notice and settlement, the Parties presently do not believe it will be necessary to utilize the procedures of the Manual for Complex Litigation. *See, e.g.*, *Manual for Complex Litigation*, Fourth, sections 11 (Pretrial Procedures), section 21.3 (Post-certification Communications with Class Members), 21.6 (Settlements), 21.7 (Attorney Fee Awards).

**12.    Related Cases:**

There are no related cases currently before another judge of this Court. There are, however, two related cases, pending before other courts: (1) *Menter v. Vesync Corp.*, No. 3:24-cv-12786-MGM (D. Mass) (filed Nov. 5, 2024 on behalf of a putative Massachusetts class); and (2) *Tepper v. Vesync Corporation*, Civil Action No. 7:24-cv-08430-NSR (S.D.N.Y.) (filed Nov. 5, 2024 on behalf of a putative New York class). Plaintiffs in these related actions are represented by some of the attorneys of record in this action, as well as several other counsel.

**13.    Relief:**

Plaintiff seeks:
    a. An order certifying the Multi-State Express Warranty Class, and California Subclass and naming Plaintiff's attorneys as Class Counsel to represent the members of the Classes;

b. An order declaring that Defendant's conduct violates the statutes reference herein;

c. Compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

d. Prejudgment interest on all amounts awarded;

e. An order of restitution and all other forms of equitable monetary relief;

f. An order requiring Defendant to undertake a corrective advertising campaign;

g. An order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

h. A grant of such other and further relief as many be just and proper.

Levoit maintains that Plaintiff will be unable to prove any damages and/or entitlement to any other relief, whether individually, or on behalf of the putative multi-state class and California sub-class that he seeks to represent.

**14.  Settlement and ADR:**

The Parties held an unsuccessful mediation on July 23, 2024.  As noted above, the Parties are not engaged in any settlement discussions at this time.

**15.  Other References:**

The Parties have nothing to disclose at this time.

**16.  Narrowing of Issues:**

The Parties are not presently aware of any issues that can be narrowed by agreement or by motion.

**17.  Expedited Trial Procedure:**

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**18.  Scheduling:**

Per the Court's May 13, 2025 revised scheduling order the following is a list of the operative deadlines in this matter:

| Event | Event Date |
| --- | --- |
| Further Status Conference | October 16, 2025 |
| Fact Discovery Cut-Off | November 7, 2025 |
| Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment | November 12, 2025 |

| | |
|---|---|
| Expert Opening Reports on the Merits | November 14, 2025 |
| Expert Rebuttal Reports on the Merits | December 12, 2025 |
| Expert Discovery Cut-Off | December 19, 2025 |
| Hearing on Plaintiff's Motion for Partial Summary Judgment | January 6, 2026 |
| Last Day to File Dispositive Motions | January 27, 2026 |
| Last Day to Be Heard On Dispositive Motions | March 24, 2026 |
| Joint Pretrial Statement | April 23, 2026 |
| Final Pretrial Conference | May 14, 2026 |
| Trial | June 15, 2026 |

19. **Trial:**

Plaintiff has requested a trial by jury of all matters that can be so tried. The Parties agree that the expected length of trial will depend on the resolution of Plaintiff's class certification motion, as well as any dispositive motion(s) that may be filed, and is therefore, unknown at this time.

If there is a trial in this matter, Luke Sironski-White and L. Timothy Fisher, of Bursor & Fisher P.A., and Greg Sinderbrand, of Sinderbrand Law Group, PC, will be trial counsel for Plaintiff and the putative class. Sarah Carlson, Judith Sidkoff, and Adriane Peralta of Sidley Austin LLP, will be trial counsel for Levoit.

20. **Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff filed his Certification of Conflicts and Interested Entities or Persons on November 29, 2023 (*see* ECF No. 29). Pursuant to Civil Rule 3-15, the undersigned counsel for Plaintiff certifies that, as of this date, counsel is not aware of any conflict of interest.

Levoit filed its Certification of Conflicts and Interested Entities or Persons on November 20, 2023 (*see* ECF No. 22). Pursuant to Civil Rule 3-15, the undersigned counsel for Levoit certifies that, as of this date, counsel is not aware of any conflict of interest.

21. **Professional Conduct:**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to abide by the Court's Code of Conduct.

22. **Consent to Have a Magistrate Judge Preside:**

At this time, Plaintiff has declined to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636. Levoit remains amenable to proceeding before a Magistrate Judge.

23. **Independent Expert or Master:**

At this time, the Parties agree that an independent expert or master is not necessary.

24. **Insurance:**

At this time, the Parties are not aware of any insurance coverage for the claims in this action.

25. **Other Matters:**

Both Parties agree that the upcoming October 16, 2025 status conference can be removed from the Court's calendar without prejudice to the Parties. The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | Dated: October 9, 2025 | Respectfully submitted, |
| 2 | | **BURSOR & FISHER, P.A.** |
| 3 | | By: */s/ Luke W. Sironski-White* |
| | | L. Timothy Fisher (State Bar No. 191626) |
| 4 | | Luke W. Sironski-White (State Bar No. 348441) |
| 5 | | 1990 North California Blvd., 9th Floor |
| | | Walnut Creek, CA 94596 |
| 6 | | Telephone: (925) 300-4455 |
| | | Facsimile: (925) 407-2700 |
| 7 | | E-mail: ltfisher@bursor.com |
| | | lsironski@bursor.com |
| 8 | | |
| 9 | | **SINDERBRAND LAW GROUP, P.C.** |
| | | Greg Sinderbrand (State Bar No. 179586) |
| 10 | | 2829 Townsgate Road, Suite 100 |
| | | Westlake Village, CA 91361 |
| 11 | | Telephone: (818) 370-3912 |
| | | E-mail: greg@sinderbrandlaw.com |
| 12 | | **GEORGE FELDMAN MCDONALD, PLLC** |
| | | Lori G. Feldman |
| 13 | | Janine L. Pollack |
| 14 | | 745 Fifth Avenue, Suite 500 |
| | | New York, NY 10151 |
| 15 | | Phone: (917) 983-2707 |
| | | Fax: (888) 421-4173 |
| 16 | | Email : lfeldman@4-justice.com |
| | | Email:  jpollack@4-justice.com |
| 17 | | Email : Eservice@4-justice.com |
| 18 | | **GEORGE FELDMAN MCDONALD, PLLC** |
| | | David J. George |
| 19 | | Brittany Sackrin |
| | | 9897 Lake Worth Road, Suite 302 |
| 20 | | Lake Worth, Florida 33467 |
| | | Phone: (561) 232-6002 |
| 21 | | Fax: (888) 421-4173 |
| | | Email: DGeorge@4-justice.com |
| 22 | | Email: BSackrin@4-justice.com |
| | | Email: EService@4-justice.com |
| 23 | | *Attorneys for Plaintiff and the Putative Class* |
| 24 | | |
| 25 | | |
| 26 | Dated: October 9, 2025 | Respectfully submitted, |
| 27 | | By:*/s/ Sarah Carlson* |
| 28 | | Sarah Carlson |

Judith Sidkoff
Adriane Peralta

*Attorneys for Defendant Vesync Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October 2025, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

*/s/ Sarah Carlson*
Sarah Carlson